1  MIRA HASHMALL (State Bar No. 216842)
   mhashmall@millerbarondess.com
2  LAUREN M. BRODY (State Bar No.
   337858) lbrody@millerbarondess.com
3  MILLER BARONDESS, LLP
   2121 Avenue of the Stars, Suite 2600
4  Los Angeles, California 90067
   Telephone: (310) 552-4400
5  Facsimile: (310) 552-8400
6
7  Attorneys for Defendant
   MEATHEAD MOVERS, INC.
8
9
10              **UNITED STATES DISTRICT COURT**
11     **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**
12

| | |
|---|---|
| 13  U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | **CASE NO. 2:23-cv-08177-DSF-AGR** |
| 14 | **DEFENDANT MEATHEAD MOVERS, INC.'S OPPOSITION TO PLAINTIFF U.S. EEOC's MOTION FOR BIFURCATION OF DISCOVERY & TRIAL** |
| 15       Plaintiff, | |
| 16     v. | |
| 17  MEATHEAD MOVERS, INC., and DOES 1-10, inclusive, | Assigned to the Hon. Dale S. Fischer and Magistrate Judge Alicia G. Rosenberg |
| 18       Defendants. | |

19
20
21
22
23
24
25
26
27
28

669087.5

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION .................................................................................... 1

II.   BACKGROUND ................................................................................... 3

   A.   The EEOC's Theory Of Discrimination Ignores Simple Facts ............. 3

   B.   The EEOC Has Already Been Avoiding Discovery For Seven Years ................................................................................................. 4

III.   BIFURCATION SHOULD BE DENIED ............................................. 5

   A.   Bilateral Discovery Is The Norm—And Bifurcation Is Disfavored ........................................................................................ 5

   B.   Bifurcation Would Not Promote Judicial Efficiency ........................... 6

      1.   *Teamsters* Was Not Designed for ADEA Claims, Especially Where the Employer Raises an RFOA Defense ........ 7

      2.   Bifurcation Is Not Warranted Because Whether Meathead Movers Engaged in a Pattern and Practice of Discrimination First Would Not Eliminate a Second Trial ........ 16

      3.   The EEOC's Fallback Arguments Go Nowhere ....................... 20

   C.   Bifurcation Would Prejudice Meathead Movers .................................. 21

      1.   Meathead Movers Has the Right to Conduct Timely Discovery to Defend Itself ......................................................... 21

      2.   The EEOC's Bifurcation Model is Contrary to the Rule That Legal Rights are Resolved Before Equitable Rights and Raises Seventh Amendment Concerns ............................... 22

   D.   It Is Premature To Bifurcate Trial ....................................................... 23

IV.   CONCLUSION .................................................................................... 24

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

### <u>FEDERAL CASES</u>

4  *Aerojet Rocketdyne, Inc. v. Glob. Aerospace, Inc.*,

5      2018 WL 4027024 (E.D. Cal. Aug. 23, 2018) ..........................................17, 23

6  *Arnold v. United Artists Theatre Cir., Inc.*,

7      158 F.R.D. 439 (N.D. Cal. 1994) .................................................................14

8  *Barnes v. The Hershey Co.*,

9      2016 WL 192310 (N.D. Cal. Jan. 15, 2016) ...................................................12

10  *Bos. Sci. Corp. v. Johnson & Johnson*,

11      2006 WL 3455009 (N.D. Cal. Nov. 29, 2006)................................................22

12  *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*,

13      259 F.3d 1186 (9th Cir. 2001) ....................................................................16

14  *Dairy Queen, Inc. v. Wood*,

15      369 U.S. 469 (1962) .................................................................................24

16  *E.E.O.C. v. Lawler Foods, Inc.*,

17      128 F. Supp. 3d 972 (S.D. Tex. 2015) ...........................................................14

18  *E.E.O.C. v. Mavis Disc. Tire, Inc.*,

19      129 F. Supp. 3d 9 (S.D.N.Y. 2015)................................................................14

20  *E.E.O.C. v. Nebco Evans Distrib., Inc.*,

21      1997 WL 416423 (D. Neb. June 9, 1997) .......................................................14

22  *E.E.O.C. v. Pape Lift, Inc.*,

23      115 F.3d 676 (9th Cir. 1997)........................................................................21

24  *Ellingson Timber Co. v. Great N. Ry. Co.*,

25      424 F.2d 497 (9th Cir. 1970)........................................................................13

26  *Equal Emp. Opportunity Comm'n v. Darden Rest's., Inc.*,

27      2016 WL 9488708 (S.D. Fla. May 20, 2016) ..................................................14

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

*Equal Emp. Opportunity Comm'n v. Hillstone Rest. Grp., Inc.*,

    2023 WL 520798 (S.D.N.Y. Aug. 14, 2023) ...................................................14

*Gregorini v. Apple, Inc.*,

    2022 WL 4597419 (C.D. Cal. Aug. 26, 2022). ..........................................7, 22

*Gross v. FBL Fin. Servs., Inc.*,

    557 U.S. 167 (2009) ...............................................................................passim

*Hangarter v. Provident Life & Acc. Ins. Co.*,

    373 F.3d 998 (9th Cir. 2004) ..............................................................7, 17, 22

*Hawn v. Exec. Jet Mgmt., Inc.*,

    615 F.3d 1151 (9th Cir. 2010) .......................................................................11

*Hazen Paper Co. v. Biggins*,

    507 U.S. 604 (1993) .......................................................................12, 21, 24

*Heath v. Google LLC*,

    345 F. Supp. 3d 1152 (N.D. Cal. 2018) ................................................9, 11, 12

*International Brotherhood of Teamsters v. United States*,

    431 U.S. 324 (1977) ...............................................................................passim

*Jones v. Nat'l R.R. Passenger Corp.*,

    2018 WL 6606247 (N.D. Cal. Dec. 17, 2018) ...............................................19

*Kamrava v. Cenlar Cap. Corp.*,

    2021 WL 10373035 (C.D. Cal. Oct. 7, 2021) ..........................................23, 24

*Lorillard v. Pons*,

    434 U.S. 575 (1978) .......................................................................................24

*Mailhoit v. Home Depot U.S.A., Inc.*,

    2013 WL 12122580 (C.D. Cal. Jan. 24, 2013) ...............................................7

*Makaneole v. Solarworld Indus. Am., Inc.*,

    2020 WL 13094748 (D. Or. Mar. 18, 2020) .................................................23

*McDonnell Douglas Corp. v. Green*,

    411 U.S. 792 (1973) .................................................................................10, 11

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

DEFENDANT MEATHEAD MOVERS, INC.'S OPPOSITION TO PLAINTIFF U.S. EEOC's MOTION FOR
BIFURCATION OF DISCOVERY & TRIAL

*McLaughlin v. Owens Plastering Co.*,

    841 F.2d 299 (9th Cir. 1988).............................................................24

*Meacham v. Knolls Atomic Power Lab'y*,

    554 U.S. 84 (2008) ...........................................................4, 10, 20

*Medtronic Minimed Inc. v. Animas Corp.*,

    2013 WL 3233341 (C.D. Cal. June 25, 2013) ...................7, 14, 25

*Miller v. Fairchild Indus., Inc.*,

    885 F.2d 498 (9th Cir. 1989)...........................................................17

*Mooney v. Aramco Servs. Co.*,

    54 F.3d 1207 (5th Cir. 1995).............................................................9

*O'Connor v. Uber Techs., Inc.*,

    2018 WL 11451385 (N.D. Cal. Mar. 7, 2018).................................25

*Raymond v. Spirit AeroSystems Holdings, Inc.*,

    2020 WL 7263878 (D. Kan. Dec. 10, 2020)...................................13

*Robinson v. Delgado*,

    2010 WL 1838866(N.D. Cal. May 3, 2010) ...................................14

*Robinson v. Metro-North Commuter R.R. Co.*,

    267 F.3d 147 (2nd Cir. 2001).........................................................18

*Rodolico v. Unisys Corp.*,

    199 F.R.D. 468 (E.D.N.Y. 2001) ...................................................13

*Satchell v. FedEx Exp.*,

    2006 WL 3507913 (N.D. Cal. Dec. 5, 2006) .................................18

*Serrano v. Cintas Corp.*,

    699 F.3d 884 (6th Cir. 2012)..........................................................12

*Shelley v. Geren*,

    666 F.3d 599 (9th Cir. 2012)..........................................................11

*Shoen v. Shoen*,

    5 F.3d 1289 (9th Cir. 1993)..............................................................7

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

669087.5

iv

DEFENDANT MEATHEAD MOVERS, INC.'S OPPOSITION TO PLAINTIFF U.S. EEOC's MOTION FOR BIFURCATION OF DISCOVERY & TRIAL

*Smith v. City of Jackson, Miss.*,

    544 U.S. 228 (2005) ..................................................................... 3, 9, 20, 24

*Smith v. Pac. Bell Tel. Co.*,

    662 F. Supp. 2d 1199 (E.D. Cal. 2009) ..................................................... 15

*Spectra-Physics Lasers, Inc. v. Uniphase Corp.*,

    144 F.R.D. 99 (N.D. Cal. 1992) ............................................................... 22

*Swierkiewicz v. Sorema N.A.*,

    534 U.S. 506 (2002) .................................................................................... 7

*Teamsters*, ............................................................................................................ 19

*Teutscher v. Woodson*,

    835 F.3d 936 (9th Cir. 2016) .................................................................... 24

*Thiessen v. Gen. Elec. Cap. Corp.*,

    267 F.3d 1095 (10th Cir. 2001) ................................................................ 13

*Thompson v. Weyerhaeuser Co.*,

    582 F.3d 1125 (10th Cir. 2009) ................................................................ 11

*United States v. McGraw-Hill Co's., Inc.*,

    2014 WL 1647385 (C.D. Cal. Apr. 15, 2014) .......................................... 25

*United States v. Prantil*,

    764 F.2d 548 (9th Cir. 1985) .................................................................... 16

*Welcker v. Smithkline Beckman*,

    746 F. Supp. 576 (E.D. Pa. 1990) ............................................................ 13

*Wynn v. Nat'l Broad. Co.*,

    234 F. Supp. 2d 1067 (C.D. Cal. 2002) .............................................. 12, 19

*Zahedi v. Miramax, LLC*,

    2021 WL 3260603 (C.D. Cal. Mar. 24, 2021) ...................................... 7, 17

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

## **FEDERAL STATUTES**

29 U.S.C. § 623 ................................................................................................ 3

29 U.S.C. § 623(f)(1) ....................................................................................... 4

29 U.S.C. § 626 .............................................................................................. 24

29 U.S.C. § 626(b) .......................................................................................... 21

42 U.S.C.A. § 2000e-6(a) ................................................................................. 3

## **FEDERAL RULES**

Fed. R. Civ. P. 37 ............................................................................................. 7

Fed. R. Civ. P. 56(c)(4) ................................................................................... 16

Fed. R. Civ. P. 801 ......................................................................................... 15

Fed. R. Civ. P. 802 ......................................................................................... 15

## **STATE RULES**

Cal. R. Prof. Conduct 3.7 ................................................................................ 16

L.R. 7-7 .......................................................................................................... 14

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

669087.5

vi

DEFENDANT MEATHEAD MOVERS, INC.'S OPPOSITION TO PLAINTIFF U.S. EEOC's MOTION FOR BIFURCATION OF DISCOVERY & TRIAL

# I.    __INTRODUCTION__

Bifurcation should be denied.  The Equal Employment Opportunity Commission ("EEOC")'s case schedule would have the parties engage in two phases of piecemeal discovery and dispositive motions, each followed by separate full trials before successive juries, years apart.  Not only is this facially inefficient, it would prejudice Defendant Meathead Movers. Inc. ("Meathead Movers").

The EEOC filed this case under the Age Discrimination in Employment Act ("ADEA") against Meathead Movers, a California-based moving company started by two high school athletes—meatheads—to earn money around their sports schedules.  There are several key differences between this case and the ones relied on by the EEOC:

The EEOC is not asking the Court to bifurcate trial into a liability phase and a damages phase.  Instead, the EEOC proposes that the Court have a full trial on only some issues and defenses—a sliver of what the EEOC has alleged—pushing off a substantially similar trial for several years where a different jury would be asked to re-evaluate the same evidence from overlapping witnesses.  The EEOC is pursuing multiple theories of discrimination, not just a "pattern or practice" theory, and is challenging facially age-blind employment practices.  Even though it has been investigating Meathead Movers since 2017, the EEOC filed this case without knowing of any actual, identified victim of alleged age discrimination.  Meathead Movers has also asserted as an affirmative defense that all challenged hiring decisions or practices were based on "reasonable factors other than age."

These differences confirm that the EEOC's Motion to Bifurcate Discovery and Trial ("Motion") rests on false premises.  The Motion treats bifurcation as a foregone conclusion, claiming that the EEOC's requested schedule of discovery, trial, discovery, trial is "routine[]" in ADEA cases.  (Mot. at 9.)  To the contrary, the Motion cites no ADEA cases from this Circuit where the Court bifurcated discovery and trial—let alone *two stages of both*.  The entire Motion fails to cite a single Ninth

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1   Circuit case decided within the last twenty years.

2          Instead of identifying relevant caselaw, the Motion misstates what is required

3   to prove an ADEA violation.  The "two-stage framework" that is the basis for the

4   Motion derives from *International Brotherhood of Teamsters v. United States*, 431

5   U.S. 324 (1977), a Title VII case.  (Mot. at 1.)  Unlike the ADEA, Title VII permits

6   the Government to seek equitable relief to remedy a "pattern or practice" that

7   impacts employees' "full enjoyment of any of the rights secured by this subchapter."

8   42 U.S.C.A. § 2000e-6(a).  There is no "pattern or practice" claim in the text of the

9   ADEA.  *See* 29 U.S.C. § 623.  This is one of the many ways in which the ADEA is

10  "significantly narrow[er]" than Title VII, in recognition of the fact that age, "unlike

11  race or other classifications protected by Title VII, often has relevance to an

12  individual's capacity to work for non-discriminatory reasons.  *Smith v. City of*

13  *Jackson, Miss*., 544 U.S. 228, 233, 240 (2005).  The ADEA also imposes an onerous

14  burden on plaintiffs to prove age was the but-for cause of the discrimination, not just

15  a "motivating factor."  *Gross v. FBL Fin. Servs., Inc*., 557 U.S. 167, 174 (2009).

16         Moreover, the Motion fails to demonstrate that there is any efficiency to

17  bifurcating this case into two phases of discovery and two trials, years apart, before

18  different juries over the same evidence—let alone sufficient efficiency to overcome

19  the prejudice to Meathead Movers from bifurcation.  The EEOC insists that

20  bifurcation is necessary because this case "implicates thousands of applicants,

21  hundreds of hiring incidents, and likely hundreds of alleged victims of

22  discrimination."  (Mot. at 2.)  This claim is grounded in unsubstantiated

23  "estimate[s]" and "[e]xtrapolat[ion]," not fact.  (*Id*. at 10.)

24         The EEOC made this representation and yet, the same day, failed to name one

25  victim in its Rule 26(f) report or Initial Disclosures, even after representing to

26  Meathead Movers and the Court that it would provide this information.  The EEOC

27  admits that Meathead Movers has already produced years of company documents,

28  which only revealed the opposite of age discrimination: that Meathead Movers does

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  not solicit age on its employment applications at all. (*Id.*)

2  The Motion should be denied.

## II.  BACKGROUND

### A.  The EEOC's Theory Of Discrimination Ignores Simple Facts

The EEOC accuses Meathead Movers of engaging in age discrimination. The Complaint alleges at least four theories of discrimination: (1) individual claims of disparate treatment; (2) disparate treatment based on Meathead Movers' alleged "pattern or practice" of discrimination; (3) disparate impact, based on facially age-blind practices such as "promoting from within" and "offering incentives . . ." for "word-of-mouth" recruits, and (4) a "deterred-applicant" theory, that Meathead Movers' (customer-facing) advertising discouraged applicants in the protected age group.[1] (Compl. ¶¶ 18-33.)

Meathead Movers' principal affirmative defense is that any challenged hiring decision, policy, or practice was based on a reasonable factor other than age. *See* 29 U.S.C. § 623(f)(1); *Meacham v. Knolls Atomic Power Lab'y*, 554 U.S. 84, 87 (2008) (the ADEA "creates an exemption for employer actions . . . based on reasonable factors other than age"). Meathead Movers' other defenses are similarly fact-intensive, include that no discrimination occurred, that its conduct was not willful, and that there are no damages (or damages were not mitigated).[2]

The EEOC admits in the Motion that Meathead Movers' job applications do not request age information, and the "age of applicants was not readily apparent"

---

[1] The Complaint includes additional allegations, such as that Meathead Movers "failed to recruit qualified applicants in the protected age group . . . because of their age," and Meathead Movers is still evaluating the viability of such a theory as a matter of law, which presents First Amendment concerns. (*E.g.*, *id.* ¶ 19(a).)

[2] To preserve its rights, Meathead Movers also alleged a defense related to the EEOC's satisfaction of its statutory pre-filing conciliation requirements, including whether the EEOC's investigation and conciliation encompassed the claim(s) in the Complaint.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

from the vast majority of applications it already has.  (Mot. at 10.)  The Motion also admits that the EEOC arrived at its "putative class of over 1,000" by guessing applicant ages and comparing the number of hires who it thinks are over 40 against an unidentified "labor pool" that includes "customer service" roles.  (*Id.* at 4.)  But Meathead Movers is not a customer-service company.  (*Id.*)  It is not a "storage company," as the EEOC claims.  (*Id.* at 2; Am. Answer at 4.)  It is a moving company.

For this reason, there are obvious, non-discriminatory reasons why Meathead Movers' applicants tend to be under the age of 40.  Not only do movers have to lift, push, and pull objects in excess of 150 pounds without damaging them, movers must jog when they are not carrying items.  (Am. Answer at 2, 10.)  Moreover, the work is entry-level and the labor force is mostly part-time/seasonal.  (*Id.* at 2.)  The pool of qualified applicants is further limited by the fact that movers must pass a background check because they enter homes and handle customers' valuable, personal property.  (Declaration of Angela Dekhtyar ("Dekhtyar Decl.") ¶ 9.)

Meathead Movers prefers to fill its limited manager or administrative positions by internally promoting movers, which Meathead Movers has found improves employee engagement, reduces turnover, and is time- and cost-effective, among other things.  (Am. Answer at 10–11.)  As a small business, Meathead Movers has traditionally outsourced more senior functions like human resources, accounting, payroll, and marketing.  (Dekhtyar Decl. ¶ 8.)

**B.     The EEOC Has Already Been Avoiding Discovery For Seven Years**

The Motion must be read in the context of the EEOC's prolonged refusal to provide any evidence to Meathead Movers about the claimed discrimination.

The EEOC's Complaint arises out of a 2017, agency-initiated charge against Meathead Movers, not a claim by any actual applicant, prospective applicant, or deterred applicant.  Since then, Meathead Movers has been trying to get information about any alleged victims or the circumstances of their purported age discrimination,

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

DEFENDANT MEATHEAD MOVERS, INC.'S OPPOSITION TO PLAINTIFF U.S. EEOC's MOTION FOR
BIFURCATION OF DISCOVERY & TRIAL

to no avail.  The EEOC refused to provide this during its investigation, claiming privilege.  (Am. Answer ¶ 13; Dekhtyar Decl ¶¶ 11-12.)  The EEOC's Complaint does not identify any actual applicant, prospective applicant, or deterred applicant either.

Now that discovery is underway, the EEOC continues to obfuscate if there even are any victims.  The Motion represents that "the EEOC intends to identify in its Rule 26(a) disclosures the identities of all persons presently known, including class members, whose testimony the EEOC expects to rely on to prove that Meathead engaged in a pattern or practice of age discrimination." (Mot. at 5.)  The EEOC made an even stronger representation in its portion of the 26(f) Report, conceding that a "refus[al] to identify percipient witnesses to alleged discrimination in its initial disclosures . . . would clearly violate Rule 26(a)." (Dkt. 27 ("Joint Rule 26(f) Report") at 9.)

The EEOC served its initial disclosures the same day it filed the Motion and the Parties' Joint 26(f) Report.  (Declaration of Lauren M. Brody ("Brody Decl.") Ex. 2.)  The EEOC's disclosures did not identify any actual applicant, prospective applicant, or deterred applicant.  (*Id.*)  Nor did they identify any Meathead Movers employee involved in the alleged discrimination.[3]  (*Id.*)

## III.  **BIFURCATION SHOULD BE DENIED**

### A.  **Bilateral Discovery Is The Norm—And Bifurcation Is Disfavored**

The Federal Rules provide for a liberal, transparent discovery process "to

---

[3] In response to a L.R. 37-1 meet-and-confer letter by Meathead Movers regarding this deficiency in the EEOC's Initial Disclosures, among other issues, the EEOC produced "Amended Initial Disclosures" in which it supposedly identifies dozens of "potential claimants."  (Brody Decl. ¶¶ 13-15, Exs. 4-5.)  However, the EEOC admitted that it has not contacted these individuals yet nor evaluated whether they, in fact, experienced alleged age discrimination, were qualified, are interested in participating in this case, or otherwise have any relevant knowledge.  (Brody Decl. ¶¶ 11-16, Exs. 3, 5.)  They do not comply with Rule 26(a) nor support bifurcation.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  define disputed facts and issues and to dispose of unmeritorious claims."

2  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  This process was

3  "designed to increase the likelihood that justice will be served in each case, not to

4  promote principles of gamesmanship and deception in which the person who hides

5  the ball most effectively wins the case."  *Mailhoit v. Home Depot U.S.A., Inc.*, 2013

6  WL 12122580, at *6 (C.D. Cal. Jan. 24, 2013) (internal citation omitted); *see also*

7  *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (discovery serves "the integrity

8  and fairness of the judicial process by promoting the search for the truth").  A party

9  cannot file a lawsuit and then refuse to participate in discovery without incurring

10  sanctions, including dismissal.  Fed. R. Civ. P. 37.

11  Although Federal Rule 42(b) permits a court to bifurcate proceedings "[f]or

12  convenience, or to avoid prejudice, or to expedite and economize," bifurcation "is

13  the exception rather than the rule of normal trial procedure."  *Medtronic Minimed*

14  *Inc. v. Animas Corp.,* 2013 WL 3233341, at *1 (C.D. Cal. June 25, 2013) (internal

15  citations omitted); *see also Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d

16  998, 1021 (9th Cir. 2004) (court did not abuse its discretion by denying bifurcation

17  because one, unified trial on all issues is "normal trial procedure").  The party

18  seeking bifurcation bears the high burden of proving that it will promote efficiency.

19  *Id.*; *Zahedi v. Miramax, LLC,* 2021 WL 3260603, at *1 (C.D. Cal. Mar. 24, 2021).

20  Moreover, the Court "must weigh [any] potential benefit [of efficiency] against the

21  risk that bifurcation will prejudice the non-moving party," such as by increasing

22  costs, delaying resolution, or multiplying proceedings.  *Gregorini v. Apple, Inc.,*

23  2022 WL 4597419, at *2 (C.D. Cal. Aug. 26, 2022).

24  **B.    Bifurcation Would Not Promote Judicial Efficiency**

25  The EEOC's principal argument is that because it "intends to prove its case

26  using the two-stage framework articulated in [*Teamsters*]," the Court should grant

27  bifurcation.  (Mot. at 1, 9.)  There are at least two reasons why this argument does

28  not satisfy the EEOC's burden of proving bifurcation would be efficient *in this case*:

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

First, the viability of the EEOC's pattern-or-practice claim under the ADEA is an open question. It is not settled that the ADEA authorizes pattern-or-practice claims at all. Regardless of the Court's ultimate determination on that issue, the Motion should be denied because the EEOC's factual support is entirely speculative at this stage. It does not make sense to structure an entire case around a claim that may not survive summary judgment.

Second, even if *Teamsters* applies to the ADEA, the EEOC has failed to show that slicing up the case would promote efficiency and not result in duplicative discovery, motions, and trial practice. The EEOC is wrong that *Teamsters* compels its bifurcated schedule of discovery, trial, discovery, trial. The EEOC fails to cite a single case from within the Ninth Circuit where a court bifurcated proceedings in a pattern-or-practice case under the ADEA at all.

Moreover, the EEOC minimizes the extent to which bifurcation would involve overlapping issues. A finding in "Stage I" of *Teamsters* is not equivalent to a liability finding. The EEOC also ignores that this is not just a pattern-or-practice case; the EEOC has other theories of discrimination. The fact that the EEOC has one jury deciding whether Meathead Movers engaged in *willful* discrimination before a different jury determines whether Meathead Movers engaged in any discrimination confirms how intertwined the phases would be in reality.

These reasons also belie the EEOC's remaining arguments that bifurcation would encourage settlement or limit juror confusion.

### 1. *Teamsters* Was Not Designed for ADEA Claims, Especially Where the Employer Raises an RFOA Defense

The Motion puts misplaced weight on *Teamsters*. That case involved discriminatory hiring and promotion under Title VII, not the ADEA. The Ninth Circuit has never applied *Teamsters* to the ADEA, nor is there a consensus of district court authority in this Circuit for doing so, let alone bifurcating on this basis. The EEOC has identified one case, which was not bifurcated. (Mot. at 10 (citing

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

1  *Heath v. Google LLC*, 345 F. Supp. 3d 1152 (N.D. Cal. 2018); Brody Decl. ¶ 17,

2  Ex. 6.)  Moreover, it would be premature to bifurcate these proceedings merely

3  because the EEOC has pleaded a *Teamsters* claim.

(a)  <u>**The Court Should Not Bifurcate Proceedings for an**</u><br><u>**Untested Theory of Liability**</u>

6  The EEOC's Motion rests on its assertion that bifurcation is "routine[]" in

7  cases with a *Teamsters*' pattern-or-practice claim of discrimination.  (Mot. at 9.)

8  However, there is good reason to second guess the out-of-Circuit courts that have

9  extended *Teamsters* to the ADEA or bifurcated on that basis.

10  As the Motion notes, the EEOC is pursuing in part a pattern-or-practice

11  theory of intentional age discrimination.  (Mot. at 9.)  "A 'pattern or practice' claim

12  is not a separate cause of action, but merely" a "method" of showing "disparate

13  treatment" on the basis of a protected characteristic in class or collective actions.

14  *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1219 (5th Cir. 1995).  *Teamsters* set

15  forth a burden-shifting framework for pattern-or-practice cases under Title VII,

16  whereby the plaintiff attempts to trigger a presumption of discrimination by showing

17  that "unlawful discrimination has been a regular procedure or policy" of the

18  defendant.  *Teamsters* at 360.

19  Title VII expressly authorizes pattern-or-practice claims; the ADEA does not.

20  The Supreme Court has repeatedly rejected attempts to apply Title VII doctrines to

21  the stricter ADEA where the statutes differ textually.  *See, e.g.*, *Gross*, 557 U.S. at

22  167 (refusing to import mixed-motives discrimination claims under Title VII to the

23  ADEA absent explicit statutory language); *Smith*, 544 U.S. at 240 (explaining that

24  "textual differences between the ADEA and Title VII make it clear that . . . the

25  scope of disparate-impact liability under ADEA is narrower than under Title VII.").

26  Even if pattern-or-practice is a viable theory under the ADEA, other

27  distinctions between the two statutes cast doubt on the *Teamsters*' model of proof,

28  which is the basis for the Motion.  The *Teamsters* framework was established before

MILLER BARONDESS, LLP<br>ATTORNEYS AT LAW<br>2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067<br>TEL: (310) 552-4400   FAX: (310) 552-8400

8

1  there was any right to a jury trial in Title VII cases.  Unlike the pre-amendment

2  enforcement provisions of Title VII, the ADEA provides a jury trial right, which is

3  implicated by bifurcated proceedings years apart.  (*See infra*, p. 24.)  In addition,

4  unlike Title VII, the ADEA (1) requires proof that age was the "but for" cause of the

5  alleged discrimination, *Gross*, 557 U.S. at 167, and (2) provides a statutory

6  exception to liability where the employer can show the challenged employment

7  decision or practice was based on "reasonable factors other than age."  *Meacham*,

8  554 U.S. at 91 (citing 29 U.S.C. § 623(f)(1)).

9      The EEOC concedes that applying *Teamsters'* burden-shifting framework

10 would require Meathead Movers during "Stage II" to "bear the burden of proving

11 the individual was denied employment for a nondiscriminatory reason or otherwise

12 not discriminated against."  (Mot. at 1 (citing *Teamsters*, 431 U.S. at 362).)  It is

13 thus facially inconsistent with the Supreme Court's construction of the ADEA as

14 requiring the plaintiff to prove but-for causation at trial.  *See Gross*, 557 U.S. at 167.

15     The Ninth Circuit has never grappled with whether *Teamsters* applies to

16 ADEA claims, including after *Gross*.  However, the Court has affirmed that *Gross*

17 impacts burden-shifting tests, such as the *McDonnell Douglas* framework for

18 proving individual discrimination in employment cases.[4]  In *Shelley v. Geren*, the

19

20 ───────────────────

[4] As the Motion notes, the *McDonnell Douglas* test permits a plaintiff to establish a

21 prima facie case of discrimination by presenting evidence that "(1) the plaintiff is

22 a member of a protected class; (2) the plaintiff was qualified for the job; (3) plaintiff

   suffered an adverse employment action; and (4) plaintiff was replaced by a person

23 outside the protected class or treated differently from similarly situated non-

24 protected employees."  (Mot. at 8 n.3 (citing *McDonnell Douglas Corp. v. Green*,

   411 U.S. 792 (1973).)  If the plaintiff does, the burden shifts to the employer to

25 articulate "some legitimate, nondiscriminatory reason for the challenged action," at

26 which point the burden shifts back to the plaintiff to show "the defendant's

27 proffered reasons for their terminations are mere pretext for unlawful

   discrimination."  *Hawn v. Exec. Jet Mgmt., Inc*., 615 F.3d 1151, 1155 (9th Cir.

28 2010).

MILLER BARONDESS, LLP

ATTORNEYS AT LAW

2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

Ninth Circuit concluded that *Gross* limits the use of the similar *McDonnell Douglas* burden-shifting test to summary judgment.  666 F.3d 599, 607 (9th Cir. 2012).  The Court affirmed that "[a]t trial, [the plaintiff] must carry the burden to prove that age was the 'but-for' cause of his non-selection."  *Id.* at 608.

The EEOC relegates *Gross* to a footnote and does not mention *Shelley*.  (*See* Mot. at 10 n.4.)  However, the EEOC's cases do not support its claim that "[c]ourts agree that *Gross* did not alter the applicability of the *Teamsters* paradigm to ADEA pattern-and-practice claims."  (*Id.*)  Two of the cited cases are within the Tenth Circuit which, unlike the Ninth Circuit, had held pre-*Gross* that the ADEA authorizes pattern-and-practice claims.  (*Id.* (citing *Thompson v. Weyerhaeuser Co.*, 582 F.3d 1125 (10th Cir. 2009) and *E.E.O.C. v. PMT Corp.*, 124 F. Supp. 3d 904, 912 (D. Minn. 2015).)  *Thompson* merely held that *Gross* did not overrule that existing circuit precedent in the context of summary judgment; it said nothing about using *Teamsters* at trial.  *Thompson*, 582 F.3d at 1131.  And *PMT Corp.* denied the EEOC's motion to bifurcate trial and noted that "courts have required the EEOC to identify victims of alleged discrimination in response to target discovery requests," exactly what the EEOC is resisting in the Motion.  *PMT Corp.*, 124 F. Supp. 3d at 911, 916.  As noted, *Heath v. Google LLC* did not involve bifurcation and similarly affirmed that "*Teamsters* is not a free pass."  *Heath*, 345 F. Supp. 3d at 1168.

Even assuming the *Teamsters* framework applies to the ADEA, the existence of Meathead Movers' RFOA defense further limits *Teamsters*' utility and, for this reason, undermines any efficiency from bifurcation.  A traditional *Teamsters* claim alleges the employer was "motivated by [a] protected trait on an ad hoc, informal basis," a claim that "cannot succeed" under the ADEA "unless the employee's protected trait actually played a role in that process and had a determinative influence on the outcome."  *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 609 (1993) (citing *Teamsters*, 431 U.S. at 334–43).  The Supreme Court has held unequivocally that "there is no disparate treatment under the ADEA when the factor motivating the

Miller Barondess, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

DEFENDANT MEATHEAD MOVERS, INC.'S OPPOSITION TO PLAINTIFF U.S. EEOC's MOTION FOR BIFURCATION OF DISCOVERY & TRIAL

1  employer is some feature other than the employee's age." *Id*.

2      It would not be efficient to structure the entire case and empanel two

3  independent juries around a theory that may not have legs.  The choice to pursue a

4  "pattern or practice" theory of discrimination carries with it a more "arduous"

5  burden that "involves a greater chance of [plaintiffs] losing at [Stage One]." *Serrano*

6  *v. Cintas Corp*., 699 F.3d 884, 896 (6th Cir. 2012).  The EEOC concedes that

7  "pattern or practice" claims are extremely difficult to prove.  (Mot. at  9, 19

8  (characterizing *Teamsters* as imposing a "heightened" and "higher" burden of

9  proof)); *see Barnes v. The Hershey Co*., 2016 WL 192310, at *11 (N.D. Cal. Jan. 15,

10  2016) ("Ninth Circuit authority, supported by authority from two other circuits,

11  establishes that . . . ten anecdotes are insufficient to support a pattern and practice

12  claim").

13      The EEOC's case, *Heath*, settled before a merits ruling—but not before the

14  Court dismissed the claims of absent class members who failed to participate in

15  discovery.  (Brody Decl. Ex. 7.)  Meathead Movers has located only two other

16  "pattern or practice" ADEA cases within this Circuit, and neither survived summary

17  judgment.  *Barnes*, 2016 WL 192310, at *13 (granting summary judgment on

18  pattern-and-practice claim); *Wynn v. Nat'l Broad. Co*., 234 F. Supp. 2d 1067, 1104

19  (C.D. Cal. 2002) (dismissing ADEA pattern-or-practice claim on behalf of deterred

20  applicants).  Neither were bifurcated under *Teamsters* either.  (Brody Decl. ¶ 19.)

21          **(b)    *Teamsters* Does Not Compel Bifurcation**

22      The EEOC overstates the extent to which courts bifurcate proceedings

23  whenever a plaintiff has brought a pattern and practice claim.[5]  As noted, courts just

24  as frequently do not bifurcate.  *See also, e.g.*, *Raymond v. Spirit AeroSystems*

25

26  ─────────────────────

27  [5] The Motion cites the Manual for Complex Litigation, but the EEOC disclaimed in
   the Parties' Joint Rule 26(f) Report that any provisions from the Manual should be
28  applied in this case.  (Joint Rule 26(f) Report at 32.)

M ILLER   B ARONDESS , LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

*Holdings, Inc*., 2020 WL 7263878, at *1 (D. Kan. Dec. 10, 2020) (refusing to alter case schedule that requires "completion of all discovery prior to trial of the claims" and denying trial bifurcation as premature); *Welcker v. Smithkline Beckman*, 746 F. Supp. 576, 583 (E.D. Pa. 1990) (denying bifurcation motion).  As bifurcation is committed to the discretion of trial courts, it stands to reason that many (if not most) rulings occur in unpublished minute orders or Rule 16 case schedules that are not reported to Westlaw.

In any event, the Court should not be persuaded by the EEOC's string cite of cases, which do not show that the EEOC's proposed schedule is the usual course in employment discrimination cases.  *Teamsters* is silent on bifurcation of pre-trial discovery, and discusses trial only in dicta.  *See Teamsters*, 431 U.S. at 361 ("When the Government seeks individual relief for the victims of the discriminatory practice, a district court must usually conduct additional proceedings after the liability phase of the trial to determine the scope of individual relief.").  Even if *Teamsters* can be construed as endorsing a phased trial, the EEOC's cited cases do not support those phases taking place years apart before separate juries.  Its only Ninth Circuit case is factually inapposite.  *E.g.*, *Ellingson Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970) (antitrust case) (cited Mot. at 11).  Many of the EEOC's cases do not analyze bifurcation at all.  *E.g.*, *Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1108 (10th Cir. 2001); *see also Rodolico v. Unisys Corp.*, 199 F.R.D. 468, 483 (E.D.N.Y. 2001) (noting that the court bifurcated without analysis) (both cited Mot. 10).

Others rejected the EEOC's bifurcated trial proposal.  *See E.E.O.C. v. Mavis Disc. Tire, Inc*., 129 F. Supp. 3d 90, 121 (S.D.N.Y. 2015) ("[T]he parties have not cited cases or pointed to specific, practical reasons that explain why this particular action must be tried to two separate juries.") (cited Mot. at 9); *E.E.O.C. v. Lawler Foods, Inc*., 128 F. Supp. 3d 972, 974 (S.D. Tex. 2015) (denying trial bifurcation) (cited Mot. at 11).

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

12

In other cases, the Court bifurcated only after there was evidence of a significant number of claimants, which has not been established here. *See Equal Emp. Opportunity Comm'n v. Darden Rest's., Inc.*, 2016 WL 9488708, at *3 (S.D. Fla. May 20, 2016) ("This Court previously denied the EEOC's request to bifurcate discovery in this case, noting that its claims of wide-spread discrimination were merely speculative at that point. However, the EEOC has since discovered 151 actual claimants who allegedly suffered discrimination."); *accord E.E.O.C. v. Nebco Evans Distrib., Inc.*, 1997 WL 416423, at *1 (D. Neb. June 9, 1997) (both cited Mot. at 10). In others, the parties agreed to bifurcation. *See Equal Emp. Opportunity Comm'n v. Hillstone Rest. Grp., Inc.*, 2023 WL 5207988, at *3 (S.D.N.Y. Aug. 14, 2023) (cited Mot. at 10); *Arnold v. United Artists Theatre Cir., Inc.*, 158 F.R.D. 439, 459 (N.D. Cal. 1994) (cited Mot. at 9).

There is thus no robust support for the EEOC's case schedule, especially within the Ninth Circuit, where there is a strong anti-bifurcation presumption. *Medtronic,* 2013 WL 3233341, at *1; *see Robinson v. Delgado*, 2010 WL 1838866, at *4 (N.D. Cal. May 3, 2010) ("The presumption is that all claims will be resolved in a single trial, barring exceptional situations where there are special and persuasive reasons for bifurcating.").

**(c)**    **There is No Basis to Believe Bifurcation Would Be More Efficient Than Unified Discovery and Trial**

The EEOC's chief contention why bifurcation would make this case "more convenient and manageable" and less "costly" is the supposed class size. (*See* Mot. at 11–12 ("individual fact witnesses . . . whose testimony is relevant to the determination of pattern-or-practice liability . . . is a far smaller and more manageable number of Stage I witnesses than the hundreds of potential members of the PAG"); *id.* at 13–14 ("Testimony regarding every class member and every individual hiring decision would largely be repetitive and focused on their interest in employment at Meathead, their qualifications, and damages, including mitigation")).

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  However, the EEOC's claimed class size of hundreds or thousands is based on

2  speculation, which does not support the extreme departure from pre-trial and trial

3  procedure advanced by the Motion.

4  **(i)**    **The Ringer Declaration Cannot Be Considered**

5  As an initial matter, the EEOC supports its argument with only a declaration

6  from Andrea Ringer, counsel of record for the EEOC. (Dkt. 25 ("Ringer Decl.").)

7  In her declaration, Ms. Ringer purports to offer her testimony as evidence regarding

8  (1) Meathead Movers' hiring, (2) the supposed qualifications of unidentified

9  applicants, and (3) ultimate issues of fact, such as that Meathead Movers "hired

10  young applicants without experience instead of qualified applicants age 40 and

11  older," "applied different hiring requirements to applicants age 40 and over," and

12  "failed to hire applicants age 40 and older because of 'culture fit' and other

13  subjective reasons." (Ringer Decl. ¶¶ 7–17.) The declaration does not attach any

14  substantiating documents. The declaration also includes hearsay from supposed

15  applicants, who were allegedly "interviewed by the EEOC" but still remain

16  unnamed in this case or the EEOC's Initial Disclosures. (*Id.* ¶ 17); *Smith v. Pac.*

17  *Bell Tel. Co.*, 662 F. Supp. 2d 1199, 1218 (E.D. Cal. 2009) ("Hearsay is a statement,

18  other than one made by the declarant, offered in evidence to prove the truth of the

19  matter asserted. . . . Hearsay is not admissible." (internal citations omitted)); Fed. R.

20  Civ. P. 801, 802.

21  Ms. Ringer's declaration does not conform with Federal Rule of Civil

22  Procedure ;, which requires declarations to "be made on personal knowledge, set out

23  facts that would be admissible in evidence, and show that the affiant or declarant is

24  competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4); ; *see also* L.R.

25  7-7 ("Declarations shall contain only factual, evidentiary matter and shall conform

26  as far as possible to the requirements of F.R.Civ.P. 56(c)(4).").

27  The Ringer declaration also violates "[t]he advocate-witness rule," which

28  "prohibits an attorney from appearing as both a witness and an advocate in the same

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

litigation." *United States v. Prantil*, 764 F.2d 548, 552–53 (9th Cir. 1985); Cal. R. Prof. Conduct 3.7.  Either Ms. Ringer lacks personal knowledge of the facts in her declaration, or she is a witness with non-privileged knowledge relevant to the EEOC's claims of discrimination, which would call the EEOC's attorney-client privilege into question.  *See Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001) (a party cannot use privilege as "both a sword and a shield").

### (ii)  The EEOC's Suggested Class Size Does Not Stand Up to Reason

The EEOC's suggestion that there are thousands of people over the age of 40 who applied for Meathead Movers' entry-level, manual-labor, minimum-wage moving jobs has no basis in fact.  The EEOC's Motion is more telling for what it does not say than what it does.

The Motion does not state the number of actual class members known by the EEOC to date.  According to the EEOC's Initial Disclosures, that number is currently zero.  (Brody Decl. Ex. 2.)  Nor does the Motion state that Meathead Movers failed to hire a statistically significant number of applicants over 40 as compared to the number of applications it actually received from individuals over 40, or compared to the number of people interviewed over 40.

The EEOC asserts that 30 percent of applicants were over 40, but it admits a breath later that "date of birth is not provided in employment applications."  (Mot. 4.)  It does not explain how it ascertained ages without dates of birth.  The EEOC also asserts that "many have since been confirmed as eligible based on qualifications," but does not explain who made this analysis, what qualifications they considered, or how they could have confirmed eligibility.  (*Id.*)

The EEOC admits its class numbers are based on "estimates" and "[e]xtrapolat[ion]."  (Mot. at 4.)  This guesswork does not justify bifurcation into two phases of discovery and trial at the outset of this case.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

**2.    Bifurcation Is Not Warranted Because Whether Meathead Movers Engaged in a Pattern and Practice of Discrimination First Would Not Eliminate a Second Trial**

Whether or not *Teamsters* applies, the EEOC is wrong to suggest its bifurcation model prioritizes a single issue or claim, the resolution of which would dispose of the entire case.  *See Zahedi,* 2021 WL 3260603, at *1 ("Bifurcation is particularly appropriate when resolution of a claim or issue might dispose of the entire case.") (internal citations omitted).  The Motion misstates *Teamsters*, and also ignores the EEOC's other theories.  Described correctly, it is clear that the issues to be discovered and tried in each of the EEOC's proposed phases overlap, precluding bifurcation.  *See Hangarter*, 373 F.3d at 1021 (appropriate to deny bifurcation where the evidence overlaps); *Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 511 (9th Cir. 1989) (Bifurcation is inappropriate when the issues are so intertwined that separating them would create confusion to the trier of fact."); *Aerojet Rocketdyne, Inc. v. Glob. Aerospace, Inc*., 2018 WL 4027024, at *5 (E.D. Cal. Aug. 23, 2018) ("Bifurcation is atypical of trial proceedings precisely because claims often share a nexus of facts.").

**(a)    The EEOC Oversimplifies The *Teamsters* Model**

The EEOC attempts to characterize its bifurcation schedule as dividing the case into a "liability stage and a remedial stage," each of which involve "distinct separable issues."  (Mot. at 11–12).  One of the EEOC's own cases has already rejected the EEOC's characterization as "a misnomer because . . . the remedial phase also implicates questions of liability, albeit liability to each individual class member."  *Robinson v. Metro-North Commuter R.R. Co*., 267 F.3d 147, 158, n.4 (2nd Cir. 2001) (cited Mot. at 12); *see also Satchell v. FedEx Exp.,* 2006 WL 3507913, at *1 n.1 (N.D. Cal. Dec. 5, 2006) ("agree[ing]" with "*Robinson*['s] . . . observation.").

A finding of "pattern or practice" liability does not, as the EEOC suggests,

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

establish liability on each individual's claim. To the contrary, the *Teamsters* court made clear that an employer can contest and disprove each element of liability on an individual claim despite a previous finding that the employer had a "pattern or practice" of discrimination. *Teamsters*, 431 U.S. at 361.

A "pattern or practice" finding only "supports an inference that any particular employment decision, during the period in which the discriminatory policy was in force, was made in pursuit of that policy." *Teamsters* at 362 (emphasis added). While in such a case the EEOC would no longer have to prove as part of its case in chief for individual-specific relief that a particular hiring or promotion decision was discriminatorily motivated, the defendant could still contest liability toward any particular claimant by offering a non-discriminatory reason for its decision and demonstrating that the claimant was not subjected to actionable discrimination. *Id.* Moreover, *Teamsters* was clear that when the EEOC seeks *individual liability* and relief, the EEOC *must go beyond making its prima facie showing* of "pattern or practice." *Id.*

In other words, the purpose of the second phase under the *Teamsters* model is not simply to adjudicate the issue of damages, but also to adjudicate the issue of liability for each claimant. The EEOC is therefore wrong that "individualized discovery will not resolve the key liability question: causation between the denial of employment and their age." (Mot. at 14.) Bifurcation will thus necessarily lead to duplicative testimony, because regardless of whether the EEOC can prove a "pattern or practice" of discrimination in "Stage I," that issue is not capable of disposing of any of the EEOC's theories, let alone the entire case.

Courts have rejected "a moving party's mere contention that judicial economy would be promoted by bifurcation, insofar as a second phase of a bifurcated trial would be rendered unnecessary if the moving party prevails at the first phase is not sufficient to meet that party's burden of showing that bifurcation is appropriate." *Jones v. Nat'l R.R. Passenger Corp.*, 2018 WL 6606247, at *5 (N.D. Cal. Dec. 17,

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

2018) (citation omitted).  Here, the EEOC makes even less of a showing, conceding that a second trial will be necessary regardless of bifurcation.  *See id.* (denying bifurcation because "two trials" would be "an inefficient use of party, jury, and court resources").

### (b)    The EEOC Admits It is Pursuing Other Theories

The EEOC also misrepresents the extent to which a "pattern or practice" finding (or not) would streamline this litigation.  The Motion pays negligible attention to the EEOC's other theories or explains how it remains efficient to bifurcate when the EEOC continues to advance distinct theories not capable of being proven through "pattern o -practice' evidence.

First, the EEOC brings a claim on behalf of individuals who were allegedly "deterred from applying for these positions due to Meathead's pattern or practice of age discrimination," which they propose resolving in "Stage 2."  (Mot. at 1, 4 n.2, 24.) In *Wynn*, like here, the plaintiffs "contend[ed] that their allegations of a pattern or practice of age discrimination in the television industry grants them leave to pursue a deterred applicant theory." 234 F. Supp. 2d at 1098.  The court found that the standards for pursuing a "pattern or practice" theory and a "deterred-applicant" theory "are not identical": "[i]n order to pursue the [deterred applicant theory], Plaintiffs must allege facts sufficient to support an inference that applying for a job would have been a 'futile gesture.'" (internal citation omitted).  *Id.*  Moreover, whether a particular individual was deterred from applying by the employer's actions is an individualized inquiry.  *Id.*; *see Teamsters*, 431 U.S. at 371 ("[T]he Government must carry its burden of proof, with respect to *each specific individual.*") (emphasis added).

The EEOC also seeks to reserve the right to "proceed on individual claims of discrimination" even "[i]f at the end of Stage I, a jury finds the EEOC failed to show a pattern or practice of discrimination."  (Mot. at 6.)  This likewise involves different elements than a "pattern or practice" theory, and individualized evidence of

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1   intentional discrimination using direct proof or the burden-shifting framework of
2   *McDonnell Douglas*.

3        The EEOC's overlapping burdens of proof are compounded by the fact that
4   the majority of challenged employment practices are facially age-blind, such as
5   promoting internally, and allegedly recruiting movers via "word-of-mouth" or at
6   "local gyms or colleges." (Compl. ¶ 24.) The EEOC contends that these age-blind
7   practices "individually and together operate to create and maintain a company and
8   company 'culture' composed of young employees." (*Id.*) In such "disparate
9   impact" cases, the plaintiff bears the burden of "isolating and identifying the *specific*
10  employment practices that are allegedly responsible for any observed statistical
11  disparities." *Smith*, 544 U.S. 228, 241. This is "not a trivial burden." *Meacham*,
12  554 U.S. at 101; *see also id.* at 100 (requirement that plaintiffs name a specific
13  employment practice "has bite").

14       The first Supreme Court case to recognize the viability of a disparate-impact
15  theory under the ADEA *rejected* the claim on the merits. *Smith*, 544 U.S. at 241.
16  The Court opined that "it is not surprising that certain employment criteria that are
17  routinely used may be reasonable despite their adverse impact on older workers as a
18  group," and concluded that so long as an employer's practices are reasonable, there
19  is no requirement under the ADEA that the practices "not result in a disparate
20  impact on a protected class." *Id.* at 240–43.

21       The EEOC does not dispute that all of these different theories will require
22  individual examinations of liability and damages. The sheer amount of theories,
23  with their varying burdens, means that bifurcation has no hope of resolving any
24  dispositive issue. Staying all discovery, save for that related to the EEOC's prima
25  facie showing of "pattern of practice," would thus only delay the resolution of the
26  remaining theories of liability that the EEOC has asserted against Meathead.

27       The EEOC's proposal to resolve willfulness in "Stage I" further puts the lie to
28  its argument that there would be minimal evidentiary overlap. In *Hazen Paper Co.*

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

DEFENDANT MEATHEAD MOVERS, INC.'S OPPOSITION TO PLAINTIFF U.S. EEOC's MOTION FOR
BIFURCATION OF DISCOVERY & TRIAL

*v. Biggins*, the Supreme Court held that liquidated damages are available only if the plaintiff demonstrates the employer "knew or showed reckless disregard" for the matter of whether its conduct violated the ADEA. 507 U.S. at 617; *see* 29 U.S.C. § 626(b). This standard applies to company policies, or decisions concerning specific individuals. *Hazen Paper* at 617.

In this case, however, the EEOC is not merely challenging a singular policy that applies with equal force to all class members. Rather, the EEOC is challenging a series of age-blind employment practices, individualized hiring decisions, and actions that allegedly deterred applicants from applying at all. It is impossible to believe that the EEOC could meet its burden of proving willful discrimination in Stage I without actually proving discrimination, which it has punted to Stage II—let alone that these are sufficiently discrete issues that would not require duplicative evidence and testimony. The EEOC concedes that "evidence of intentional discrimination can be used to show willfulness." (Mot. at 22 (citing *E.E.O.C. v. Pape Lift, Inc.*, 115 F.3d 676, 681 (9th Cir. 1997).

### 3.    <u>The EEOC's Fallback Arguments Go Nowhere</u>

The EEOC also argues that bifurcation here would promote settlement and limit juror confusion. (Mot. at 16–18.) However, the EEOC's unilateral discovery schedule merely continues the EEOC's hide-the-ball approach to individual claimants which doomed settlement during conciliation. Moreover, deferring the majority of disputed issues to Stage II makes settlement less likely.

The Ninth Circuit has also already rejected the EEOC's argument that bifurcation is necessary because jurors cannot understand and correctly apply different burdens of proof in a single proceeding. *Hangarter*, 373 F.3d at 1021; *see also Bos. Sci. Corp. v. Johnson & Johnson*, 2006 WL 3455009, at *4 (N.D. Cal. Nov. 29, 2006) (denying bifurcation over moving party's cries of possible jury confusion, reasoning that "[j]urors are asked to hear complicated cases every day, and with the help of competent attorneys, do a fine job understanding the issues and

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

1  facts."); (Mot. at 18).

2  ### C.    Bifurcation Would Prejudice Meathead Movers

3  Prejudice to the non-moving party also precludes bifurcation.  *See Gregorini*

4  2022 WL 4597419, at *2.  The EEOC gives short shrift to the risks of prejudice to

5  Meathead Movers from bifurcation.

6  ### 1.    Meathead Movers Has the Right to Conduct Timely

7  ### Discovery to Defend Itself

8  "[L]ogic dictates that holding two trials, as opposed to one, will inevitably

9  cause delay in resolution of the instant case," and that "unfair delay to the final

10  disposition of the matter" alone is prejudicial.  *Spectra-Physics Lasers, Inc. v.*

11  *Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992).

12  Moreover, the EEOC's proposed bifurcation of pre-trial discovery rests on a

13  straw man that no individual discovery would occur until "Stage II."  (Mot. at 13.)

14  Not so.  As explained above, this is not a case with individual plaintiffs, or that was

15  initiated at the behest of identified EEOC complainants on whom the EEOC intends

16  to rely.  The EEOC plans to use "Stage I" discovery to reach out to all applicants

17  and potential applicants in the hope of finding alleged victims.  It just wants to

18  prevent Meathead Movers from doing so.  (*See* Mot. at 5; Brody Decl. Ex. 3.)

19  For this reason, the EEOC's bifurcation schedule stands to unilaterally harm

20  Meathead Movers' ability to gather evidence from percipient witnesses to defend

21  itself.  The EEOC's class period stretches back to hiring decisions and employment

22  practices from seven years ago.  As disputed events recede further into the past,

23  prejudice always arises from the difficulty in locating witnesses, whose memories

24  will have faded and whose relevant documents could be lost.  *See Aerojet*, 2018 WL

25  4027024, at *4 (denying bifurcation and agreeing with defendant that "delay in

26  discovery risks prejudice . . . 'as memories will fade, witnesses will change jobs,

27  move, or possibly pass away'").

28  Not only would bilateral discovery ensure the parties are on equal footing, but

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

DEFENDANT MEATHEAD MOVERS, INC.'S OPPOSITION TO PLAINTIFF U.S. EEOC's MOTION FOR
BIFURCATION OF DISCOVERY & TRIAL

it would be more efficient to conduct all needed discovery from these yet-to-be-located individuals one time, opposed to years apart.  This is especially true given the many outstanding issues that a pattern-or-practice trial will not resolve: deterred applicants, disparate impact, and questions of individual liability.

Meanwhile, Meathead Movers would also be forced to incur financially damaging litigation costs while the EEOC conducts its fishing expedition. (Dekhtyar Decl. ¶¶ 13-14.)  Meathead Movers is not in the same category as Google, airlines, or the other multi-national corporations that were the defendants in the EEOC's cited cases.  Bifurcation will result in multiple motion practices, costs to recall witnesses, and potentially duplicative experts.  This, too, is sufficient reason to deny bifurcation as prejudicial.  *Makaneole v. Solarworld Indus. Am., Inc*., 2020 WL 13094748, at *3 (D. Or. Mar. 18, 2020) (denying defendant's motion to bifurcate and stay discovery where plaintiff argued and the court found bifurcation would lead to undue delay and potential economic hardship).

Meanwhile, the EEOC ignores its burden to show that it would be prejudiced without bifurcation.  *See Kamrava v. Cenlar Cap. Corp.,* 2021 WL 10373035, at *3 (C.D. Cal. Oct. 7, 2021) (Denying bifurcation where court found that "Defendant has not carried its burden in demonstrating that it would be prejudiced if discovery is not bifurcated.").  As in *Kamrava*, the EEOC relies solely on "simple assertions that having to engage in class-wide discovery is expensive and time consuming," but fails to "provide any estimates of the expected costs and time to be incurred. Without more, Defendant's bare assertions that non-bifurcated discovery will be expensive and time-consuming is insufficient." *Id.*

## 2. The EEOC's Bifurcation Model is Contrary to the Rule That Legal Rights are Resolved Before Equitable Rights and Raises Seventh Amendment Concerns

The ADEA authorizes both equitable and legal claims.  29 U.S.C. § 626.  The statute also provides for the right to a jury trial.  *Id*.  As set forth above, a finding of

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1    pattern or practice does not adjudicate individual liability. *Teamsters* at 361. For

2    this reason, the EEOC's bifurcation model—which asks the Court to issue equitable

3    relief in Stage I while deferring individual liability to Stage II—runs afoul of the

4    Seventh Amendment's requirement that all legal claims "must" be resolved by a

5    jury before the court resolves the equitable claims. *Teutscher v. Woodson,* 835 F.3d

6    936, 944 (9th Cir. 2016) (citing *Dairy Queen, Inc. v. Wood*, 369 U.S. 469 (1962).

7         The EEOC's proposal is further complicated by its insistence on resolving

8    liquidated damages in Stage I, for which Meathead Movers has a right to a jury trial.

9    *See Lorillard v. Pons*, 434 U.S. 575, 584–85 40 (1978) (ADEA provides for right to

10   jury trial by incorporating FLSA's damages provisions); *see also McLaughlin v.*

11   *Owens Plastering Co.*, 841 F.2d 299, 301 (9th Cir. 1988) (request for liquidated

12   damages under FLSA entitles employer to jury trial).

13        The EEOC dismisses the Seventh Amendment concerns, but cites no case

14   from this century. Thus, none of them accounted for *Gross*'s requirement that the

15   plaintiff prove but-for causation before a jury can find an ADEA violation occurred.

16   Meathead Movers' RFOA defense would also preclude equitable relief. *Hazen*

17   *Paper*, 507 U.S. at 609; *Smith*, 544 U.S. at 239.

18        More recent cases have held, to the contrary, that "bifurcation is proscribed

19   by the Seventh Amendment when '"the questions sought to be bifurcated [are] "so

20   interwoven . . . that the one cannot be submitted to the jury independently of the

21   other without confusion and uncertainty which would amount to a denial of a fair

22   trial."'" *United States v. McGraw-Hill Co's., Inc.*, 2014 WL 1647385, at *3 (C.D.

23   Cal. Apr. 15, 2014); *see O'Connor v. Uber Techs., Inc.*, 2018 WL 11451385, at *1

24   (N.D. Cal. Mar. 7, 2018) ("[T]he Seventh Amendment's reexamination clause may

25   prohibit a judge from '"divid[ing] issues between separate trials in such a way that

26   the same issue is reexamined by different juries.'").

27        **D.    It Is Premature To Bifurcate Trial**

28        At a minimum, the EEOC's request for trial bifurcation before any discovery

Miller Barondess, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

has occurred is premature.  *See Medtronic*, 2013 WL 3233341, at *1 ("Given that the Parties are in the middle of discovery, the final pretrial conference is one year away, and the full scope of triable claims and defenses has yet to be determined, the Court finds that bifurcating trial at this stage of litigation would be premature.").

## IV.   CONCLUSION

The EEOC urges a case schedule that is prejudicial to Meathead Movers and anathema to efficiency: two separate trials, at which witnesses would present duplicative testimony about alleged discrimination.  Bifurcation should be denied.

MILLER BARONDESS, LLP

DATED:  April 8, 2024

By: _____

MIRA HASHMALL
Attorneys for Defendant
MEATHEAD MOVERS, INC.

## CERTIFICATION OF COMPLIANCE

Pursuant to L.R. 11-6.2, the undersigned, counsel of record for Defendant Meathead Movers, Inc., certifies that this brief contains 24 pages, which complies with the page limit set by the Standing Order for Cases Assigned to Judge Dale S. Fischer, dated January 17, 2024 (ECF No. 15).

DATED:  April 8, 2024         MILLER BARONDESS, LLP

By: _____

MIRA HASHMALL
Attorneys for Defendant
MEATHEAD MOVERS, INC.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

669087.5

24

DEFENDANT MEATHEAD MOVERS, INC.'S OPPOSITION TO PLAINTIFF U.S. EEOC's MOTION FOR BIFURCATION OF DISCOVERY & TRIAL