# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>　　Plaintiff,<br><br>　　　　v.<br><br>MEATHEAD MOVERS, INC.,<br>　　Defendant. | 2:23-cv-8177-DSF-AGRx<br><br>Order DENYING Motion for Bifurcation of Discovery and Trial (Dkt. 23) |

　　Plaintiff U.S. Equal Employment Opportunity Commission (EEOC) moves to bifurcate both trial and discovery in this case. The EEOC claims that bifurcation is appropriate because pattern-and-practice claims such as the ones in this case are subject to a two-prong framework. The EEOC argues that because of this, it would serve judicial economy to litigate the two prongs in two separate stages. See Int'l Brotherhood of Teamsters v. U.S., 431 U.S. 324 (1977).

　　A district court's authority to bifurcate actions comes from Federal Rule of Civil Procedure 42(b). That rule allows for bifurcation "[f]or convenience, to avoid prejudice, or to expedite and economize" litigation of claims in the case. Fed. R. Civ. P. 42(b). Rule 42(b) "allows, but does not require, a trial court to bifurcate cases." Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1021 (9th Cir. 2004). The decision to bifurcate is within the discretion of the trial court. Id.

　　The Court finds that bifurcation is not likely to increase convenience, avoid prejudice, or expedite or economize this case.

Unlike some cases, there is no indication that the resolution of the proposed first stage of the case would eliminate, or even particularly streamline, the second stage. The EEOC has explicitly indicated its intent to proceed with the second stage even if it fails at the first. See Moving Mem. at 6 ("If at the end of Stage I, a jury finds the EEOC failed to show a pattern or practice of discrimination, the EEOC may proceed on individual claims of discrimination."). The EEOC repeatedly refers to the two stages as "liability" and "damages" stages, but they are not. At best, the proposed first stage would shift the burden that would be applied at the second stage where substantive liability would actually be decided. Even if this were a compelling reason to bifurcate – which it is not – Defendant does not even agree that the Teamsters framework applies to age discrimination cases like this one. So the Court could potentially be bifurcating, not only trial but also discovery, on grounds that may not even apply.

The EEOC also argues that bifurcation is "the norm" in pattern-and-practice employment discrimination cases. The Court is not convinced that this is true. A handful of citations that come from decades of cases indicates little, especially, as Defendant notes, because bifurcation decisions are likely often made without any formal order that might be reported on Westlaw or Lexis. But even if it was common to bifurcate over the objection of one of the parties, it would not change the Court's analysis in this case.

At best, bifurcation might encourage settlement, but this is highly speculative and Defendant suggests that further delay could actually hinder settlement. Ultimately, the EEOC's argument boils down to the fact that the proposed second stage would require substantially more discovery and trial time, so the EEOC would rather stagger prosecution of the case. The Court finds that this is not a good reason to divide up the case somewhat arbitrarily and over the objection of an opposing party.

The Court recognizes that if this case proceeds to trial and the Court finds that the Teamsters framework applies, it may make sense to bifurcate the trial as the EEOC proposes given the distinct issues

involved in the two stages. However, there is no justification for bifurcation of discovery and any conclusion about trial bifurcation would be premature.

The motion is DENIED.

IT IS SO ORDERED.

Date: April 24, 2024

_____
Dale S. Fischer
United States District Judge

3