Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 236260
nakkisa.akhavan@eeoc.gov
Andrea E. Ringer, SBN 307315
andrea.ringer@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 785-3080
Facsimile:  (213) 894-1301

[*additional counsel on following page*]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MEATHEAD MOVERS, INC., and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-08177-DSF-AGRx<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**DISCOVERY MATTER**<br><br>Assigned to the Hon. Dale S. Fischer and Magistrate Judge Alicia R. Rosenberg |

## ADDITIONAL COUNSEL

Sophie Tarazi, CA SBN 329721
sophie.tarazi@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
555 W. Beech Street, Suite 504
San Diego, CA 92101
Telephone: (213) 785-1610
Facsimile: (213) 894-1301

Attorneys for Plaintiff U.S. EEOC

MIRA HASHMALL SBN 216842)
mhashmall@millerbarondess.com
LAUREN M. BRODY (SBN 337858)
lbrody@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, CA 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendant MEATHEAD MOVERS, INC.

1.   A.   **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment

700070.1

under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.  GOOD CAUSE STATEMENT

This action is likely to involve the production of confidential information (including information implicating privacy rights of third parties) for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Records maintained by Plaintiff EEOC are subject to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(b)(1)-(9), and the Federal Records Act, 44 U.S.C. § 3101 et seq. As a result, the EEOC cannot agree to confidentiality of any records which are not subject to a FOIA exemption. Additionally, the EEOC is required to maintain all its litigation files in accordance with the Federal Records Act.

Such confidential materials consist of, among other things, personal identifying information of employees and applicants (individual home addresses and phone numbers, social security, taxpayer-identification, and drivers license numbers, day and month of birth, tax forms); personal health information; criminal, substance use, and driving histories; confidential commercial information; confidential financial information; and business trade secrets.  The enumerated categories of information are covered by FOIA exemptions.  5 U.S.C. §552(b)(4), (6).

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled or required to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in

700070.1

preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case. A Party that did not treat the information as confidential outside of this litigation may not designate that information as confidential. Only information that a party produces in discovery may be treated as confidential.

2. DEFINITIONS

2.1. Action: The instant action, *EEOC v. Meathead Movers, Inc.*, Central District of California Case No. 23-cv-08177.

2.2. Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3. "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4. Counsel: For Defendant, Counsel includes Counsel of Record (as well as their support staff). For Plaintiff, Counsel includes Counsel of Record and attorneys assisting with this litigation within the EEOC's Office of General Counsel (as well as their support staff). It does not include the Office of Field Programs.

2.5. Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6. Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7. Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8. Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9. Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Counsel.

2.10. Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.11. Professional Vendors: professional jury consultants, professional trial consultants, mock jurors, persons or entities that provide substantive litigation support services (e.g., videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium), and employees and subcontractors of all the groups listed in this definition.

2.12. Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

2.13. Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected

Material; (2) all copies, excerpts, or summaries of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, other than during mediation, a court hearing, or at trial.

Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge.  This Order does not govern the use of Protected Material during a court hearing, dispositive motion practice, or at trial.

4. DURATION

The confidential treatment of information designated as confidential under this order expires at the conclusion of discovery in this matter, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the conclusion of discovery.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the expiration of discovery.

5. DESIGNATING PROTECTED MATERIAL

5.1. Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

700070.1

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2.   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the

documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the CONFIDENTIAL legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions, that the Designating Party identify on the record, before the close the deposition, all Disclosure or Discovery Material and/or testimony requiring confidential designation under this order.

(c) for information produced in some form other than documentary and for any other tangible items, that the Designating Party affix in a prominent place on the exterior of the container or containers in which the information is stored the CONFIDENTIAL legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

<u>6</u>. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1. <u>Timing of Challenges</u>. The party who receives information designated as CONFIDENTIAL under this Protective Order may, at any time, notify the party who requested the confidential treatment that it objects to the

treatment of the information as CONFIDENTIAL.  A party or non-party may challenge a designation of confidentiality at any time consistent with the Court's Scheduling Order.

  6.2. <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

  6.3. The burden of persuasion in any meet and confer, joint stipulation under Local Rule 37-2, or challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

  7.1. <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  EEOC may use any information designated confidential in furtherance of its enforcement activities in any other matter in which the party designating such information as confidential has been named as a party, but must treat such information as confidential until such time as the confidential treatment expires under this Order or is withdrawn either by agreement of the parties or by court order. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

  Protected Material must be stored and maintained by Defendant at a location and in a secure manner that ensures that access is limited to the persons authorized

700070.1

-9-
Stipulated Protective Order

under this Order. The EEOC will similarly store and maintain Protected Material at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order, provided that this is consistent with the EEOC's requirements to manage its records in accordance with the Federal Records Act, 44 U.S.C. § 3101 et seq.; 36 C.F.R. part 1220.

      7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

      (a) the Receiving Party's Counsel;

      (b) the Receiving Party, which includes officers or managers of the Receiving Party who have a need to know the information for purposes of this litigation;

      (c) Outside Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or whose contract includes a confidentiality provision, and a copy of this Order and Exhibit A;

      (d) Experts employed by Plaintiff EEOC;

      (e) the court and its personnel;

      (f) court reporters and videographers involved in recording depositions and proceedings in this litigation;

      (g) Professional Vendors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

       (i) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

       (j) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

       (k) any other individual a party believes reasonably necessary to review such information to assist the party in its presentation or defense of claims in the litigation, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If Defendant is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," Defendant must:

       (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

       (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

700070.1

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, Defendant shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless Defendant has obtained the Designating Party's permission, or unless otherwise required by the law or court order. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

If Plaintiff is served with a subpoena or court order to produce documents or information designated as "CONFIDENTIAL", Plaintiff will follow its obligations under FOIA, including withholding documents that fit within a FOIA exemption. 5 U.S.C. § 552(b)(1)-(9).

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an express signed agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If an unrepresented Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court unless otherwise required by the law or court order. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

(d) This provision shall not apply to permit a Party to delay production of documents maintained in the course of its business operations which contain confidential information, such as personnel information and employment applications. An express agreement that certain information is confidential and will not be produced is required to withhold on the basis of this provision.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in

writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

11.  **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Pursuant to Federal Rule of Evidence 502(d) and (e), the parties agree that the inadvertent production of privileged or otherwise protected material shall not waive attorney-client privilege or work product protection.

12.  **MISCELLANEOUS**

12.1.  **Right to Further Relief**.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2.  **Right to Assert Other Objections**.  No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3.  **Filing Protected Material**.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

700070.1

-14-
Stipulated Protective Order

13. Any violation of this Order may be punished by any and all appropriate remedies available under the law.

14. This Order is subject to modification at any time by written agreement of all parties to this lawsuit or upon Court Order. Any person may seek an Order to modify or vacate this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: November 5, 2024  U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By: /s/ Andrea Ringer
Andrea Ringer
Attorneys for Plaintiff EEOC

DATED: November 5, 2024  MILLER BARONDESS, LLP

By: 
MIRA HASHMALL
Attorneys for Defendant MEATHEAD MOVERS, INC.

FOR GOOD CAUSE, IT IS SO ORDERED.

Dated: November 7, 2024

Honorable Alicia G. Rosenberg
United States Magistrate Judge

700070.1

## SIGNATURE ATTESTATION

The other signatories listed, and on those behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: November 5, 2024         MILLER BARONDESS, LLP

By: _____
MIRA HASHMALL
Attorneys for Defendant MEATHEAD MOVERS, INC.

700070.1

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *EEOC v. Meathead Movers, Inc.*, Central District of California Case No. 23-cv-08177. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

700070.1