Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 236260
nakkisa.akhavan@eeoc.gov
Andrea E. Ringer, SBN 307315
andrea.ringer@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 785-3080
Facsimile:  (213) 894-1301

Sophie Tarazi, CA SBN 329721
Sophia.tarazi@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
550 W. C Street, Suite 750
San Diego, CA 92101
Telephone:  (619) 900-1910

Attorneys for Plaintiff U.S. EEOC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MEATHEAD MOVERS, INC., and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-08177-DSF-AGRx<br><br>**PLAINTIFF EEOC'S MOTION TO STRIKE DEFENDANT MEATHEAD MOVERS, INC.'S AFFIRMATIVE DEFENSES**<br><br>Hon. Dale S. Fischer<br><br>Hearing Date:   April 14, 2025<br>Time:                1:30 p.m.<br>Trial:                August 18, 2026 |

# <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ......................................................................................1

II.     LEGAL STANDARD ...............................................................................2

III.    PROCEDURAL BACKGROUND .........................................................3

IV.     ARGUMENT..............................................................................................3

    A. Meathead's First Affirmative Defense (Reasonable Factor Other
       Than Age) is Not Cognizable in this Pattern-or-Practice Hiring
       Discrimination Case .....................................................................3

    B. Meathead's Second Affirmative Defense (Statutory Prerequisites
       to Suit) Improperly Challenges the EEOC's Pre-Suit
       Investigation ..................................................................................5

    C. Meathead's Third, Fourth, and Sixth Defenses Are Not
       Cognizable Affirmative Defenses ................................................11

    D. Meathead's Seventh Affirmative Defense (Good Faith) Fails to
       Provide Fair Notice .......................................................................13

    E. The EEOC Will Be Prejudiced if Meathead's Affirmative Defenses
       are Not Stricken.............................................................................14

V.      CONCLUSION ........................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arizona ex rel. Horne v. Geo Grp., Inc.*,
    816 F.3d 1189 (9th Cir. 2016) ...................................................................10

*California v. United States*,
    512 F. Supp. 36 (N.D. Cal. 1981) .................................................................3

*Cassino v. Reichhold Chemicals, Inc.*,
    817 F.2d 1338 (9th Cir. 1987) ....................................................................13

*Criswell v. Western Airlines, Inc.*,
    709 F.2d 544 (9th Cir. 1983), *aff'd*, 472 U.S. 400 (1985)...........................13

*Crook v. San Bernardino Cnty. Sheriff's Dep't*,
    No. EDCV 23-02448 JVS (AS), 2024 WL 3469042 (C.D. Cal.
    June 13, 2024) .............................................................................................13

*Cruz v. Bank of N.Y. Mellon*,
    No. 12-846, 2012 WL 2838957 (N.D. Cal. July 10, 2012) ............................3

*Dairy Employees Union Local No. 17 v. Dairy*,
    No. 5:14-CV-01295-RSWL-M, 2015 WL 505934 (C.D. Cal. Feb.
    6, 2015) .........................................................................................................2

*Doyle v. City of Medford*,
    512 F. App'x 680 (9th Cir. 2013) ..................................................................4

*E.E.O.C. v. Evans Fruit Co.*,
    No. CV-10-3033-LRS, 2012 WL 442025 (E.D. Wash. Feb. 10,
    2012) ..............................................................................................................7

*E.E.O.C. v. Loc. 350, Plumbers & Pipefitters*,
    998 F.2d 641 (9th Cir. 1992), *as amended on denial of reh'g* (Apr.
    12, 1993), *as amended* (July 6, 1993)...........................................................4

*EEOC v. Baltimore Cty.*,
    904 F.3d 330 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 2714 (U.S.
    2019) ............................................................................................................13

*EEOC v. California Psychiatric Transitions, Inc.*,
    725 F. Supp. 2d 1100 (E.D. Cal. 2010) ............................................................12

*EEOC v. Caterpillar, Inc.*,
    409 F.3d 831 (7th Cir. 2005) ..............................................................................7

*EEOC v. Gen. Elec. Co.*,
    532 F.2d 359 (4th Cir. 1976) ..............................................................................7

*EEOC v. Keco Indus., Inc.*,
    748 F.2d 1097 (6th Cir. 1984) ............................................................................7

*EEOC v. Marquez Bros. Int'l Inc.*,
    No. 17-CV-0044-AWI-EPG, 2017 WL 4123915 (E.D. Cal. Sept.
    18, 2017) ............................................................................................................8

*EEOC v. Sterling Jewelers Inc.*,
    801 F.3d 96 (2d Cir. 2015) ....................................................................6, 7, 8, 9

*EEOC v. Swami's Café LLC et al.*,
    Case No. 3:23-CV-00902-TWR-SBC, ECF No. 36 (S.D. Cal. Aug.
    14, 2024) ............................................................................................................8

*Equal Emp. Opportunity Comm'n v. AZ Metro Distributors, LLC*,
    No. 15-CV-5370 (ENV)(PK), 2016 WL 10679469 (E.D.N.Y. Dec.
    20, 2016) .......................................................................................................5, 8

*Fantasy, Inc. v. Fogerty*,
    984 F.2d 1524 (9th Cir.) *rev'd on other grounds*, 510 U.S. 517
    (1994) ...............................................................................................................14

*Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*,
    313 F.R.D. 572 (N.D. Cal. 2016) .........................................................................2

*Hazen Paper Co. v. Biggins*,
    507 U.S. 604 (1993) ..........................................................................................12

*Ingram v. Pac. Gas & Elec. Co.*,
    No. 12-CV-02777-JST, 2014 WL 295829 (N.D. Cal. Jan. 27,
    2014) .................................................................................................................11

*International Brotherhood of Teamsters v. United States*,
    431 U.S. 324 (1977) .......................................................................................1, 2

*Jacobsen v. Katzer*,
  609 F. Supp. 2d 925 (N.D. Cal. 2009) ................................................ 14

*Lorillard v. Pons*,
  434 U.S. 575 (1978) ............................................................................ 12

*Mach Mining v. EEOC*,
  575 U.S. 480 (2015) .................................................................... *passim*

*Meacham v. Knolls Atomic Power Lab'y*,
  554 U.S. 84 (2008) ............................................................................... 5

*Pac. Dental Servs., LLC v. Homeland Ins. Co. of N.Y.*,
  No. SACV 13-749-JST, 2013 WL 3776337 (C.D. Cal. July 17,
  2013) .................................................................................................... 14

*Polk v. Legal Recovery L. Offs.*,
  291 F.R.D. 485 (S.D. Cal. 2013) ....................................................... 13

*Puffer v. Allstate Ins. Co.*,
  675 F.3d 709 (7th Cir. 2012) ............................................................... 5

*Purex Corp. v. General Foods Corp.*,
  318 F. Supp. 322 (C.D. Cal. 1970) ...................................................... 3

*Rosario v. 11343 Penrose Inc.*,
  No. 2:20-cv-04715-SB-RAO, 2020 WL 8812460 (C.D. Cal. Oct.
  26, 2020) ............................................................................................. 14

*Rosenfeld v. Talamates*,
  No. CV 22-497 DSF (EX), 2023 WL 395227 (C.D. Cal. Jan. 20,
  2023) (Fischer, J. ) ............................................................................. 11

*Serrano & EEOC v. Cintas Corp.*,
  699 F.3d 884 (6th Cir. 2012) ............................................................... 7

*Sidney-Vinstein v. A.H. Robins Co.*,
  697 F.2d 880 (9th Cir. 1983) ............................................................... 2

*Smith v. City of Jackson*,
  544 U.S. 228 (2005) ............................................................................. 4

*Vistan Corp. v. Fadei USA, Inc.*,
   No. C-10-4862 JCS, 2011 WL 1544796 (N.D. Cal. Apr. 25, 2011) ...................2

*Wyshak v. City Nat'l Bank*,
   607 F.2d 824 (9th Cir. 1979) ..............................................................2

*Zivkovic v. S. California Edison Co.*,
   302 F.3d 1080 (9th Cir. 2002) ...........................................................11

**Statutes**

29 U.S.C. § 216(b) ..................................................................................12

29 U.S.C. §§ 621, *et seq.* .......................................................................1

29 U.S.C. § 626(b) ..................................................................................12

29 C.F.R. § 1625.7(d) ...............................................................................4

42 U.S.C. § 2000e-5(b) .............................................................................6

**Other Authorities**

Fed. R. Civ. P. 12(f). ................................................................................2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

The EEOC brings this motion to strike several of Defendant Meathead Movers, Inc.'s ("Meathead") affirmative defenses in an effort to streamline discovery and avoid confusion of the issues in this systemic pattern-or-practice disparate treatment case under the Age Discrimination in Employment Act ("ADEA"). Discovery has been ongoing for many months, and during this time it has become apparent that much of the burdensome discovery Meathead seeks pertains to invalid affirmative defenses that it has asserted in its Second Amended Answer.[1] The EEOC is prejudiced by this discovery because, among other reasons, Meathead now seeks to depose the EEOC investigator who participated in the administrative investigation of Meathead, and Meathead has indicated that it intends to challenge the sufficiency of the EEOC's underlying investigation, which is an irrelevant inquiry under the applicable law. *See* Declaration of Sophie Tarazi (Tarazi Decl.) ¶ 3.

In this case, the EEOC's Complaint alleges that, since at least 2017, Meathead has violated the ADEA by engaging in a companywide pattern or practice of age discrimination by its ongoing and intentional failure to recruit or hire individuals in the protected age group (age forty and older) into moving, packing, or customer service positions because of their age. ECF No. 1 ("Compl."); 29 U.S.C. §§ 621, *et seq*. As the EEOC has previously explained to the Court, the EEOC intends to prove its case using the two-stage framework articulated in *International Brotherhood of Teamsters v. United States*, 431 U.S.

---

[1] Some of these affirmative defenses were also articulated in Meathead's prior Amended Answer. However, the EEOC did not opt to move to strike those defenses at the time in an effort to avoid prematurely burdening the Court with such a motion. Now, however, these issues are ripe for dispute based on Meathead's conduct during discovery.

324 (1977), by proving by a preponderance of the evidence that unlawful discrimination was Meathead's regular practice and standard operating procedure, and that Meathead willfully violated the ADEA. *Id.* at 336. This pattern-or-practice lawsuit implicates thousands of applicants, hundreds of hiring incidents, and likely hundreds of victims of discrimination. Tarazi Decl. ¶ 1.

Through this Motion, the EEOC seeks an Order striking Meathead's First, Second, Third, Fourth, Sixth, and Seventh Affirmative Defenses on the grounds that they are not cognizable affirmative defenses, are immaterial and impertinent and therefore inapplicable to this case, and/or fail to provide fair notice of the nature of the defense, in order to reduce the number of issues for dispute and reduce costly discovery battles in this large class case.

## II.    LEGAL STANDARD

A Rule 12(f) motion must be filed "within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f). Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" either on its own or on a motion made by a party. *Id.* In moving to strike, a party seeks "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

"A defense is insufficiently pled if it fails to give the plaintiff fair notice of the nature of the defense." *Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*, 313 F.R.D. 572, 574 (N.D. Cal. 2016) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). The fair notice standard requires "at least some valid factual basis" in support of an affirmative defense. *Dairy Employees Union Local No. 17 v. Dairy*, No. 5:14-CV-01295-RSWL-M, 2015 WL 505934, at *6 (C.D. Cal. Feb. 6, 2015) (internal citations omitted). The amount of factual detail required to give fair notice "depends on the particular defense in question." *Vistan Corp. v. Fadei USA, Inc.*, No. C-10-4862 JCS, 2011 WL 1544796, at *7 (N.D. Cal. Apr. 25, 2011)

(citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381, at 410 (3d ed. 2004)).

"[W]here the motion [to strike] may have the effect of making the trial of the action less complicated, or have the effect of otherwise streamlining the ultimate resolution of the action, the motion to strike will be well taken." *California v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981). "[I]f the defense here asserted is invalid as a matter of law, such determination should be made now, in order to avoid the needless expenditures of time and money in litigating" the defense. *Purex Corp. v. General Foods Corp.*, 318 F. Supp. 322, 323 (C.D. Cal. 1970). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of N.Y. Mellon*, No. 12-846, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012).

## III.    PROCEDURAL BACKGROUND

On February 19, 2025, Meathead amended its Answer. (ECF No. 74). The EEOC met and conferred with Meathead on March 5, 2025 and the Parties discussed the substance of the EEOC's Motion, but were unable to resolve the dispute. Tarazi Decl. ¶5.

## IV.    ARGUMENT

### A.   **Meathead's First Affirmative Defense (Reasonable Factor Other Than Age) is Not Cognizable in this Pattern-or-Practice Hiring Discrimination Case**

Meathead's First Affirmative Defense (Reasonable Factor Other Than Age ("RFOA") seeks to avoid liability on the grounds that it purportedly requires its movers to be able to "lift, carry, push, and pull 150 pounds and jog when not carrying items for an entire moving shift," and that this is "based on a factor other than age" as it is a "legitimate interest of and reasonably related to the needs of" Meathead's business, and because Meathead's customers allegedly expect their movers to jog between carrying loads. Second Amended Answer (ECF No. 74)

("Answer") at 10:9-17. Meathead also asserts that it prefers to hire internally for office or management positions not because of age, but because of business-related reasons. Answer at 10:22-11:5.

First, Meathead's RFOA defense is not available in this disparate treatment case. *Doyle v. City of Medford*, 512 F. App'x 680, 681 n.1 (9th Cir. 2013) ("the RFOA defense is unavailable where an employment practice is challenged as being age-based—that is, in disparate treatment cases"); 29 C.F.R. § 1625.7(d). The EEOC alleges Meathead has "intentionally" and "purposefully" maintained a pattern or practice of age discrimination in its hiring and recruitment practices, that Meathead's hiring and recruitment practices are intended to "maintain a company and company 'culture' composed of young employees," and that Meathead has made statements showing its "preference for young workers and exclusion of older workers is intentional." *See, e.g.*, Compl. ¶¶ 18, 19, 24, 25; *see also E.E.O.C. v. Loc. 350, Plumbers & Pipefitters*, 998 F.2d 641, 648 n.2 (9th Cir. 1992), *as amended on denial of reh'g* (Apr. 12, 1993), *as amended* (July 6, 1993) ("A disparate treatment claim is made out where the plaintiff can show that an employer treated him differently because of his age."). The EEOC has made clear in its subsequent representations to the Court that it is pursuing a disparate treatment theory of liability. *See* ECF No. 67 at 16 (the EEOC "alleges only one claim and one method of proof: a pattern or practice of disparate treatment"). The EEOC also has not challenged Meathead's requirement that movers be physically able to move heavy items and jog between loads, nor does it contend that such requirements resulted in Meathead hiring younger workers.

RFOA is a defense to disparate impact, which is not a claim in this case. It is not a "safe harbor from liability" for disparate treatment because "if an employer in fact acted on a factor other than age, the action would not be prohibited . . . in the first place." *Smith v. City of Jackson*, 544 U.S. 228, 238-39 (2005). Disparate impact requires a neutral policy that has an adverse impact on a protected group.

*Meacham v. Knolls Atomic Power Lab'y*, 554 U.S. 84, 101 (2008). The EEOC has not alleged a neutral policy exists. Yet Meathead has repeatedly argued to the EEOC that, despite the EEOC's own characterization of its case as a disparate treatment case, that the EEOC is in fact pursuing a disparate impact claim. This is simply not the case and Meathead appears to be conflating the concept of a pattern-or-practice case with a disparate impact claim. *See Puffer v. Allstate Ins. Co.,* 675 F.3d 709, 716 (7th Cir. 2012) (explaining the differences between the concepts of disparate impact, disparate treatment, and pattern-or-practice). Meathead cannot create a disparate impact claim that has not been pled, and its RFOA affirmative defense should be stricken as it does not apply in this disparate treatment case.

B. **Meathead's Second Affirmative Defense (Statutory Prerequisites to Suit) Improperly Challenges the EEOC's Pre-Suit Investigation**

Meathead's asserted defense is insufficient as a matter of fact and law under Fed. R. Civ. P. 12(f), and permitting Meathead to maintain this insufficient defense will cause substantial delay and prejudice to the EEOC.

Meathead's Second Affirmative Defense is titled "Failure to Fulfill Statutory Prerequisites to Suit," and then goes on to admit that the EEOC fulfilled its statutory prerequisites to suit. There is no question of fact or law that would allow Meathead's Second Affirmative Defense to succeed. *See Equal Emp. Opportunity Comm'n v. AZ Metro Distributors, LLC*, No. 15-CV-5370 (ENV)(PK), 2016 WL 10679469, at *6 (E.D.N.Y. Dec. 20, 2016), *report and recommendation adopted as modified*, 272 F. Supp. 3d 336 (E.D.N.Y. 2017) (striking affirmative defense asserting EEOC failed to fulfill statutory prerequisites in ADEA action).

The Supreme Court in *Mach Mining* reviewed the conditions precedent to the EEOC bringing Title VII litigation. *Mach Mining v. EEOC*, 575 U.S. 480, 483-84 (2015).  While the ADEA does not expressly require an investigation by the EEOC, we will assume for argument purposes that the ADEA also requires those same statutory prerequisites as Title VII.

*EEOC v. Meathead Movers, Inc*. – EEOC's Motion to Strike Affirmative Defenses

The first statutory prerequisite to suit is the filing of a charge of an unlawful employment practice and notification to the employer. *Mach Mining*, 575 U.S. at 483-84. Meathead admits a Directed Charge issued to Meathead initiating the investigation of Meathead's compliance with the ADEA. Answer at 5:16; 11:8-11. The Charge stated the EEOC was investigating Meathead's compliance with the ADEA and its hiring practices companywide. *See* Tarazi Decl. Ex. B (Charge).

The second prerequisite is an investigation by the EEOC. *Mach Mining*, 575 U.S. at 483-84. Meathead admits that the Charge initiated an investigation of Meathead, and that during that process, the EEOC requested applicant information from Meathead, that Meathead provided information to the EEOC regarding its hiring practices and decisions, its job requirements, and its marketing materials, that Meathead produced employment applications, employee lists, its employee handbook and policies and procedures, and that Meathead provided the EEOC with an explanation for the age of its workforce. Answer at 5:16, 11:8-13:16. In essence, Meathead admits an investigation occurred. It then goes on to state that the EEOC's investigation was not "reasonable." Answer at 13:15-16.

The ADEA does not expressly include a requirement that the EEOC conduct an investigation. *Compare* ADEA, 29 U.S.C. § 626(b) *with* Title VII, 42 U.S.C. § 2000e-5(b). However, there is no dispute that an investigation occurred. Meathead's Second Affirmative Defense takes direct aim at the substance of the EEOC's investigation, findings, and conciliation efforts, but it is well settled that courts do not review the sufficiency of the EEOC's investigation, findings, or conciliations.

The EEOC's underlying investigation and findings are irrelevant and not subject to judicial review because this litigation is *de novo*: what the EEOC found or did not find during its administrative investigation is irrelevant and not a valid subject of judicial review. *See EEOC v. Gen. Elec. Co.,* 532 F.2d 359, 370 (4th Cir. 1976) (litigation brought by EEOC is "*de novo*" and completely separate from

administrative process); *see also EEOC v. Caterpillar, Inc.,* 409 F.3d 831, 833 (7th Cir. 2005) (enforcement actions brought by EEOC are not limited to "the evidence obtained in the Commission's investigation."). The point of *de novo* review is that the EEOC's findings as to whether Meathead engaged in unlawful discrimination are not binding and of little significance because the EEOC has to persuade the jury or the court that Meathead engaged in the discrimination that EEOC alleges.

Consequently, courts agree that an employer may not litigate the adequacy of the EEOC's investigation and determination. *EEOC v. Sterling Jewelers Inc.*, 801 F.3d 96, 101 (2d Cir. 2015)("[C]ourts may not review the sufficiency of an investigation – only whether an investigation had occurred."); *Serrano & EEOC v. Cintas Corp.*, 699 F.3d 884, 904 (6th Cir. 2012) (holding courts may not inquire into sufficiency of investigation); *E.E.O.C. v. Evans Fruit Co.*, No. CV-10-3033-LRS, 2012 WL 442025, at *3 (E.D. Wash. Feb. 10, 2012) (holding that "[t]he details of the EEOC's investigative and conciliation efforts are not essential to Defendant's understanding and defense of the Title VII claims"); *Caterpillar*, 409 F.3d at 833 (determination of the Commission is not judicially reviewable); *EEOC v. Keco Indus., Inc.*, 748 F.2d 1097, 1100 (6th Cir. 1984) (error for the district court to inquire into the sufficiency of the Commission's investigation); *Gen. Elec. Co.*, 532 F. 2d at 370 n.31 (holding EEOC's investigation is not reviewable and purely non-adversarial, "trial is de novo, completely separate from the actions of the EEOC," and noting the "potential for delay and diversion which such an undertaking would create is substantial"); *see also EEOC v. Swami's Café LLC et al.*, Case No. 3:23-CV-00902-TWR-SBC, ECF No. 36, at *8-9 (S.D. Cal. Aug. 14, 2024) (citing *Sterling Jewelers* and *Marquez Bros.* with approval); *EEOC v. Marquez Bros. Int'l Inc.*, No. 17-CV-0044-AWI-EPG, 2017 WL 4123915, at *6 (E.D. Cal. Sept. 18, 2017) ("In the conciliation context, the court looks to see only *whether* the EEOC attempted to confer about a charge, and not what happened . . . during those discussions. The same is true of the investigation requirement. The

Court does not delve into the substantive sufficiency of the EEOC's investigation.") (simplified). Because courts do not review the sufficiency of the EEOC's investigation or whether the investigation supports the reasonable cause finding, there is no question of fact or law that would allow Meathead's challenge to the EEOC's investigation to succeed. *See AZ Metro Distributors, LLC*, 2016 WL 10679469, at *6 (striking affirmative defense alleging insufficient of investigation). Meathead admits that an investigation occurred, which is also supported by the investigative file produced by the EEOC and the attached Declaration of EEOC Attorney Andrea Ringer confirming the EEOC took steps to investigate Meathead's recruitment and hiring practices. *See Sterling Jewelers Inc.*, 801 F.3d at 101 (discussing the EEOC may show an investigation took place by submitting a declaration stating the agency performed an investigation and discussing the steps taken).

The third prerequisite is a cause determination by the EEOC. *Mach Mining*, 575 U.S. at 483-84. Meathead admits that the EEOC issued a Letter of Determination. Answer at 5:17-20; 13:17-18. That Letter of Determination states that based on examination of the evidence, the EEOC "had reasonable cause to believe" that Meathead had subjected a class of individuals age 40 and older to a "pattern or practice of discriminatory recruitment and hiring because of their age (40 and older) in violation of the Age Discrimination in Employment Act." *See* Tarazi Decl. Ex. A (Letter of Determination). [2] Meathead complains that the Letter was not specific enough as to *which* of Meathead's hiring and recruitment practices were at-issue, and that the Letter did not disclose names of class members or how

---

[2] While the EEOC acknowledges a motion to strike is not the avenue through which to challenge the truth of Meathead's allegations, it refers to the Letter of Determination, which is incorporated by reference into the Answer, for the purpose of demonstrating that Meathead's allegations improperly challenge the sufficiency of the EEOC's pre-suit investigation.

they were determined to be claimants. Answer at 13:24-14:5. Judicial review is "limited" to a "relatively barebones" determination as to whether the EEOC informed the employer about the specific allegation describing what the employer has done and which class of employees have suffered. *Mach Mining, 575 U.S. at* 494. The EEOC thereby complied with what *Mach Mining* requires. Even if Meathead's allegations were true, there is no question of fact or law that would allow Meathead's challenge to the cause determination to succeed. Meathead essentially seeks the EEOC's justification for making a reasonable cause finding, which is protected by the government deliberative process privilege; the EEOC is not required to identify specifically which "recruitment" and "hiring" practices the EEOC found concerning. The EEOC's Civil Complaint was more specific about Meathead's recruitment and hiring practices, as it is a pleading; a Letter of Determination is not. Meathead knew from the notice of charge that EEOC was investigating the company's hiring practices for age discrimination, and knew from the EEOC's Letter of Determination that EEOC had found the hiring and recruitment practices to violate the ADEA. EEOC was not required to inform Meathead of the *specific* hiring or recruitment practices found to be discriminatory; all of their practices were under investigation and the EEOC found reasonable cause to believe Meathead's hiring and recruitment practices as a whole discriminate based on age.

Fourth, the EEOC must undertake efforts to eliminate the unlawful employment practices through informal means and notify the employer if it was unable to secure an agreement acceptable to the EEOC. *Mach Mining*, 575 U.S. at 483-84. Again, Meathead admits that the EEOC and Meathead engaged in conciliation efforts, and that the EEOC notified Meathead when conciliation failed. Answer at 5:21-6:1. Meathead then goes on to challenge the monetary demands of the EEOC's conciliation demands. Answer at 14:6-11.

In substance, Meathead has admitted that the EEOC met is obligation to conciliate, by admitting the Parties engaged in conciliation efforts which failed. Courts do not review the substance of conciliation efforts. Judicial review is "limited" to a "relatively barebones" determination as to verifying whether the EEOC engaged "the employer in some form of discussion (whether written or oral)" to enable the employer to remedy the discrimination. *Mach Mining, 575 U.S. at* 494. Therefore, even if Meathead's allegations were true, there is no question of fact or law that would allow Meathead's challenge to conciliation to succeed. Meathead's allegations regarding the quality of the EEOC's conciliation efforts urge the Court to do more than the "barebones" review allowed under *Mach Mining.* The Court should decline to do so. The EEOC is not required to "identify and conciliate on behalf of each individual aggrieved employee during the investigation process prior to filing a lawsuit seeking recovery on behalf of a class." *Arizona ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1200 (9th Cir. 2016) (explaining "If the EEOC and the Division were required to pursue individual conciliation on behalf of every aggrieved employee, they would be effectively barred from seeking relief on behalf of any unnamed class members they had yet to identify when they filed their suit."). Further, Meathead's challenge to the EEOC's monetary demands is plainly improper. Courts do not review the substance of conciliation demands, which are confidential.

Meathead admits that the EEOC fulfilled its statutory perquisites to suit. It makes allegations regarding the reasonableness of the investigation and conciliation demands, and complains that the EEOC did not tell Meathead enough about its findings. These are not statutory prerequisites to EEOC litigation. Even if true, Meathead's allegations would not establish a failure to satisfy statutory prerequisites. Meathead's Second Affirmative Defense, while cloaked as challenging the EEOC's administrative prerequisites, is actually a challenge to the sufficiency and scope of the EEOC's investigation, which is not a proper subject of

judicial review and merely serves to distract from the reality that this case is about Meathead's discrimination in hiring and recruitment based on age, not the nature or sufficiency of the EEOC's investigation. There is no question of fact or law which could result in Defendant succeeding on this defense. Further, because the sufficiency of the EEOC's pre-suit administration and conciliation are irrelevant to this *de novo* litigation, Meathead's affirmative defense regarding the EEOC's statutory prerequisites to suit should be stricken.

C. **Meathead's Third, Fourth, and Sixth Defenses Are Not Cognizable Affirmative Defenses**

Meathead's affirmative defenses for Failure to State a Claim (Third Affirmative Defense), No Damages (Fourth Affirmative Defense), and No Willful Conduct (Sixth Affirmative Defense) should be stricken as they are not legally cognizable because they are intended to contradict or negate elements of the EEOC's claim for relief as negative, rather than affirmative, defenses. *See Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.").

Courts routinely strike defenses asserting failure to state a claim on the grounds that it is not a legally cognizable *affirmative* defense. *See, e.g.*, *Rosenfeld v. Talamates*, No. CV 22-497 DSF (EX), 2023 WL 395227, at *1 (C.D. Cal. Jan. 20, 2023) (Fischer, J. ) (striking affirmative defense of failure to state a claim because it "is plainly not an affirmative defense"); *see also Ingram v. Pac. Gas & Elec. Co.*, No. 12-CV-02777-JST, 2014 WL 295829, *3 (N.D. Cal. Jan. 27, 2014) (striking affirmative defense of failure to state a claim as improper). In line with the weight of authority, Meathead's Third Affirmative Defense should be stricken.

Meathead's Fourth Affirmative Defense should likewise be stricken. Meathead alleges that "[t]he EEOC is not entitled to recover damages on behalf of a putative class of 'victims' in the form of 'back pay and benefits' because there

are no victims and no damages occurred." Answer at 15:18-20. This so-called affirmative defense is in essence a challenge to the EEOC's case-in-chief, and is not legally cognizable as an affirmative defense because it does not assert "new facts and arguments that, if true, will defeat plaintiff's claim, even if all allegations in complaint [sic] are true." *EEOC v. California Psychiatric Transitions, Inc.,* 725 F. Supp. 2d 1100, 1118 (E.D. Cal. 2010). Meathead's Fourth Affirmative Defense denies the allegations in the Complaint but does not set forth any new arguments that would defeat the EEOC's claims even if found to be true by the trier of fact.

Meathead's Sixth Affirmative Defense is similarly deficient; Meathead concludes that "[t]he EEOC is not entitled to recover liquidated damages because any unlawful conduct by Meathead Movers was not willful." Answer at 16:3-4. This too merely serves to attempt to negate the elements of the EEOC's claim for damages: backpay, benefits, and liquidated damages are mandatory for willful violations of the ADEA. An employer willfully violates the ADEA where they "knew or showed reckless regard for whether . . . [their] conduct was prohibited by the ADEA." *Hazen Paper Co. v. Biggins,* 507 U.S. 604, 617 (1993). "Willfulness may be shown by circumstantial evidence, including statistical evidence and discriminatory statements." *Pape Lift Inc.,* 115 F.3d at 680-81 (quotations omitted) (awarding liquidated damages based on discriminatory intent evidence); *see also* 29 U.S.C. § 626(b) (expressly authorizing liquidated damages in cases of willful violation and incorporating awards of unpaid wages from Fair Labor Standards Act, 29 U.S.C. § 216(b) (providing for backpay and liquidated damages for willful violations)); *Lorillard v. Pons,* 434 U.S. 575, 581 n.8 (1978) (liquidated damages mandatory upon willfulness finding); *Cassino v. Reichhold Chemicals, Inc.,* 817 F.2d 1338, 1348 (9th Cir. 1987) (mandating liquidated damages equal to backpay and benefits award); *Criswell v. Western Airlines, Inc.,* 709 F.2d 544, 556–57 (9th Cir. 1983) (prejudgment interest may be awarded concurrently with liquidated damages as its intended to compensate for loss of use of money), *aff'd,* 472 U.S.

400 (1985)); *EEOC v. Baltimore Cty.*, 904 F.3d 330, 333 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 2714 (U.S. 2019) (mandating retroactive backpay).

Accordingly, Meathead's Third, Fourth, and Sixth Affirmative Defenses should be stricken.

### D. **Meathead's Seventh Affirmative Defense (Good Faith) Fails to Provide Fair Notice**

Meathead's Seventh Affirmative Defense alleges that "[t]he EEOC is not entitled to recover liquidated damages because Meathead Movers has at all times acted reasonably and made good faith efforts to comply with the ADEA." Answer at 16:7-9. This allegation merely alleges the general legal theory on which the defense is based, which is insufficient to provide fair notice to the EEOC as to what its alleged good faith efforts were. *See Polk v. Legal Recovery L. Offs.*, 291 F.R.D. 485, 491 (S.D. Cal. 2013) (striking good faith defense because it failed to provide fair notice of the basis of the claim); *Crook v. San Bernardino Cnty. Sheriff's Dep't,* No. EDCV 23-02448 JVS (AS), 2024 WL 3469042, at *4 (C.D. Cal. June 13, 2024) (striking affirmative defenses, including equitable defenses, that were a "mere recitation" of a legal doctrine and "devoid of any factual allegations" and citing cases).

Meathead has not provided the EEOC with any information about what alleged good faith efforts it actually made to comply with the ADEA, or what its basis is for its statement that its actions were reasonable. As a result, it has failed to provide fair notice as to the basis for this defense and it should be stricken.

### E. **The EEOC Will Be Prejudiced[3] if Meathead's Affirmative Defenses are Not Stricken**

---

[3] There is a split of authority as to whether a party moving to strike must demonstrate prejudice if the motion is not granted. *Compare, e.g., Rosario v. 11343 Penrose Inc.*, No. 2:20-cv-04715-SB-RAO, 2020 WL 8812460, at *11 (C.D. Cal. Oct. 26, 2020) (striking affirmative defenses without requiring showing of

Through this Motion, the EEOC seeks to eliminate allegations by Meathead in its operative Answer that are invalid defenses, particularly those that bear on current discovery disputes between the Parties.

In particular, to avoid confusion of the issues, the EEOC seeks to again set the record straight that the EEOC has not asserted any disparate impact claim in this case, and Meathead's RFOA defense is inapplicable to this disparate treatment case. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir.) *rev'd on other grounds*, 510 U.S. 517 (1994) (district court could properly strike lengthy, stale and previously litigated factual allegations to avoid prejudice, delay, and confusion of issues). "The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw unwarranted inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike." *Jacobsen v. Katzer*, 609 F. Supp. 2d 925, 935 (N.D. Cal. 2009). Meathead appears to have been conflating the theories of disparate treatment, disparate impact, and pattern or practice, but because this case is a pattern-or-practice disparate treatment case alleging *intentional* discrimination, Meathead's RFOA defense has no place in this lawsuit and the EEOC should not be burdened with discovery requests about this inapplicable defense.

Similarly, the EEOC is prejudiced by Meathead's affirmative defense that the EEOC has not satisfied the administrative prerequisites to suit in this case, in part because in furtherance of its improper focus on an allegedly insufficient investigation Meathead seeks to depose an EEOC investigator about the alleged insufficiencies of his investigation, despite the fact that this individual has no

---

prejudice), *with Pac. Dental Servs., LLC v. Homeland Ins. Co. of N.Y.*, No. SACV 13-749-JST (JPRx), 2013 WL 3776337, at *2 (C.D. Cal. July 17, 2013) (concluding a motion to strike is not generally granted absent a "showing of prejudice to the moving party" (internal quotation marks omitted)).

percipient knowledge of the actual facts at issue in this case. This case is about Meathead's conduct, not the EEOC's. The question is whether Meathead discriminated based on age, not whether the EEOC adequately investigated. Meathead is free to do its own investigation of its hiring and recruitment practices and free to argue to a jury that it does not intentionally discriminate based on age in its hiring and recruitment. But the EEOC's investigation—regardless of its sufficiency—is simply not a defense to age discrimination in hiring and Meathead's should not be allowed to waste valuable resources on such irrelevant discovery.

The EEOC is prejudiced by having to move for a protective order[4] to prevent the deposition of its investigator from taking place and having to prepare the investigator for deposition in the event the deposition is ordered to go forward. The Los Angeles District Office of the EEOC processes hundreds of inquiries and charges per year. Requiring an EEOC employee to sit for a deposition regarding one of the hundreds of investigations that investigator has since conducted diverts limited resources away from active investigations and enforcement actions and affects the EEOC's ability to carry out its mission, as charged by Congress, to process and investigate charges.

The EEOC is also prejudiced by Meathead's failure to provide fair notice to the EEOC of the nature of its claimed good faith defense. In the absence of any allegations about the basis for Meathead's alleged good faith, the EEOC is deprived of the EEOC of the opportunity to propound efficient and meaningful discovery on Meathead as to the element of willfulness, which the EEOC will rely on to make its case-in-chief.

---

[4] The EEOC has already provided counsel for Meathead with its portion of a joint stipulation regarding the EEOC's motion for protective order pursuant to Local Rule 37-2. Tarazi Decl. ¶ 4.

In light of the above, the EEOC would be severely prejudiced if Meathead is permitted to continue asserting the affirmative defenses challenged in this Motion.

## V.    CONCLUSION

For the foregoing reasons, the Court should strike Meathead's First, Second, Third, Fourth, Sixth, and Seventh Affirmative Defenses with prejudice.

Dated:  March 12, 2025                    Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

By:    */s/ Sophie Tarazi*
       Sophie Tarazi
       EEOC Senior Trial Attorney