Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 236260
nakkisa.akhavan@eeoc.gov
Andrea E. Ringer, SBN 307315
andrea.ringer@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 785-3080

Sophie Tarazi, CA SBN 329721
Sophia.tarazi@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
555 W. Beech Street, Suite 504
San Diego, CA 92101
Telephone:  (619) 900-1910

Attorneys for Plaintiff U.S. EEOC

[*Additional counsel continued on following page*]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MEATHEAD MOVERS, INC., and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-08177-DSF-AGRx<br><br>**DISCOVERY MATTER**<br><br>**JOINT STIPULATION RE: EEOC'S MOTION FOR PROTECTIVE ORDER FOR DEPOSITION OF INVESTIGATOR UNDER LR 37-2**<br><br>Hearing: April 8, 2025, 10:00 a.m.<br>Judge: Hon. Alicia G. Rosenberg<br>Discovery Cut-Off: 12/2/2025<br>Pre-Trial Conference: 7/20/2026<br>Trial Date: 8/18/2026 |

*[Additional counsel, continued from previous page]*

MIRA HASHMALL (State Bar No. 216842)
mhashmall@millerbarondess.com
LAUREN M. BRODY (State Bar No. 337858)
lbrody@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Defendant
MEATHEAD MOVERS, INC.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................v

I.    INTRODUCTION........................................................................1

      A. Plaintiff's Introductory Statement.................................1

      B. Defendant's Introductory Statement ..............................2

II.   ISSUE IN DISPUTE: WHETHER DEFENDANT MAY TAKE THE DEPOSITION OF EEOC INVESTIGATOR BENJAMIN LIDHOLM, WHO HAS NO PERSONAL KNOWLEDGE OF THE ALLEGED DISCRIMINATION ............................................................6

      A. Plaintiff's Argument............................................6

            i.    Factual and Procedural History ..........................7

            ii.   Meathead Seeks Privileged Information from Investigator Lidholm....................................9

            iii.  Depositions of EEOC Personnel Seek Irrelevant Information Beyond the Scope of Discovery and Are Routinely Denied Given Undue Burden ...........................15

            iv.   EEOC Testimony is Not Relevant to Meathead's Defenses...............................................21

      B. DEFENDANT'S ARGUMENT......................................24

            i.    The EEOC Violated Its Duty To Seek A Discovery Conference Prior To Burdening The Court And Meathead Movers With This Motion.............................24

            ii.   The EEOC's Cases Paint A Disturbing Picture Of Overreach By The Trial Attorneys In This Case ...................25

            iii.  The Motion Is Meritless ................................29

                  A. The EEOC Bears A High Burden To Resist Discovery...........................................29

                  B. Meathead Seeks Relevant Information........................30

-iii-

*EEOC v. Meathead Movers, Inc.* – Joint Stipulation Re: EEOC's Motion for Protective Order

C. One Deposition Is Not "Unduly Burdensome" Nor Cumulative ...............................................................34

D. The Government Deliberative Process Privilege Should Be Dealt With On A Question-By-Question At Deposition, Not An Ex Ante Order Barring Testimony Entirely ...............................................................35

iv. Defendant's Proposed Resolution ......................................39

v. Defendant's Conclusion ......................................39

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple Inc. v. Samsung Elecs. Co., Ltd,*
 282 F.R.D. 259 (N.D. Cal. 2012).........................................................................30

A*ssembly of Cal. v. Dept. of Com.,*
 968 F.2d 916 (9th Cir. 1992) ...............................................................................10

*Bratton v. Bethlehem Steel Corp.,*
 649 F.2d 658 ........................................................................................................23

*Carrera v. First Am. Home Buyers Prot. Co.,*
 2014 WL 3695403 (S.D. Cal. July 23, 2014) ......................................................15

*Celerity, Inc. v. Ultra Clean Holding, Inc.,*
 2007 WL 205067 (N.D. Cal. Jan. 25, 2007).........................................................30

*Coastal States Gas Corp. v. Dept. of Energy,*
 617 F.2d 854 (D.C. Cir. 1980)..............................................................................10

*Costello v. United States,*
 365 U.S. 265 (1961)..............................................................................................23

*E.E.O.C. v. FAPS, Inc.,*
 No. 10-3095 (PGS), 2012 WL 1656738 (D.N.J. May 10, 2012) ................15, 37

*E.E.O.C. v. Pinal Cnty.,*
 714 F. Supp. 2d 1073 (S.D. Cal. 2010).........................................................*passim*

*EEOC v. ABM Industries, Inc.,*
 2010 WL 1006401 (E.D. Cal. March 5, 2010) ....................................................17

*EEOC v. Airborne Express,*
 1999 WL 124380 (E.D. Pa. Feb. 23, 1999) .........................................................34

*EEOC v. Albertson's LLC,*
 2007 WL 1299194 (D. Colo. May 1, 2007) .........................................................35

*EEOC v. Burlington N.,*
 2008 WL 4845308 (W.D. Okla. June 23, 2008)...................................................31

*EEOC v. California Psychiatric Transitions*,
258 F.R.D. 391 (E.D. Cal. 2009) ..............................................................*passim*

*EEOC v. Caterpillar, Inc.*,
409 F.3d 831 (7th Cir. 2005) ...........................................................16, 22

*EEOC v. Corr. Corp. of Am.*,
2007 WL 4403528 (D. Colo. Dec. 13, 2007) .......................................5

*EEOC v. Def. Ass'n of Philadelphia*,
2021 WL 2414586 (E.D. Pa. June 11, 2021)................................30, 34

*EEOC v. Dolgencorp, LLC*,
No 13-cv-04307, 2015 WL 7251947 (N.D. Ill. Nov. 17, 2015).........................14

*EEOC v. Evans Fruit Co., Inc.*,
2012 WL 442025 (E.D. Wash. Feb. 10, 2012)................................20, 24, 34, 35

*EEOC v. Evans Fruit Co., Inc.*,
CV-10-3033, 2012 U.S. Dist. LEXIS 17003 (E.D. Wash. Feb. 10,
2012) .................................................................................17

*EEOC v. Gen. Elec. Co.*,
532 F.2d 359 (4th Cir. 1976) ......................................................7, 16, 22

*EEOC v. Gold River Operating Corp.*,
No. 2:04-cv-01349-LRL, 2007 WL 983853 (D. Nev. Mar. 30,
2007) .................................................................................16

*EEOC v. Greater Metroplex Interiors, Inc.*,
2009 WL 412934 (N.D. Tex. Feb. 17, 2009) ................................30, 36

*EEOC v. HBE Corp.*,
157 F.R.D. 465 (E.D. Mo. 1994) ..............................................14, 18

*EEOC v. Il Fornaio (America) LLC*,
No. 2:22-cv-05992-SPG-JPR, slip op. (C.D.Cal. Nov. 14, 2024)..........17, 27, 28

*EEOC v. Il Fornaio (America) LLC*,
No. 2:22-cv-05992-SPG-JPR, slip op. (C.D.Cal. Nov. 14, 2024)....................22

*EEOC v. Justin Vineyards and Winery LLC et al.*,
No. 2:22- cv-06039-MRA-RAO....................................................12, 16, 27, 28

*EEOC v. Keco Indus., Inc.*,
   748 F.2d 1097 (6th Cir.1984) ...................................................................16, 22

*EEOC v. Lakemont Homes Inc.*,
   718 F.Supp.2d 1251 (D. Nev. 2010)...................................................................23

*EEOC v. LifeCare Mgmt. Servs., LLC*,
   2009 WL 772834 (W.D. Pa. Mar. 17, 2009)....................................5, 31, 35, 37

*EEOC v. Marquez Bros. Int'l Inc.*,
   No. 17-CV-0044-AWI-EPG, 2017 WL 4123915 (E.D. Cal. Sept.
   18, 2017) ...............................................................................................16, 22

*EEOC v. McCormick & Schmick's Seafood Restaurants, Inc.*,
   2010 WL 2572809 (D. Md. June 22, 2010)....................................12, 14, 17, 38

*EEOC v. Midwest Div. - RMC, LLC*,
   2006 WL 6384881 (W.D. Mo. May 31, 2006)...................................................31

*EEOC v. Nat'l R.R. Passenger Corp.*,
   No. C15-1269-RSM, 2016 WL 3655269 (W.D. Wash. July 8,
   2016) .........................................................................................................16

*EEOC v. PC Iron, Inc.*,
   316 F. Supp. 3d 1221 (S.D. Cal. 2018).........................................................27, 32

*EEOC v. Pioneer Hotel, Inc.*,
   No. 2:11-CV-01588-LRH, 2014 WL 7653921 (D. Nev. Sept. 30,
   2014) ...................................................................................................17, 29

*EEOC v. Presrite Corp.*,
   2012 WL 4434055 (N.D. Ohio Sept. 24, 2012) ................................................31

*EEOC v. Roy Farms, Inc.*,
   2013 WL 6903756 (E.D. Wash. Dec. 31, 2013) ..........................................31, 36

*EEOC v. Source One Staffing*,
   2013 WL 25033 (N.D. Ill. Jan. 2, 2013)........................................................4, 14

*EEOC v. Sterling Jewelers Inc.*,
   801 F.3d 96 (2d Cir. 2015) ...............................................................15, 16, 22

*EEOC v. Sun Cab Co., Inc.*,
 No. CV-S-03-1230-KJD-(RJJ), 2004 WL 7089349 (D. Nev. June
 15, 2004) .................................................................................................16, 17

*EEOC v. Sunshine Raisin Corp.*,
 2023 WL 7926209 (E.D. Cal. Nov. 16, 2023)......................................26, 27, 33

*EEOC v. Swami's Café LLC et al.*,
 Case No. 3:23-CV-00902-TWR-SBC, ECF No. 36 (S.D. Cal. Aug.
 14, 2024) .....................................................................................16, 22, 28, 29

*EEOC v. Swissport Fueling, Inc*,
 2012 WL 1648416 (D. Ariz. May 10, 2012) .................................................32

*EEOC v. Timeless Invs., Inc.*,
 734 F. Supp. 2d 1035 (E.D. Cal. 2010) .........................................................34

*EEOC v. Unicom Elec., Inc.*,
 No. CV026937CASJTLX, 2007 WL 9359941 (C.D. Cal. Mar. 9,
 2007) ..............................................................................................................12, 38

*EEOC v. Venator Group*,
 2000 WL 1059033 (S.D.N.Y. 2000)......................................................15, 18, 37

*Est. of Serna v. Cnty. of San Diego*,
 689 F. Supp. 3d 848 (S.D. Cal. 2023), *aff'd* 2024 WL 942368 (S.D.
 Cal. Mar. 5, 2024) ..........................................................................................36

*F.T.C. v. Warner Commc'ns Inc.*,
 742 F.2d 1156 (9th Cir. 1984) .......................................................................36

*Giezie v. Valley Health Sys., LLC*,
 2012 WL 3929446 (D. Nev. Sept. 7, 2012).................................................31, 37

*Little v. Auburn Univ.*,
 2010 WL 582083 (M.D. Ala. Feb. 17, 2010) .................................................36

*Mach Mining, LLC v. EEOC*,
 575 U.S. 480 (2015)...............................................................................*passim*

*In re McKesson Governmental Entities Average Wholesale Price
 Litig.*,
 264 F.R.D. 595 (N.D. Cal. 2009)..................................................................5, 39

*Miller v. Pancucci*,
 141 F.R.D. 292 (C.D. Cal. 1992)...................................................................36

*Nat'l Wildlife Fed'n v. U.S. Forest Serv.*,
 861 F.2d 1114 (9th Cir. 1988*)* ....................................................................10

*NLRB v. Sears, Roebuck & Co.*,
 421 U.S. 132 (1975).................................................................................14, 37

*Plummer v. Western Int'l Hotels, Co., Inc.*,
 656 F.2d 502 (9th Cir. 1981) ........................................................................31

*Rivera v. NIBCO, Inc.*,
 364 F.3d 1057 (9th Cir. 2004) ......................................................................30

*SEC v. Present*,
 2016 WL 10998439 (D. Mass. May 12, 2016)..............................................14

*Serrano & EEOC v. Cintas Corp.*,
 699 F.3d 884 (6th Cir. 2012) ...................................................................16, 22

*Smith v. City of Jackson, Miss.*,
 544 U.S. 228 (2005).......................................................................................29

*Tradebay, LLC v. eBay, Inc.*,
 278 F.R.D. 597 (D. Nev. 2011) .....................................................................30

*United States v. Angell*,
 292 F.3d 333 (2d Cir. 2002) ..........................................................................23

*U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*,
 592 U.S. 261 (2021).......................................................................................10

**Statutes**

29 U.S.C. § 626(b) .................................................................................................8

**Other Authorities**

29 C.F.R. § 1626.15 ...............................................................................................8

Directed Investigations, U.S. Equal Employment Opportunity
 Commission, https://www.eeoc.gov/directed-investigations (last
 visited March 11, 2025) ..................................................................................3

Enforcement and Litigation Statistics, U.S. Equal Employment
    Opportunity Commission,
    https://www.eeoc.gov/data/enforcement-and-litigation-statistics-0
    (last visited March 11, 2025) ................................................................3

Fed. R. Civ. P. 9(c)..............................................................................21, 27

Fed. R. Civ. P. 26(b) ...................................................................................6

Fed. R. Civ. P. 26(b)(1)......................................................................passim

Fed. R. Civ. P. 26(b)(2).......................................................................2, 7, 20

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii) ..........................................................1, 3

Fed. R. Civ. P. 26(c)..........................................................................7, 20

Fed. R. Civ. P. 26(c)(1) ...............................................................................1

Fed.R.Civ.P. 30(c)(2)................................................................................37

Fed. R. Civ. P. 56(c)(4)...............................................................................39

Fed. R. Evid. 401 ......................................................................................19

Honorable Alicia G Rosenberg, U.S. District Court, Central District of
    California, https://www.cacd.uscourts.gov/honorable-alicia-g-
    rosenberg (last visited March 11, 2025) ..............................................24

L.R. 7-7 ......................................................................................................39

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Rule 37-2 of the Central District of California Local Rules, Plaintiff United States Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") and Defendant Meathead Movers, Inc. ("Defendant" or "Meathead," or "Meathead Movers") (collectively "the Parties") submit this Joint Stipulation regarding EEOC's Motion for a Protective Order regarding Defendant's Deposition Notice of EEOC Investigator Benjamin Lidholm ("Investigator Lidholm").

This motion is made following the conferences of counsel pursuant to L.R. 37-1. *See* Declaration of Andrea E. Ringer ("Ringer Decl.") at ¶ 6-10.   The Parties have been unable to reach a resolution, thereby necessitating the EEOC moving for a protective order.

As the Court stated in the November 4, 2024, informal discovery conference, discovery disputes regarding the application of privilege are properly decided after motion practice. Ringer Decl. at ¶ 11. EEOC contends that Meathead seeks information protected from disclosure by the government deliberative process privilege.  Accordingly, in the interests of judicial efficiency, the EEOC brings this motion without first seeking an informal discovery conference.  As explained in its portion of this Joint Stipulation, Meathead Movers disputes this and objects to this motion practice in the absence of an IDC with the Court.

## I.    INTRODUCTION

### A. Plaintiff's Introductory Statement

Good cause exists for the Court to issue an order precluding the deposition of Investigator Lidholm as the discovery sought is neither relevant to the claims or defenses nor proportional to the needs of the case, is unreasonably cumulative and duplicative, unduly burdensome, and invades the government deliberative process privilege and/or other applicable privileges. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii), 26(c)(1).

Discovery of any "nonprivileged matter" must be "relevant to any party's

claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Discovery is not without boundaries, and the federal rules expressly grant courts broad discretion to limit discovery abuses. Fed. R. Civ. P. 26(b)(2). Inherent in the scope of discovery is that a party is not entitled to privileged information. Meathead's Deposition Notice of Investigator Lidholm seeks irrelevant and privileged information regarding the EEOC's evaluation of evidence during its administrative investigation into Meathead's compliance with the Age Discrimination in Employment Act ("ADEA").  The EEOC has already produced all discoverable information from its administrative investigation.  Any inquiry outside of privileged and confidential information is wholly duplicative and unduly burdensome given it would require the EEOC to prepare a witness to testify as to what has already been produced. Investigator Lidholm does not have personal knowledge relevant to whether Meathead has engaged in a pattern or practice of discrimination, nor does Investigator Lidholm have personal knowledge relevant to any cognizable affirmative defenses asserted by Meathead. The issue in this litigation is whether Meathead has a pattern or practice of intentional age discrimination in recruitment and hiring. Investigator Lidholm is not a percipient witness to Meathead's recruitment and hiring practices.  Everything Investigator Lidholm knows about Meathead's compliance with the ADEA is based on what others told him—mostly Meathead and its own staff – all which is hearsay. Unlike Meathead representatives, Investigator Lidholm has no personal knowledge as to the claims and defenses here.

        As a whole, the deposition of an EEOC investigator here is not proportional to the needs of the case, as the EEOC's underlying investigation is irrelevant and not subject to judicial review. Meathead's Deposition Notice appears intended to harass Plaintiff and attack the EEOC's justification for filing a public interest enforcement action against Meathead. The Deposition Notice unavoidably invades well-established privileges, including but not limited to the deliberative process

privilege.

Accordingly, good cause exists for a protective order because the discovery sought is privileged, is "outside the scope" of discovery, "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" and Meathead has "ample opportunity to obtain" any discoverable information via less burdensome means. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). As articulated in greater detail below, a protective order barring the deposition of Investigator Lidholm is warranted to prevent harm to the EEOC.

## B. Defendant's Introductory Statement

Meathead Movers is a small business fighting for its survival while the EEOC continues its protracted and atextual prosecution on behalf of a "class" of "hundreds" of people over the age of 40—still not identified by the EEOC—who were allegedly clamoring to work for modest wages at a moving company that requires its laborers to jog between moving heavy furniture. The EEOC admits that this case arises out of an investigation initiated by the EEOC without a single complaint. What the EEOC fails to disclose is that it is one of only *eight* filed in *ten years* in all federal courts across the country based on such an investigation.[1] To put it into context, that is 0.00001% of the total volume of charges the passed through the agency during that decade.[2]

The EEOC's portion of this briefing does not grapple with this. Instead, the EEOC seeks an order exempting itself from ordinary civil discovery on the grounds that: (1) deposing the investigator would be unreasonably

---

[1] Directed Investigations, U.S. Equal Employment Opportunity Commission, https://www.eeoc.gov/directed-investigations (last visited March 11, 2025).

[2] Enforcement and Litigation Statistics, U.S. Equal Employment Opportunity Commission, https://www.eeoc.gov/data/enforcement-and-litigation-statistics-0 (last visited March 11, 2025).

cumulative/duplicative and unduly burdensome; (2) the adequacy of the EEOC's
investigation and conciliation is not subject to judicial review and therefore not
relevant to the claims and defenses asserted; and (3) all of the investigator's
testimony is subject to the government deliberative process privilege "and/or other
applicable privileges." None support a protective order here.

It is neither cumulative nor an undue burden for Meathead Movers to take a
single deposition of an employee of the EEOC, the only plaintiff and complaining
party. In comparison, the EEOC sought permission to take *fifty* depositions of
Meathead Movers' personnel. (Brody Decl., Ex. B at 19–20.) Not only does the
burden of *one* deposition on the EEOC pale in comparison, but this deposition is
actually the most efficient and least burdensome vehicle for Meathead Movers to
try and discover facts related to the EEOC's putative class without deposing each
claimant, including their accounts of the circumstances of their alleged
discrimination. In the EEOC's own authority, a court rejected identical claims that
deposing an investigator is impermissibly cumulative of the investigative file or
"places a burden on the agency," dismissing these arguments as "not compelling"
on the rationale that "[w]hen the government seeks affirmative relief, it is
fundamentally unfair to allow it to evade discovery of materials that a private
plaintiff would have to turn over." *EEOC v. California Psychiatric Transitions*,
258 F.R.D. 391, 401 (E.D. Cal. 2009) (cited *infra*).

The EEOC's next objection that the sufficiency of the EEOC's investigation
or conciliation is irrelevant is a red herring. The EEOC concedes that Meathead
Movers is not just seeking facts about these issues. (Ringer Decl., Ex. 7 at 1.)
Meathead Movers intends to depose the investigator regarding ambiguities in the
investigative file and facts known to him as a result of his investigation, which bear
directly on the claims asserted by the EEOC in this case and relief sought. *E.g.*,
*Cal. Psych. Transitions*, 258 F.R.D. at 397 (permitting deposition to clarify
ambiguities and factual aspects of the EEOC's file). The EEOC also misstates the

law.  Far from being beyond review, the EEOC's cited law confirms that the requirements of administrative exhaustion have teeth that courts are empowered to enforce.  *See Mach Mining, LLC v. EEOC*, 575 U.S. 480, 489 (2015) (cited *infra*) (rejecting EEOC's argument that there is no "reviewable prerequisite to suit").  The EEOC's arguments about the deliberative process privilege are equally contrary to law.  The EEOC itself has relied on factual information from the investigation throughout this case.  (*E.g.*, Brody Decl., Ex. C.)  As soon as it wanted to avoid discovery, however, the EEOC changed tack.  But "[t]he deliberative process privilege is not absolute" and the EEOC has not met its burden of showing it supports a categorical bar on the investigator's deposition where, as here, the EEOC is a party to the litigation.  *See In re McKesson Governmental Entities Average Wholesale Price Litig.*, 264 F.R.D. 595, 601 (N.D. Cal. 2009); *Cal. Psych. Transitions*, 258 F.R.D. at 397 (denying deliberative process privilege to deposition of EEOC investigator).

The EEOC is also abusing the privilege.  The EEOC's declaration is a verbatim cut-and-paste from the last one it submitted.  (*Compare* Ringer Decl., Ex. 1, *with* Brody Decl., Ex. D.)  Without speaking to the investigator, the declarant states only boilerplate legal conclusions.  (Ringer Decl., Ex. 1.)  This is insufficient.  *See EEOC v. LifeCare Mgmt. Servs., LLC*, 2009 WL 772834, at *2 (W.D. Pa. Mar. 17, 2009) (the EEOC cannot "unilaterally declar[e] all information known to the EEOC as privileged" and "unless and until Defendants actually ask a question at the deposition that intrudes upon the deliberative process privilege or any other alleged applicable privilege, . . . the EEOC's objections are premature"); *accord EEOC v. Corr. Corp. of Am.,* 2007 WL 4403528, at *1 (D. Colo. Dec. 13, 2007).

This litigation is factually and procedurally unique from the handful of unpublished orders the EEOC cites, which only limited depositions based on the specific circumstances of those cases.  The EEOC does not cite any decision where

a court precluded the deposition of the sole, non-lawyer witness to all of the evidence of alleged discrimination that underpins a lawsuit that the EEOC helmed from the very beginning.  Meathead Movers requests that the Court deny the EEOC's request for a protective order and award it its fees opposing this motion.

## II.   ISSUE IN DISPUTE: WHETHER DEFENDANT MAY TAKE THE DEPOSITION OF EEOC INVESTIGATOR BENJAMIN LIDHOLM, WHO HAS NO PERSONAL KNOWLEDGE OF THE ALLEGED DISCRIMINATION.

### A. <u>Plaintiff's Argument</u>

Meathead has noticed the deposition of EEOC Investigator Lidholm, who was involved in the EEOC's underlying administrative investigation conducted between November 2017 and August 2019.   As a preliminary matter, any discovery sought must be relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b). Meathead has noticed Investigator Lidholm's deposition because it wants to find out what "specific" employment practices of Meathead were investigated, what factual information was found, and about EEOC's identifcation of claimants. This inquiry goes straight to the heart of the government's deliberative process privilege, which protects from disclosure information that would reveal the pre-decisional mental impressions and decision-making of the EEOC. *See EEOC v. Cal. Psych. Trans.,* 258 F.R.D. 391, 397–98 (E.D. Cal. 2009) ("[A]ny conclusions, interpretations, or recommendations that the investigator formulated would be subject to the [government deliberative process privilege]."). Defendant may seek in discovery information regarding what was done in the investigation. To this end, the EEOC has already produced *all* non-privileged portions of its investigative file, which is the best available source of information regarding what occurred in the investigation.  The deposition of Investigator Lidholm is very burdensome to the EEOC, and not proportional to the needs of the case because his testimony about the investigation is duplicative of the file, and he has no personal knowledge of what happened in the workplace.  Indeed, the

EEOC's underlying investigation is irrelevant because any subsequent trial is *de novo*. *See, e.g.*, *EEOC v. Gen. Elec. Co.*, 532 F.2d 359, 370 (4th Cir. 1976) (holding the EEOC's proceedings are not reviewable "[a]nd the court trial is de novo, completely separate from the actions of the EEOC"); *Cal. Psych. Trans.*, 258 F.R.D. at 397 ("[A]n EEOC lawsuit is a trial de novo and EEOC's investigation is not subject to court review.").

Investigator Lidholm's testimony will ultimately (a) duplicate the investigative file already produced, or (b) be privileged and/or confidential. Given that Defendant is in possession of the best available evidence – the investigative file – it is unduly burdensome for the Commission to produce its employees for the purpose of responding to inquiries about the very same information and objecting based on privilege. Thus, the discovery sought is "unreasonably cumulative or duplicative" of discovery already obtained, unduly burdensome, or "can be obtained from some other source that is more convenient, less burdensome, or less expensive," and exceeds the scope of discovery and should be precluded. Fed. R. Civ. P. 26(b)(1); 26(b)(2)(C)(i)-(iii).

For good cause, the EEOC requests the issuance of a protective order to forbid the deposition of Investigator Lidholm and protect the EEOC from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c), 26(b)(2). Defendant's request for testimony from EEOC personnel is oppressive, harassing, costly and with no probative value, and unduly burdensome. Having no relevance to any claim or defense in this case, the intended purpose of this deposition testimony can only be for an improper motive, including to probe into the EEOC's privileged decision-making process and cause EEOC undue burden and expense by deposing EEOC's valuable investigative staff.

### i.    *Factual and Procedural History*

The EEOC alleges that, since at least 2017, Defendant Meathead Movers, Inc. has violated the Age Discrimination in Employment Act ("ADEA") by

engaging in a companywide pattern or practice of age discrimination by its ongoing and intentional failure to recruit or hire individuals in the protected age group (age forty (40) and older) ("PAG") into moving, packing, or customer service positions because of their age.

The EEOC is the federal agency charged with enforcing the ADEA. 29 U.S.C. § 626(b); 29 C.F.R. § 1626.15 Accordingly, the instant litigation was preceded by the EEOC's administrative investigation. Pursuant to 29 U.S.C. § 626 and 29 C.F.R. §§ 1626.4, 1626.15, that investigation was initiated by a Directed Charge informing Meathead that the EEOC's Fresno Local Office was investigating Meathead's compliance with the ADEA, and that the focus of the EEOC's investigation would be Meathead's hiring practices at all locations. *See* Exh. 2 (Charge of Discrimination). The Charge identifies the point of contact at the EEOC as Investigator Lidholm. *Id.* The investigation lasted 21 months, and concluded when EEOC Local Director Melissa Barrios issued a Letter of Determination stating that based on an examination of the evidence, the EEOC found reasonable cause to believe that Meathead had subjected a class of individuals age 40 and older to a pattern or practice of discriminatory recruitment and hiring because of their age, and that Meathead had chilled or deterred individuals 40 or older from seeking employment because of their age. *See* Exh. 3 (Letter of Determination). This Letter also invited Meathead to begin conciliation discussions, which were ultimately unsuccessful. *Id.*; Ringer Decl. at ¶ 15. Investigator Lidholm was not involved in conciliation as he transferred to another EEOC office. Ringer Decl. at ¶ 15.

The EEOC ultimately brought a lawsuit alleging Meathead maintains a pattern or practice of intentional age discrimination. The Complaint details specific employment practices the EEOC contends "individually and together operate to create and maintain a company and company 'culture' composed of young employees." *See* ECF No. 1 at 6:17-10:5. In discovery, the EEOC produced

the non-privileged portions of its investigative file, as well as a privilege log identifying documents withheld as privileged. Ringer Decl. at ¶ 13.  These include investigative memoranda and other documents that contain or reflect the EEOC staff's analysis of the evidence gathered. Such documents were withheld because they reveal the mental impressions and inner workings of the EEOC and invade the government deliberative process privilege, as well as privileged communications with attorneys.  *Id.*; Exh. 9 (Privilege Log).

Meathead has noticed Investigator Lidholm's deposition. Exh. 4, 6 (Deposition Notices). EEOC asked Meathead to articulate how the discovery sought was relevant and proportional to the needs of the case.  Exh. 5 (Objection Letter).  Meathead counsel stated that Meathead was seeking testimony regarding (1) which of Meathead's "specific employment practices were being investigated" in underlying administrative investigation; (2) EEOC's identification of claimants during the investigation; and (3) what factual information was found in the investigation.  Ringer Decl. at ¶ 9. Meathead counsel disclaimed any intention of seeking information regarding the basis for the directed charge, investigative steps, or litigation, conclusions reached by the EEOC, or internal EEOC processes, but did not agree to limit topics of inquiry in writing or otherwise stipulate to limitations on deposition topics.  *Id*.  Meathead counsel also stated Meathead was seeking this information for its affirmative defenses, including laches, and that they may have questions regarding documents in the investigative file, though no specifics were provided.  *Id.*

### ii.    *Meathead Seeks Privileged Information from Investigator Lidholm*

The Court should issue a protective order barring the deposition of Investigator Lidholm, as Meathead's express purpose of the deposition is to obtain irrelevant information that is protected from disclosure by the government deliberative process privilege. *See* Fed. R. Civ. P. 26(b)(1). The EEOC presents a

declaration by the Acting Chair of the EEOC, Andrea Lucas, in support of its assertion of the government deliberative process privilege. *See* Exh. A.  The subjects of inquiry also necessarily invade upon the attorney-client privilege.

The deliberative process privilege shields from disclosure documents and information "reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 267 (2021) (simplified). The purpose of the government deliberative process privilege is to protect the quality of government decision-making by "maintaining the confidentiality of advisory opinions, recommendations, and deliberations." *Nat'l Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114, 1116-17 (9th Cir. 1988*)*.  This allows "agencies [to] freely [] explore possibilities, engage in internal debates, and play devil's advocate without fear of public scrutiny." A*ssembly of Cal. v. Dept. of Com.*, 968 F.2d 916, 920 (9th Cir. 1992); *see also Coastal States Gas Corp. v. Dept. of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980) (describing purpose of deliberative process privilege). This purpose would be endangered if the EEOC personnel were compelled to testify regarding which specific information that EEOC personnel considered important as part of the investigation, or what facts were "found" during the investigation, or to explain its determination of who qualified as a claimants.

As stated above, Meathead has noticed Investigator Lidholm's deposition so that it can ask which of Meathead's "specific employment practices" were investigated, what EEOC did to identify claimants, and what factual information was found in the investigation. This inquiry is framed to appear as merely seeking "factual" information, but instead seeks information protected from disclosure by the deliberative process privilege. First, Meathead purports to seek the practices investigated, but the EEOC's Charge and Letter of Determination identify the practices investigated. Specifically, the Charge states the EEOC was investigating

Meathead's compliance with the ADEA and its focus was Meathead's "hiring practices" companywide; the Letter of Determination states the EEOC found reasonable cause to believe Meathead engaged in a pattern or practice of discriminatory recruitment and hiring because of age, and that Meathead chilled or deterred older applicants from applying.  Exh. 2-3 (Charge and Letter of Determination). The Civil Complaint also identifies specific employment practices. Thus, Meathead is not seeking to know the practices investigated; it already knows that information. By seeking additional information beyond what the Charge, Letter, and Complaint say about the practices investigated, and also seeking what "factual information was found" – more commonly called the "findings of fact" – Meathead seeks something much broader than discrete factual clarifications, the disclosure of which would "require revealing information about the EEOC's deliberative process, such as its analysis of the information obtained" and "its evaluation of the evidence." *See E.E.O.C. v. Pinal Cnty.*, 714 F. Supp. 2d 1073, 1078 (S.D. Cal. 2010) (quashing deposition of EEOC investigator). In essence, Meathead wants the EEOC investigator to connect the dots between the Charge, the investigative file produced to Meathead, the EEOC's reasonable cause finding, and the EEOC's Civil Complaint, and explain how the EEOC got to where it is today.  The basis for the EEOC's reasonable cause finding and litigation allegations is privileged and not discoverable. *Pinal Cty*., 714 F. Supp. 2d at 1078. Because Meathead's inquiry goes beyond  what the EEOC said in its Letter and Complaint and asks instead about which *specific* employment practices were investigated and what factual findings were made, the inquiry necessarily requires the disclosure of the EEOC's mental impressions in evaluating the evidence and internal decision-making. These inquiries invade the government deliberative process privilege.  *See Cal. Psych. Trans.,* 258 F.R.D. 391, at 397–98.

Meathead's demand for "factual information found" in the EEOC investigation is also improper because this line of questioning goes directly to the

investigator's ordering of and compilation of those facts to reveal the investigator's decision-making process about which facts the investigator consider important for particular aspects of the case. This analysis of evidence directly impinges on the government deliberative process and attorney-client privileges. *See EEOC v. Unicom Elec., Inc.*, No. CV026937CASJTLX, 2007 WL 9359941, *1 (C.D. Cal. Mar. 9, 2007) (barring deposition of investigator where employer sought to learn "exactly what facts [the investigator] learned during her investigation," and explaining government deliberative process privilege would protect the investigator's impressions about that information). This would be tantamount to asking an EEOC representative to "set forth the selected facts which constitute the factual basis of the probable cause finding" or the basis for the suit, which again "would infringe on the deliberative process privilege as it would reveal the EEOC's evaluation and analysis of the extensive factual information gathered by the agency." *Pinal Cnty.*, 714 F. Supp. 2d at 1078; *EEOC v. McCormick & Schmick's Seafood Restaurants, Inc*., 2010 WL 2572809 at *5-6 (D. Md. June 22, 2010). "Although couched as seeking facts," Meathead's inquiry into factual findings "seek[s] privileged information regarding the decision-making process of the EEOC or compilations of facts" and therefore impermissibly infringes on the deliberative process privilege. *See* Exh. 8 (*EEOC v. Justin Vineyards and Winery LLC et al*., No. 2:22- cv-06039-MRA-RAO, p. 6 (C.D. Cal. Dec. 10, 2024) (pending review on reconsideration)).

Meathead's inquiry into what the EEOC did to identify claimants and gather evidence is also not a necessary inquiry via deposition as less burdensome means exist to discovery this information. The EEOC's decision making with respect to the identification of class members necessarily involves information protected by the deliberative process privilege. The EEOC's actions taken to gather information or documents from claimants is reflected in the investigative file. The EEOC has produced copies of all communications between EEOC and applicants that

occurred during the investigation, including hundreds of questionnaires, as well as any documents obtained from Meathead or from applicants during the investigation.   To the extent Meathead's inquiry is what actions were taken by the EEOC to gather documents from applicants that may not be reflected in the investigative documents, this can be more appropriately be sought in written discovery.

The investigative process at the EEOC does include connecting the dots between the evidence and the allegations and the ultimate determination—done through investigative memoranda and other documents withheld by the EEOC as privileged. The EEOC's privilege log identifies such documents withheld based on the deliberative process privilege that include the precise information being sought by Meathead: the EEOC's interpretation of the evidence obtained in the investigation, including how Meathead's recruitment and hiring policies and practices showed an intentional preference for young workers, and how EEOC reached a reasonable cause finding.  Documents withheld based on the government deliberative process privilege, attorney-client privilege, or other privilege or confidentiality grounds, include investigative memoranda, spreadsheets, notes, and internal communications by EEOC investigators, attorneys, and staff from EEOC's Office of Enterprise & Data Analytics, reviewing and discussing the EEOC's analysis of the evidence, including applicant and hiring data, and deliberating regarding the investigative steps and draft investigative documents.  (Exh. 9 (Privilege Log). All these materials show the mental impressions of the EEOC during the investigation and how the EEOC reached its reasonable cause finding. Defendant has not challenged the EEOC's privilege log, as the documents withheld are clearly privileged, but it now seeks the very same information by way of deposing the investigator. Either way, the information is privileged.

To the extent Meathead seeks the marshalling of facts in support of allegations in the Complaint, this also inherently involves counsel's mental

impressions and legal strategy and constitutes protected attorney work-product.
*See SEC v. Present*, 2016 WL 10998439, at *3 (D. Mass. May 12, 2016)
(precluding Rule 30(b)(6) deposition of SEC on topics regarding factual basis for
complaint allegations because this would intrude on attorney work product); *EEOC
v. Source One Staffing*, 2013 WL 25033 at *7 (N.D. Ill. Jan. 2, 2013) ("Rule
30(b)(6) deposition seeking testimony about the facts *'supporting or rebutting'* any
claims necessarily would be filtered through an attorney's mental impressions");
*EEOC v. HBE Corp.*, 157 F.R.D. 465, 466 (E.D. Mo. 1994) (precluding Rule
30(b)(6) deposition to "explore the factual bases of the claims made by Plaintiff"
because "it is the selection and compilation of the relevant facts that is at the heart
of the work product doctrine"). Defendant may not use a deposition of the EEOC
to learn the EEOC counsel's interpretation of the facts and how they have chosen
to proceed in preparing their case. *McCormick & Schmick's Seafood Restaurants,
Inc.*, 2010 WL 2572809 at *5-6 ("Defendants' deposition subjects are not asking
for clarification of this factual data, but rather for how EEOC's counsel has
marshaled the facts learned during its investigation in support of its case"). The
mental impressions of EEOC staff and the information considered leading to the
EEOC's decision to file suit is also protected from disclosure, as this is pre-
decisional and shielded by the government deliberative process privilege. *See
EEOC v. Dolgencorp, LLC*, No 13-cv-04307, 2015 WL 7251947, at *5 (N.D. Ill.
Nov. 17, 2015) (EEOC's analyses in pattern-or-practice case were "predecisional .
. . as they arose in the context of evaluating whether or not to sue [the defendant]").

The EEOC's investigation and findings are not under review and Defendant
appears to be on a fishing expedition into how the EEOC internally considered and
evaluated information in its decision-making process as it relates to Meathead.
This is not a permissible inquiry and a protective order is warranted to prevent this
intrusion. *See, e.g., NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975)
(preventing disclosure of information related to government agencies' process of

decision-making); *EEOC v. Venator Group,* 2000 WL 1059033, 4* (S.D.N.Y. 2000) (sustaining the EEOC's objection to Rule 30(b)(6) deposition because defendant sought government officials' opinions, implicating deliberative process privilege).

There is no good cause or substantial need for the information sought nor has Defendant asserted any particularized need for information protected by government deliberative process privilege that would outweigh the confidential nature of EEOC's pre-decisional decision-making process. As explained further below, the information sought is irrelevant to the claims and defenses so there is no basis for the discovery sought other than to harass the EEOC. "Given that '[i]n all but exceptional cases it is considered against the public interest to compel the government to produce inter-agency advisory opinions,'" the Court should find Meathead has failed to meet its burden and grant the EEOC's motion. *E.E.O.C. v. FAPS, Inc.,* No. 10-3095 (PGS), 2012 WL 1656738, at *32 (D.N.J. May 10, 2012).

### iii.    Depositions of EEOC Personnel Seek Irrelevant Information Beyond the Scope of Discovery and Are Routinely Denied Given Undue Burden

Defendant seeks information that is irrelevant to any claim or defense in this case, rendering the deposition sought beyond the bounds of permissible discovery. Fed. R. Civ. P. 26(b)(1); *Carrera v. First Am. Home Buyers Prot. Co.*, 2014 WL 3695403, at *1 (S.D. Cal. July 23, 2014) (good cause for protective order "can be met by showing that the sought after discovery is irrelevant").

First, the EEOC's pre-suit investigation[3] is irrelevant to the claims and defenses in this case. It is well settled that trial is *de novo* in this matter and that an employer may not litigate the adequacy of the EEOC's investigation and determination. *EEOC v. Sterling Jewelers Inc.*, 801 F.3d 96, 101 (2d Cir. 2015)

---

[3] This is the only subject of discovery sought by Meathead in taking Investigator Lidholm's deposition.

("courts may not review an investigation" or its scope, but only inquire into "whether an investigation occurred"); *Serrano & EEOC v. Cintas Corp.*, 699 F.3d 884, 904 (6th Cir. 2012) (courts may not inquire into sufficiency or scope of investigation); *EEOC v. Caterpillar, Inc.,* 409 F.3d 831, 833 (7th Cir. 2005) (determination of the EEOC is not judicially reviewable); *EEOC v. Keco Indus., Inc.*, 748 F.2d 1097, 1100 (6th Cir.1984) (error for the district court to inquire into the sufficiency of the EEOC's investigation); *Gen. Elec. Co.,* 532 F.2d at 370 (4th Cir. 1976) (EEOC has no adjudicatory power, its investigation is not reviewable and purely non-adversarial, "trial is de novo, completely separate from the actions of the EEOC", and noting the "potential for delay and diversion which such an undertaking would create is substantial"); *see also* Exh. 11 (*EEOC v. Swami's Café LLC et al.*, Case No. 3:23-CV-00902-TWR-SBC, ECF No. 36, at *8-9 (S.D. Cal. Aug. 14, 2024) (citing *Sterling Jewelers* and *Marquez Bros.* with approval)); *EEOC v. Marquez Bros. Int'l Inc.*, No. 17-CV-0044-AWI-EPG, 2017 WL 4123915, at *6 (E.D. Cal. Sept. 18, 2017).

Defendant's questions regarding the sufficiency of EEOC's investigation are "not a relevant inquiry". *See* Exh. 8 (*EEOC v. Justin Vineyards and Winery LLC et al.*, No. 2:22- cv-06039-MRA-RAO, p. 5 (C.D. Cal. Dec. 10, 2024) (granting protective order against deposition of EEOC investigator and Rule 30(b)(6) witness) (pending review on reconsideration)); *EEOC v. Nat'l R.R. Passenger Corp.*, No. C15-1269-RSM, 2016 WL 3655269, at *4 (W.D. Wash. July 8, 2016) (denying discovery seeking to attack sufficiency of EEOC's pre-suit investigation); *EEOC v. Gold River Operating Corp.*, No. 2:04-cv-01349-LRL, 2007 WL 983853, at *7-8 (D. Nev. Mar. 30, 2007) ("[i]nasmuch as the sufficiency of the EEOC's investigation is not litigable, the answers to these questions are not relevant"); *EEOC v. Sun Cab Co., Inc.*, No. CV-S-03-1230-KJD-(RJJ), 2004 WL 7089349, at *1 (D. Nev. June 15, 2004) (denying deposition of EEOC employees and finding investigation leading up to letter of determination was not relevant).  Accordingly,

where, as here, defendants challenge the adequacy or nature of EEOC's
investigation, courts have rejected efforts to depose EEOC personnel and denied
depositions in their entirety, including on the ground that the information sought is
irrelevant. *See id.; EEOC v. Evans Fruit Co., Inc*., CV-10-3033, 2012 U.S. Dist.
LEXIS 17003 (E.D. Wash. Feb. 10, 2012) (granting protective order and holding
that "[t]he details of the EEOC's investigative and conciliation efforts are not
essential to Defendant's understanding and defense" of EEOC's claims); *see also
EEOC v. Pioneer Hotel, Inc*., No. 2:11-CV-01588-LRH, 2014 WL 7653921, at *7
(D. Nev. Sept. 30, 2014) (finding defendant should not be permitted to depose
EEOC personnel regarding adequacy of investigation); *EEOC v. ABM Industries,
Inc*., 2010 WL 1006401 at 3* (E.D. Cal. March 5, 2010) (granting protective order
where defendant failed to demonstrate deposing the EEOC Director would lead to
relevant evidence); *Pinal Cty*., 714 F. Supp. 2d at 1078 (granting motion to quash
deposition); *McCormick & Schmick's Seafood Restaurants*, Inc., 2010 WL
2572809 at *5-6.  Even where courts have considered the sufficiency of the
EEOC's underlying investigation, judicial review is bare bones.  *See* Exh. 10
(*EEOC v. Il Fornaio, (America) LLC*, No. 2:22-cv-05992-SPG-JPR, slip op. at 7
(C.D.Cal. Nov. 14, 2024) (The "judicial review of the step-by-step requirements
conducted by the EEOC is 'relatively bare bones'" (citing *Mach Mining*, 575 U.S.
at 494)).   In such circumstances, courts have not permitted discovery into the
EEOC's decision-making process as part of that challenge to the sufficiency of
EEOC's investigation, as this information is squarely subject to the government
deliberative process privilege.

Second, the EEOC has already produced thousands of pages of discovery
representing the non-privileged portions of its investigatory file. Ringer Decl. at ¶
17.  These documents show the investigative steps taken by EEOC as well as the
factual information obtained by EEOC during that investigation. It includes the
charge of discrimination, requests for information sent to Meathead, Meathead's

responses thereto, correspondence between EEOC and Meathead during the
investigation, notes of interviews conducted by EEOC personnel, applicant records
produced by Meathead (and scanned by the EEOC), documents and questionnaire
responses from applicants, the letter of determination, and all communications
exchanged with applicants during the investigation.  In light of the documents
provided to Defendant, any information that could be learned through the
deposition of EEOC personnel would be duplicative and cumulative of the
discovery already provided by EEOC. Ringer Decl. at ¶ 17. EEOC personnel do
not have independent, personal knowledge of any facts relevant to this litigation.
Questions about the investigative file outside the four corners of the investigative
file necessarily encroach into areas protected by the governmental deliberative
process privilege, as well as the attorney-client privilege, to the extent Mr. Lidholm
consulted with counsel for the EEOC during the investigation.

Given that Meathead is already in possession of the best available evidence,
it is unduly burdensome for the EEOC to produce its employees for a deposition
for the purpose of responding to inquiries about the same information.  District
courts deny depositions of EEOC employees on the grounds that the deposition
testimony  is unnecessarily duplicative and burdensome. *See*, *e.g.*, *Venator Group*,
2000 WL 1059033 (prohibiting deposition of EEOC investigator where defendant
could not explain why deposition would likely lead to additional evidence not
already turned over and deposition would be complicated by difficult privilege
objections); *HBE Corp.*, 157 F.R.D. at 466-67 (granting EEOC's motion for
protective order on Rule 30(b)(6) witness where EEOC "fully complied with all of
the defendant's discovery requests, including turning over its complete
investigative file and identifying all witnesses . . ."). Any possible value is far
outweighed by the burden this deposition would place on EEOC, by requiring it to
produce a deponent to reiterate the information contained in paper discovery
already produced. *See*, *e.g.*, *Pinal Cnty.*, 714 F. Supp. 2d at 1078 (granting motion

to quash deposition because investigative file is "likely the best source of . . . information" about the investigation). These reasons alone provide a basis to grant EEOC's motion.

Third, the burden to appear for deposition is heavy on the EEOC, especially where as here, the investigator lacks personal knowledge as to the claims and defenses and the actual deposition testimony sought is irrelevant and either duplicative or privileged. The EEOC processes thousands of inquiries and charges per year, and individual investigators often investigate hundreds of charges per year. The EEOC's ability to process and investigate charges will be severely hampered if its employees are routinely required to take time from their jobs to prepare for and attend depositions on any of the hundreds of charges they have investigated. Thousands of lawsuits, including by private litigants, are filed each year alleging violations of the statutes the EEOC is charged with enforcing. This agency would be unable to function effectively if its employees were required to give depositions in even a fraction of these cases, a genuine risk because the EEOC's investigation is no more relevant in this case than any other. Thus, allowing deposition of an investigator here only invites private litigants to do the same. Such depositions are unduly burdensome and oppressive upon the EEOC and public resources. This is not just the EEOC's budget—these are taxpayer funds that are squandered on a deposition without probative value. Moreover, given the large number of cases Mr. Lidholm has investigated during his time with the EEOC, it is unlikely that he would recall any non-privileged information that is not already contained in the investigative file. Again, Investigator Lidholm has no personal knowledge regarding Meathead's recruitment and hiring practices; everything he knows is based on what others told him – bald hearsay.  Thus, Investigator Lidholm's testimony will not lead to the discovery of any information that has the "tendency to make a fact more or less probable" that is "of consequence" to the EEOC's claims or Defendant's asserted defenses. *See* Fed. R.

Evid. 401. It is burdensome and inefficient to require EEOC to produce its employees for deposition where their testimony can go no further than the documentary evidence already produced, where they have little to no recall of the investigation conducted, and where any other information the employee could possess is protected from disclosure by privilege. *See Evans Fruit Co., Inc.,* 2012 WL 442025, at *4 (quashing deposition instead of permitting it to proceed with EEOC objecting based on privilege because "[t]his would be an inefficient use of the parties' time and the court's time").

The deposition will also create a burden on the Court. Given the privileged nature of the subjects of inquiry, the EEOC would be forced to make countless privilege objections, which will likely require Court intervention given the Parties clearly disagree on the application of the government deliberative process privilege. The EEOC wishes to avoid burdening the Court and as such believes a protective order is a more judicially economical approach.  Thus, because more convenient, less burdensome, and less expensive sources exist for Defendant to obtain the information sought under these topics, the deposition should be precluded under Rules 26(b)(2)(C) and 26(c)

Defendant should also not be permitted to take the deposition for the sole purpose of asking questions about the investigative file documents.  Meathead has made no effort to identify relevant information in the investigative file that requires clarification, despite the EEOC expressly asking Meathead to articulate its purpose for the deposition.  *Pinal Cnty.*, 714 F. Supp. 2d at 1078 (denying deposition of investigator where the defendant's failure to show what ambiguities existed in the records).

Accordingly, for good cause, the EEOC requests the issuance of a protective order to protect the EEOC from "annoyance, embarrassment, oppression, or undue burden or expense," and to prohibit Defendants' discovery abuses in this case. Fed. R. Civ. P. 26(c), 26(b)(2). Defendant's request for

testimony by EEOC personnel is oppressive, harassing, costly and with no
probative value, and unduly burdensome. Having no relevance to any claim or
defense in this case, the intended purpose of this deposition testimony can only be
to harass and annoy the EEOC by seeking invasive, internal information.

### iv.     EEOC Testimony is Not Relevant to Meathead's Defenses

Investigator Lidholm's testimony is also not relevant to any legally
cognizable affirmative defenses.  Defendant's Second Amended Answer includes
the following asserted affirmative defenses: (1) Reasonable Factor Other Than
Age; (2) Failure to Fulfill Statutory Prerequisite to Suit; (3) Failure to State a
Claim Upon Which Relief May be Granted; (4) No Damages; (5) Failure to
Mitigate; (6) No Willful Conduct; (7) Good Faith; (8) Laches; (9) Injunctive Relief
Improper; (10) No Vicarious Liability.  *See* ECF No. 74 at 9-17.  As a preliminary
matter, as articulated in the EEOC's Motion to Strike, Meathead's First, Second,
Third, Fourth, Sixth, Seventh, Ninth, and Tenth Affirmative Defenses are not
legally cognizable and/or do not provide fair notice of the basis for the defenses.
*See* ECF No. [Insert].  Further, Investigator Lidholm has no information regarding
any of these defenses other than the Second Affirmative Defense (Failure to Fulfill
Statutory Prerequisites) and the Eighth Affirmative Defense (Laches).

Meathead's Second Affirmative Defense (Failure to Fulfill Statutory
Prerequisites to Suit) is not a valid affirmative defense. EEOC has fulfilled its
conditions precedent, which include (1) a charge of discrimination, (2) notification
to the employer, (3) an investigation, (4) a cause determination, (5) an attempt to
resolve through conciliation, and (6) a notice of failure of conciliation. *Mach
Mining, LLC v. EEOC*, 575 U.S. 480, 483-84 (2015). Meathead does not dispute
this. See ECF No. 74 at 11-14. Pleading satisfaction of conditions precedent is
generally sufficient, which the EEOC has done.  *See* Fed. R. Civ. P. 9(c).
However, Meathead's Second Affirmative Defenses includes numerous allegations
regarding the *sufficiency* of the EEOC's investigation and conciliation efforts.  It

appears Meathead seeks discovery from Investigator Lidholm in support of this effort. This oversteps the bounds of judicial review of EEOC investigations and conciliation.

As explained above, EEOC's pre-suit investigation is irrelevant as this litigation is conducted *de novo* and the *sufficiency* of the underlying administrative investigation and conciliation efforts is not subject to judicial review. *See Sterling Jewelers Inc.*, 801 F.3d at 101 (courts review only whether an EEOC investigation occurred and do not inquire into its sufficiency); *Gen. Elec. Co.,* 532 F.2d at 370 (4th Cir. 1976) (holding the EEOC's proceedings are not reviewable); *Serrano*, 699 F.3d at 904 (courts may not inquire into sufficiency or scope of investigation); *Caterpillar, Inc.,* 409 F.3d at 833 (7th Cir. 2005) (determination of the EEOC is not judicially reviewable); *Keco Indus., Inc.*, 748 F.2d at 1100 (error for the district court to inquire into the sufficiency of the EEOC's investigation); *see also* Exh. 11 (*Swami's Café LLC et al.*, Case No. 3:23-CV-00902-TWR-SBC, ECF No. 36, at *8-9 (S.D. Cal. Aug. 14, 2024) (EEOC's pre-suit investigation is subject to limited judicial review)); *EEOC v. Marquez Bros. Int'l Inc.*, No. 17-CV-0044-AWI-EPG, 2017 WL 4123915, at *6 (E.D. Cal. Sept. 18, 2017). Nothing said, done, or produced during the pre-suit investigation and conciliation is relevant to the Parties' claims or defenses given the EEOC met its statutory prerequisites by providing Meathead notice that its hiring practices and compliance with the ADEA were being investigated by the EEOC, it conducted an investigation and notified Defendant of its findings, and it engaged in conciliation efforts, which failed. This is all that is required for the EEOC to meet the pre-requisites for filing a lawsuit. *See* Exh. 10 (*EEOC v. Il Fornaio*, *(America) LLC*, No. 2:22-cv-05992-SPG-JPR, slip op. at 7 (C.D.Cal. Nov. 14, 2024) (The "judicial review of the step-by-step requirements conducted by the EEOC is 'relatively bare bones'"); *see Mach Mining, LLC*, 575 U.S. at 492, 494 (2015) (courts look "only to whether the EEOC attempted to confer about a charge, and not to what happened").

Investigator Lidholm's testimony will also not result in new information of consequence to Meathead's Eighth Affirmative Defense (Laches). As an initial matter, the EEOC is not subject to laches. Generally, "laches is not a defense against the sovereign." *Costello v. United States*, 365 U.S. 265, 281 (1961); *see United States v. Angell*, 292 F.3d 333, 338 (2d Cir. 2002) (citations omitted) ("laches is not available against the federal government when it undertakes to enforce a public right or protect the public interest."). Even if the EEOC were subject to a laches defense, it requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense. *EEOC v. Lakemont Homes Inc.*, 718 F.Supp.2d 1251, 1255 (D. Nev. 2010) (citing *Bratton v. Bethlehem Steel Corp.*, 649 F.2d 658. 666-7 (9th Cir. 1980)). Investigator Lidholm's involvement in the matter ended in September 2019, therefore his testimony will not produce relevant information for Meathead's asserted laches defense. Meathead cannot establish laches based on the investigation lasting less than two years, a relatively short period of time given the companywide scope of the investigation. The investigative file alone establishes the EEOC's diligence in completing the investigation.

In conclusion, Defendant expressly seeks privileged information regarding the EEOC's evaluation of evidence. Any non-privileged information sought is clearly not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Testimony by EEOC investigators without personal knowledge relevant to the claims and defenses is not important; it will not resolve any issues in the case; it strains already limited resources of EEOC, which are taxpayer funds. In short, the burden and expense of this discovery far outweighs any potential benefit. Defendant already has access to

information regarding EEOC's investigation.  The deposition of EEOC employees is unduly burdensome and oppressive, and cumulative and duplicative of information produced in the investigative file, the non-privileged portions of which were already produced. The investigative file is the best source of information regarding the EEOC's investigation. The deposition is beyond the scope of what is permitted by Fed. R. Civ. P. 26(b)(1) and good cause exists to preclude it. *See Evans Fruit Co., Inc.,* 2012 WL 442025, at *4 (quashing deposition instead of permitting it to proceed with EEOC objecting based on privilege because "[t]his would be an inefficient use of the parties' time and the court's time").

### B. DEFENDANT'S ARGUMENT

#### i. The EEOC Violated Its Duty To Seek A Discovery Conference Prior To Burdening The Court And Meathead Movers With This Motion

The Court's procedures state in bold typeface: "**A party or third party may not file a discovery motion without first requesting and attending a discovery conference with the Court by remote means or in person.**"[4]  The EEOC does not dispute that it defied this instruction.

It has no reasonable justification.  It had time: Meathead Movers raised its intent to depose the investigator in January 2025, in advance of serving the Notice of Deposition, and two months before the date the deposition was ultimately scheduled.  (Brody Decl. ¶ 2.)  It had notice: the parties have already attended an IDC arranged by Meathead Movers, and this requirement is referenced in the EEOC's own meet-and-confer letter about this issue.  (Dkts. 49, 53; Ringer Decl., Ex. 5.)  Instead, the EEOC asked Meathead Movers to reschedule the deposition to accommodate counsel's conflicts, which Meathead agreed to; asked Meathead

---

[4] Honorable Alicia G Rosenberg, U.S. District Court, Central District of California, https://www.cacd.uscourts.gov/honorable-alicia-g-rosenberg (last visited March 11, 2025).

Movers to plan the deposition around the witness's time restrictions, which Meathead Movers agreed to do; confirmed after the parties' L.R. 37-1 conference that the deposition could proceed as noticed; waited until the week before the deposition; and then served this Joint Stipulation so that Meathead Movers—a small, family-owned moving company—had to expend resources both preparing for the deposition and briefing this. (Brody Decl. ¶ 3, Ex. A.)

The EEOC's statement that this Court suggested "privilege" issues were excused from the required discovery procedures is inconsistent with the letter of the Court's rules, and does not pass the smell test. Privilege is the last objection referenced in the EEOC's introduction behind supposed irrelevance, burden, proportionality, and cumulativeness. This is just the latest example in a pattern by the EEOC of eschewing the rules and taking positions that will increase Meathead Movers' expenses to defend this action. Meathead Movers respectfully requests that the Court deny the Motion and award it the fees and costs incurred related to this Motion under Federal Rule of Civil Procedure 37(a)(5)(B).

### ii. <u>The EEOC's Cases Paint A Disturbing Picture Of Overreach By The Trial Attorneys In This Case</u>

As explained *infra*, the caselaw is contrary to the EEOC's position that courts routinely grant protective orders quashing depositions of EEOC personnel in their entirety. For this reason, the EEOC submitted three slip opinions with the declaration of the EEOC's lead trial counsel from other cases prosecuted by her and her colleagues. (Ringer Decl., Exs. 8, 10–11.)

As an initial matter, as a discovery issue that is largely committed to the discretion of trial courts, it stands to reason that many (if not most) rulings about the appropriateness of particular depositions occur in unpublished minute orders or orally at informal discovery conferences and are not reported to Westlaw. It is highly problematic for a repeat litigant like the EEOC to try and capitalize on the

informational asymmetry this causes by combing its own files for *only* the rulings
in its favor and presenting them as settled law.

For example, the EEOC never mentions *EEOC v. Sunshine Raisin Corp. et
al.*, a Title VII case in which the court denied a motion for a protective order filed
by the same trial counsel in this case after "find[ing] the weight of authority
permits [the defendant] to proceed" with a deposition of the EEOC as to "[f]actual
information and documents that support or rebut the claims in [the EEOC's]
Complaint and the remedies sought" and "any and all steps in [its] investigation of
the claims asserted in its Complaint," noting the EEOC could simply "interpos[e]
objections as appropriate."  2023 WL 5596004, at *3 (E.D. Cal. Aug. 29, 2023),
*reconsidered on other grounds*, 2023 WL 7926209 (E.D. Cal. Nov. 16, 2023).[5]

In any event, the EEOC's cases reveal a pattern of litigation activity
designed, not to do justice, but to force employers through costly, prejudicial,
public litigation untethered to the merits.  The first of the EEOC's orders from
*EEOC v. Justin Vineyards & Winery LLC* is currently pending review by the
district court judge, which the EEOC admits while still relying substantively on the
decision under appeal.  2024 WL 5431489 (C.D. Cal. Dec. 10, 2024).  In that case,
the defendant sought to meet and confer over the depositions of EEOC personnel
well in advance of serving subpoenas.  *Id.* at *1.  According to the briefing, "[t]he
EEOC refused to provide potential dates and intentionally delayed meeting and
conferring despite repeated requests forcing Defendants to unilaterally notice the

---

[5] The EEOC has previously minimized this case by insisting that "much of that
ruling was overturned by an Article III judge," which is not true.  (Brody Decl.,
Ex. G at 4); *See EEOC v. Sunshine Raisin Corp.*, 2023 WL 7926209, at *2 (E.D.
Cal. Nov. 16, 2023) (denying reconsideration regarding deposition topics on "the
factual bases for the allegations made in the complaint," "[t]he identity of any past
or present employee . . . whom Plaintiff claims to represent in this action, and the
basis for Plaintiff's claim of representation," and "[a]ny and all steps in Plaintiff's
investigation of the claims asserted in its Complaint").  The district court judge
granted reconsideration on only two narrow issues, a factual dispute and the
relevance of the EEOC's internal policies and practices for investigating sexual
harassment claims—neither of which are germane to this case.  *See id.*

deposition." (Brody Decl., Ex. E at 11–12.)  Then, the EEOC insisted on "three separate meet and confers" to drag the issue out by two months, until shortly before the discovery cut off.  *Id.*  When the issue was finally briefed, the EEOC took the position that the deposition notices were untimely—a position the magistrate judge rejected.  *Id.*; *Justin Winery*, 2024 WL 5431489 at *1.  Although the reconsideration motion was supposed to be heard on March 10, 2025 (Ringer Decl. ¶ 12), counsel requested a continuance on behalf of the EEOC the day before so it will no longer be decided before this Joint Stipulation is heard (Brody Decl., Ex. F).

In the EEOC's other case, *EEOC v. Il Fornaio, (America) LLC*, which the EEOC cites as barring judicial review of an agency's administrative activities, the Court actually granted a sixty-day stay of litigation after reviewing the (claimant-initiated) Charge and the EEOC's Notice of Determination and concluding the EEOC's lawsuit had stretched impermissibly far from the investigation and the EEOC had thus failed to confer fair notice or conciliate with the employer— exactly what Meathead Movers has alleged in its answer.  (Ringer Decl., Ex. 10; Brody Decl., Ex. H.)  Even though the charge filed by the former employee in *Il Fornaio* was significantly *more* detailed than the EEOC's against Meathead Movers, the EEOC affirmatively resists its investigator's deposition by asking the Court to credit its "[p]leading" that it "satisf[ied]" all "conditions precedent." *Supra* (citing Fed. R. Civ. P. 9(c)); (*compare* Ringer Decl., Ex. 10, at 2 (noting that the *Il Fornaio* Charge contained a "narrative portion" with specific dates and "examples of the challenged conduct"), *with id.*, Ex. 2 ("The focus of the investigation is to examine your organization's hiring practices at all of your locations.").  Courts have found that language similar to the EEOC's charge against Meathead Movers is "inadequate." *EEOC v. PC Iron, Inc.*, 316 F. Supp. 3d 1221, 1232 (S.D. Cal. 2018) ("letter of determination [that] simply states that there

was 'evidence that [employee] was subjected to a hostile work environment,'" was "vague," "conclusory," and "inadequate.").

The EEOC's disregard for administrative exhaustion was also a problem in the EEOC's third case, *EEOC v. Swami's et al.*, another Title VII sexual harassment case that began with an actual charge of discrimination filed by an employee of the defendant, unlike here. (*See* Ringer Decl., Ex. 11.) The motion-to-dismiss decision included with the EEOC's declaration highlights the EEOC's rushed prosecution, noting that the EEOC served multiple "Letters of Determination" addressed to "inconsistent" corporate entities and without "findings of reasonable cause"; that the EEOC never notified the defendants that the EEOC had ended conciliation before filing its lawsuit; and that the EEOC's administrative documents were "riddled with typos." (*Id.* at 5, 8, 12.) The Court went on to affirm that defendants were entitled "to raise the EEOC's failure to comply with its pre-suit administrative obligations as an affirmative defense." (*Id.* at 17.)

When a party repeatedly violates Congress's clearly designed administrative scheme the Court must take notice of the prejudice caused by this pattern of conduct. As the EEOC repeatedly points out, this behavior is funded with "taxpayer" dollars. Notably, all of the EEOC's other cases involved actual employees (i.e., who were qualified for employment by virtue of being hired in the first place) who proactively asserted claims of sexual harassment with factual detail absent from the EEOC's Charge and Notice of Determination here. Even though the EEOC was going after much bigger business than Meathead Movers, all of those claimants' charges were filed *after* the EEOC *sua sponte* launched its investigation into Meathead Movers, and the federal cases were filed sooner.[6]

---

[6] In *Justin* the claimant filed an EEOC Charge in June 2018 and the EEOC filed a complaint in August 2022. C.D. Cal. Case No. 22-CV-06039, Dkt. 1, Dkt. 18 at 5. In *Il Fornaio*, the Charge was in October 2019 and the Complaint was in August

And, in contrast to Title VII, ADEA is much narrower and affords unique statutory defenses in recognition of the reality that age, "unlike race or other classifications protected by Title VII, often has relevance to an individual's capacity to work for non-discriminatory reasons." *Smith v. City of Jackson, Miss.*, 544 U.S. 228, 233, 240 (2005).  The Court should not be persuaded by the EEOC's cherry-picked cases, which do not show that the EEOC's actions as an agency are beyond judicial review—let alone beyond the scope of civil discovery.

### iii.    The Motion Is Meritless

#### A. The EEOC Bears A High Burden To Resist Discovery

Even the EEOC admits that there is no "per se bar against depositions of EEOC investigators." (Ringer Decl., Ex. 7.)  Its own authority agrees.  *See EEOC v. Pioneer Hotel, Inc.*, 2014 WL 7653921, at *4 (D. Nev. Sept. 30, 2014) ("The courts have generally stated that in cases in which the EEOC is a party, its investigators and other employees are not entitled to a blanket protective order precluding their depositions absent satisfaction of Rule 26(c)'s requirements.") (cited *supra*).

That is consistent with the fact that the scope of discovery under the Federal Rules is very broad and extends to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  The factors that bear on proportionality are "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*  Contrary to the EEOC's claim, the rules governing admissibility pose no barrier and whether information is hearsay is not a

---

2022.  (Ringer Decl., Ex. 10, at 2 & 5.)  In *Swami's* the Charge was in March 2021 and the Complaint was filed in May 2023.  (*Id.*, Ex. 11, at 3 & 5.)

valid objection to discovery. *See id.* ("Information within this scope of discovery need not be admissible in evidence to be discoverable.").

A party seeking to quash a deposition in its entirety has a particularly heavy burden of establishing "good cause" for the order, which requires it to "demonstrat[e] harm or prejudice that will result from the discovery." *See Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004) (discussing standard for a Rule 26(c) protective order). To meet this burden, they "must show a particular and specific need" for protection, and claiming that the "the discovery may involve some inconvenience and expense does not suffice to establish good cause." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Because the Federal Rules provide a "broad allowance for discovery of party witnesses," it is "very unusual for a court to prohibit the taking of a deposition altogether," *Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. 2012), and "absent extraordinary circumstances, such an order would likely be in error," *Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007). Against this standard, the EEOC's arguments fall short.

### B. Meathead Seeks Relevant Information

The EEOC's argument that the *sufficiency* of an investigation (or conciliation) is irrelevant as a matter of law is a straw man, and wrong.

Meathead Movers does not have to establish the relevance of testimony showing the insufficiency of the EEOC's administrative actions to be entitled to depose the investigator. The factual basis of an EEOC investigation and information provided to the investigator by claimants are "unquestionably relevant" to the discrimination claims brought by the EEOC, and investigator depositions are routinely permitted for this reason. *See EEOC v. Greater Metroplex Interiors, Inc.*, 2009 WL 412934, at *2 (N.D. Tex. Feb. 17, 2009) (denying EEOC's motion for a protective order); *see also EEOC v. Def. Ass'n of Philadelphia*, 2021 WL 2414586, at *2 (E.D. Pa. June 11, 2021) (granting

deposition of investigator); *EEOC v. Roy Farms, Inc.*, 2013 WL 6903756, at *1 (E.D. Wash. Dec. 31, 2013) ("Defendant is entitled to question [the investigator]" about "the accuracy of the information contained" in the EEOC's file and "[t]he EEOC's objections to the taking of [his] deposition are not well-taken"); *Giezie v. Valley Health Sys., LLC*, 2012 WL 3929446, at *8 (D. Nev. Sept. 7, 2012) (overruling objections and permitting defendant to depose investigator about "the factual underpinnings of [the EEOC's] investigation, including whether an investigation was conducted" about a particular aspect of the employee's claim); *EEOC v. Presrite Corp.*, 2012 WL 4434055, at *4 (N.D. Ohio Sept. 24, 2012) ("[Employer] is entitled to discover the actual facts [the investigator] found during her investigation."); *Cal. Psyc. Trans*, 258 F.R.D. at 396–401 (permitting depositions of investigator and separate 30(b)(6) witness over relevance objection); *LifeCare*, 2009 WL 772834, at *2–3 (denying motion for protective order where defendants were "seeking facts obtained by the EEOC during its underlying investigations"); *EEOC v. Burlington N.*, 2008 WL 4845308, at *2 (W.D. Okla. June 23, 2008) (holding employer was "permitted to take the EEOC's deposition" as "to factual information obtained during its investigation of the charge that bears on a claim or defense at issue in this case and factual information that bears on the damages incurred or other relief sought"); *EEOC v. Midwest Div. - RMC, LLC*, 2006 WL 6384881, at *2 (W.D. Mo. May 31, 2006) ("Facts known to [investigator] during his investigation are relevant to this case.").

However, the EEOC is also incorrect that litigation being "de novo" renders all pre-suit activity irrelevant to its claims. *See Cal. Psyc. Trans*, 258 F.R.D. at 397 (acknowledging an EEOC lawsuit is de novo but nevertheless permitting employer to depose a 30(b)(6) witness of the EEOC and the investigator). For one, the Ninth Circuit explicitly permits inquiry into the adequacy of EEOC investigations, and the EEOC has not stipulated that it will not rely on the fact of the EEOC's Notice of Determination at trial or otherwise. *Plummer v. Western*

*Int'l Hotels, Co., Inc.*, 656 F.2d 502, 505 (9th Cir. 1981); *see EEOC v. Swissport Fueling, Inc*, 2012 WL 1648416, at *13 (D. Ariz. May 10, 2012) (rejecting argument that "the adequacy of an EEOC investigation is not an appropriate subject on which testimony can be introduced at trial" and ordering EEOC to produce investigator at EEOC's expense).

What the EEOC did during its investigation is also relevant to a number of Meathead's affirmative defenses, including the EEOC's failure to fulfill the statutory prerequisites to suit and laches. In this case, the EEOC's 2017 investigation was focused on a narrow timeframe. (*See* Brody Decl., Ex. I.) The agency refused to identify any of the supposed claimants, nor the specific employment practices that the EEOC found potentially discriminatory other than the "Student Athlete Mover" slogan, which Meathead Movers no longer uses. (Brody Decl., Ex. H.) There is thus little to no throughline between the people, policies, and timeframe at issue in the investigation versus this litigation.

As noted above, the EEOC's own provided authority confirms courts perform an important function in ensuring the EEOC has engaged in proper exhaustion before coming to court. (*See* Ringer Decl., Ex. 10, at 7–8, 14 (explaining that the scope of the EEOC's court action "depend[s] on the scope of the charge and the EEOC's investigation" and "a claim exceeds the scope of an EEOC Charge if the claim references different actors, different violations, or different time frames than what is listed in the Charge."); *PC Iron, Inc.*, 316 F. Supp. 3d at 1232 (defendants asserting affirmative defense of failure to conciliate "ha[d] a point" where "letter of determination [that] simply states that there was 'evidence that [employee] was subjected to a hostile work environment.").

The EEOC is incorrect that conciliation is beyond discovery under the Supreme Court's decision in *Mach Mining, LLC v. EEOC*. There, the Supreme Court rejected the EEOC's argument that conciliation was not subject to any judicial review, confirming that "to meet the statutory condition, [the EEOC] must

tell the employer about the claim—essentially, what practice has harmed which person or class." *Mach Mining*, 575 U.S. at 488. Courts since have affirmed these are the proper subjects of discovery. *See Sunshine Raisin Corp.*, 2023 WL 5596004, at *6 (denying EEOC's motion for a protective order, holding the EEOC "mistakenly conflates the discovery process with judicial review"); *Wal-Mart Stores*, 438 F. Supp. 3d at 762 (S.D. Tex. 2019) (finding discovery proportionate and relevant to the court's review of conciliation).

The EEOC's contention that Meathead Movers cannot raise a laches defense against the EEOC is contrary to all-fours, binding Ninth Circuit law. In *EEOC v. Alioto Fish Co.*, the Ninth Circuit affirmed the grant of summary judgment to the employer on laches grounds in a case where, like here, the EEOC sought "injunctive relief against an alleged pattern and practice of discrimination that continued up to the time the action was brought." 623 F.2d 86, 88 (9th Cir. 1980). In that case, five years passed between when the employee filed a charge with the EEOC and when the EEOC filed its Complaint—and only four years had passed since the defendant was first notified. *Id.* In determining the prejudice to the defendant, the court considered that personnel had changed and certain witnesses were deceased, and that the delay had dimmed memories and greatly enlarged defendant's potential back pay liability. *Id.* at 88–89. The court concluded the prejudice attendant to the length of time it took the EEOC to file suit was so severe that it "tainted the entire action and justified its dismissal." *Id.* at 89. In particular, the court emphasized that "the employment practices of [defendant] and [the local industry] had significantly changed since the time of [employee's] original charge" and that "[t]he defense to the claim of a pattern and practice of discrimination would require much of the same unavailable evidence needed to defend the original individual charge," which was already impacted by laches. *Id.*

Here, the time between when the EEOC began its investigation into Meathead Movers and when it brought this action was years longer than the lapse

in *Alioto*.  In the ten years since the EEOC's investigation period began, witnesses
involved in the employment decisions have left the company, memories have
faded, and some of the EEOC's alleged claimants died.  As set forth in Meathead
Movers' motion to compel (Dkt. 61), the EEOC has not even managed to collect
basic employment information from the supposed class.  Meathead Movers is
entitled to discovery to demonstrate this change in circumstances and whether the
EEOC ever investigated or took steps to preserve relevant evidence before filing
suit over an entirely different time period, class, and employment practices.  *See
also EEOC v. Timeless Invs., Inc.*, 734 F. Supp. 2d 1035, 1066–67, 1072 (E.D. Cal.
2010) (noting that "[a] defendant may raise the affirmative defense of laches in
defense to suits brought by the EEOC" and granting summary judgment to the
defendant on those grounds).

## C. <u>One Deposition Is Not "Unduly Burdensome" Nor Cumulative</u>

Neither the EEOC's caselaw nor common sense supports its argument that
one, partial-day Zoom deposition is unduly burdensome in a case where the EEOC
is currently seeking upwards of $15 million and fifty depositions from Meathead
Movers.  *See Cal. Psyc. Trans,* 258 F.R.D. 391, at 398 (granting motion to compel
investigator deposition over EEOC burden objections); *see also Def. Ass'n of
Philadelphia*, 2021 WL 2414586, at *2 (concluding investigator "will not be
unduly burdened by having to be deposed.  All litigation causes parties and,
sometimes, some of their employees to be distracted from their normal work
duties.  That is a typical, not an undue, burden."); *EEOC v. Airborne Express*, 1999
WL 124380, at *2 (E.D. Pa. Feb. 23, 1999) (denying EEOC's motion for protective
order to prevent deposition of EEOC investigator over EEOC's hardship
objection).

The EEOC's sole case cited in support of its burden argument is
distinguishable.  *EEOC v. Evans Fruit Co., Inc.,* 2012 WL 442025 (E.D. Wash.

Feb. 10, 2012).  The court, however, made that determination based on "20 broad
and wide-ranging categories of inquiry listed in Defendant's Amended 30(b)(6)
Notice effectively seek[ing] information regarding EEOC's interpretation or
evaluation of how particular facts support or refute the allegations in EEOC's First
Amended Complaint."  *Id*. at *1.  No such facts exist here to counsel the same
determination.

The EEOC cannot quash this deposition on the grounds that it has turned
over its investigative file.  *See Cal. Psyc. Trans*, 258 F.R.D. 391, at 397 (granting
deposition and holding that turning over its investigation file "'does not relieve the
EEOC of its obligation under Rule 30(b)(6) to provide a witness to answer
questions about those documents for purposes of clarification and
interpretation.'"); *LifeCare*, 2009 WL 772834, at *2 (same); *EEOC v. Albertson's
LLC*, 2007 WL 1299194, at *1 (D. Colo. May 1, 2007) (defendant need not "be
content with the EEOC's investigation file").

The EEOC claims that Meathead "already knows" what the EEOC was
investigating based on the Charge and the Letter of Determination, but the fact that
the Charge describes the focus only as Meathead Movers' "hiring practices," and
the Letter concludes Meathead Movers' "hiring practices" are discriminatory,
confirms exactly why the file alone is insufficient.  (Ringer Decl., Exs. 2–3.)  The
EEOC's fallback argument that Meathead Movers should instead "seek this
information through written discovery" rings hollow in light of Meathead Movers'
pending global motion to compel.  The EEOC does not otherwise explain how
exactly the single deposition of the investigator is less convenient, more
burdensome, or more expensive than some theoretical, unidentified alternative
source of this information.

### D. **The Government Deliberative Process Privilege Should Be Dealt With On A Question-By-Question At**

## **Deposition, Not An Ex Ante Order Barring Testimony Entirely**

The caselaw above puts the lie to the EEOC's suggestion that the deliberative process privilege effects anything approximating an unqualified prohibition against deposing EEOC personnel. If that was how it worked, courts would not routinely permit such depositions, and they do.

A threshold problem is that the EEOC is overstating the privilege. It is narrow, applying to information (usually, a document) that is "predecisional" and "deliberative" in nature. *Cal. Psych. Transitions*, 258 F.R.D. at 397. Factual information—what Meathead Movers seeks—is never privileged. *See F.T.C. v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) ("Purely factual material that does not reflect deliberative processes is not protected."); *Est. of Serna v. Cnty. of San Diego*, 689 F. Supp. 3d 848, 867 (S.D. Cal. 2023), *aff'd* 2024 WL 942368 (S.D. Cal. Mar. 5, 2024) ("Only those portions of a predecisional document that reflect the give and take of the deliberative process may be withheld.") (internal citation omitted). Nor is the privilege absolute. *Miller v. Pancucci*, 141 F.R.D. 292, 299 (C.D. Cal. 1992).

Barring the deposition as a whole is not appropriate where, as here, a less restrictive approach will suffice. What courts typically do is grant depositions and, to the extent the EEOC objects to an individual question on privilege grounds, it can do so at the time of the deposition. *See, e.g.*, *Roy Farms*, 2013 WL 6903756, at *2 ("In the event that Defendant deviates from its proposed line of questioning into areas that may implicate the privilege, the EEOC is free to interpose an objection at that time"); *Greater Metroplex Interiors*, 2009 WL 412934, at *2 (N.D. Tex. Feb. 17, 2009) ("If defense counsel inquires into any matters that are privileged, cumulative, or otherwise improper, the EEOC may object on a question-by-question basis."); *Little v. Auburn Univ.*, 2010 WL 582083, at *2 (M.D. Ala. Feb. 17, 2010) (granting deposition of investigator over EEOC's

assertion of privilege, reasoning that "[t]he EEOC is free to assert proper privilege objections, where appropriate, in the manner contemplated by Fed.R.Civ.P. 30(c)(2) during the deposition."); *accord LifeCare*, 2009 WL 772834 at *2; *Giezie*, 2012 WL 3929446, at *8.

This approach would obviate the parade of non-issues and "what ifs" that make up the EEOC's Motion. The weakness of its argument is evidenced by the EEOC's largely inapposite supporting caselaw. *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 136, 150 (1975) (discussing purpose of exemptions to FOIA requests in context of FOIA request for "Advice Memoranda" and "Appeals Memoranda" issued by Office of General Counsel); *EEOC v. Venator Grp.*, 2000 WL 1059033, at *1–2 (S.D.N.Y. Mar. 27, 2000) (transcribed oral opinion accompanied by no record of the filings and does not discuss or even list the actual deposition topics at issue.). Nor is Meathead's request to depose the investigator akin to requesting that the EEOC provide "inter-agency advisory opinions." *EEOC v. FAPS, Inc.*, 2012 WL 1656738, at *30 (D.N.J. May 10, 2012) (seeking production of reports utilized in developing relevant labor market).

The EEOC insists that discovery into which "specific employment practices" were investigated would invade the government deliberative process privilege, but not one of its cases says that. For example, the EEOC cites repeatedly to *EEOC v. Pinal County*, but there the court quashed a subpoena to the acting director of the EEOC's local office—not an investigator. 714 F. Supp. 2d 1073, 1078 (S.D. Cal. 2010); *see Giezie*, WL 3929446, at *8 (distinguishing *Pinal County* on this basis and permitting deposition of investigator). Further, the defendant was asking for the director's personal "interpretation of the EEOC's determination letter," not merely factual information, as is sought here. *Pinal,* 714 F. Supp. 2d, at 1078

The EEOC also relies on *California Psychiatric Transitions*, even though that case affirmed that "[f]actual material generally is not considered deliberative," and *granted* a defendant's motion to compel the deposition of the EEOC

investigator in order to "clarify ambiguities related to factual aspects of the
investigation." *Cal. Psyc. Trans*, 258 F.R.D. 391, at 401.  That is what Meathead
is trying to do.

The EEOC's remaining cases are similarly distinguishable, and miss the
point.  Whether some information was privileged in the context of *some other*
deposition involving a different investigator, investigation, and claimants fails to
establish that *any and all* questions about what the EEOC investigated here would
impermissibly invade its decision-making process, which is what the EEOC is
arguing.  *See EEOC v. Unicom Elec., Inc.,* 2007 WL 9359941, *2 (C.D. Cal. Mar.
9, 2007) (defendant not entitled to depose investigator to ensure there was "no
additional factual information that she may have failed to include in her EEOC
investigation" where investigator "already declared under penalty of perjury that
she maintained any and all facts . . . in her investigative file."); *EEOC v.
McCormick & Schmick's Seafood Restaurants, Inc*., 2010 WL 2572809 at *5-6 (D.
MD. June 22, 2010) (acknowledging that depositions were allowed "as to the facts
the investigator learned during her investigation," but denying deposition where
topics "on their face seek attorney work product and would require the deposition
of EEOC counsel or a proxy prepared by counsel").

The EEOC's discovery log undermines, not supports, the EEOC's motion
for a protective order barring the investigator's deposition.  The privilege log is, on
its face, conclusory and appears to over-designate files without cause.  The
EEOC's failure to properly substantiate the privilege in its responses to Meathead
Movers' written discovery is already the subject of the pending motion to compel.
A deposition of the investigator would shed further light on the documents that are
on the EEOC's log and whether further motion practice is needed.

Finally, the EEOC's proffered declaration is not competent evidence of
privilege.  A declaration "must be made on personal knowledge, set out facts that
would be admissible in evidence, and show that the affiant or declarant is

competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4); L.R. 7-7

("Declarations shall contain only factual, evidentiary matter and shall conform as

far as possible to the requirements of F.R.Civ.P. 56(c)(4)."). The EEOC's

declaration is from someone with no direct knowledge of the operative facts, which

are confined to the investigator's mind and memories. The declarant does not even

assert that they discussed such matters with the investigator before declaring *ipse

dixit* that the information was privileged. Nor does the declaration state what

subsequent and specific decision to which the investigator's allegedly privileged

information contributed. The law is clear the Court cannot rubber stamp assertions

of deliberative process privilege, which is what the EEOC's bare-bones, copy-

paste declaration asks for. *E.g.*, *McKesson*, 264 F.R.D. at 600 (overruling privilege

where agency offered only a "generalized objection" that disputed material

"reflect[ed] internal discussions and analysis").

### iv.    Defendant's Proposed Resolution

Since the investigator has transferred to an out-of-state office, Meathead

Movers offered to take his deposition via Zoom to minimize the cost and burden,

and limit the deposition to less than a full 7-hour day.

### v.    Defendant's Conclusion

Meathead Movers seeks legitimate discovery. The EEOC has not met its

burden to demonstrate that the deposition of the investigator should be precluded

in its entirety. The Court should deny the EEOC's Motion for a Protective Order

and award Meathead Movers its costs and fees.

Respectfully submitted,

Dated:  March 13, 2025

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

By:    /s/ *Andrea E. Ringer*
       Andrea E. Ringer
       Attorney for EEOC

DATED: March 13, 2025

MILLER BARONDESS, LLP

By:    /s/ *Lauren M. Brody*
       LAUREN M. BRODY
       Attorney for Defendants
       MEATHEAD MOVERS, INC.

**Attestation Regarding Signature Pursuant to L.R. 5-4-3.4(a)(2)(i)**

I, Andrea E. Ringer, hereby attest that I have obtained concurrence and
authorization in the filing of this document from the other signatories to this
document. I declare under the penalty of perjury under the laws of the United
States of America that the foregoing is true and correct.

Dated:  March 13, 2025

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

By:    /s/ *Andrea E. Ringer*
       Andrea Ringer
       Attorney for EEOC