Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 236260
nakkisa.akhavan@eeoc.gov
Andrea E. Ringer, SBN 307315
andrea.ringer@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 785-3080
Facsimile: (213) 894-1301

Sophie Tarazi, CA SBN 329721
Sophia.tarazi@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
555 W. Beech Street, Suite 504
San Diego, CA 92101
Telephone: (619) 900-1910

Attorneys for Plaintiff U.S. EEOC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MEATHEAD MOVERS, INC., and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-08177-DSF-AGRx<br><br>**DECLARATION OF EEOC ATTORNEY ANDREA E. RINGER IN SUPPORT OF EEOC'S MOTION FOR PROTECTIVE ORDER**<br><br>**DISCOVERY MATTER**<br><br>Hearing: April 8, 2025, 10:00 a.m.<br>Judge: Hon. Alicia G. Rosenberg<br>Discovery Cut-Off: 12/2/2025<br>Pre-Trial Conference: 7/20/2026<br>Trial Date: 8/18/2026 |

# **DECLARATION OF ANDREA RINGER**

1. I am over the age of 18 and legally competent to make a declaration and do so on personal knowledge.

2. I am an Assistant Regional Attorney in the Los Angeles District Office of the U.S. Equal Employment Opportunity Commission ("EEOC"), and counsel for the EEOC in this action against Defendant Meathead Movers, Inc. ("Meathead").

3. Attached as Exhibit 1 is true and correct copy of a Declaration from Andrea Lucas, Acting Chair of the U.S. Equal Employment Opportunity Commission.

4. Attached as Exhibit 2 is a true and correct copy of the Directed Charge of Discrimination issued in the EEOC's administrative investigation of Meathead.

5. Attached as Exhibit 3 is a true and correct copy of the Letter of Determination issued at the conclusion of the EEOC's administrative investigation of Meathead.

6. Attached as Exhibit 4 is true and correct copy of a Defendant's Notice of Deposition of EEOC Investigator Benjamin Lidholm, noticing Mr. Lidholm's deposition to occur on February 28, 2025.

7. Attached as Exhibit 5 is true and correct copy of EEOC's February 7, 2025 Letter objecting to the Deposition of Investigator Lidholm, requesting to meet and confer, and requesting that the deposition be rescheduled as EEOC counsel had a conflicting obligation on February 28, 2025, due to a mediation in another matter.

8. Attached as Exhibit 6 is true and correct copy of a Defendant's First Amended Notice of Deposition of EEOC Investigator Benjamin Lidholm, noticing Mr. Lidholm's deposition to occur on March 14, 2025.

9. On February 14, 2025, I met and conferred with Meathead counsel

Lauren Brody in person at the EEOC's Los Angeles District Office. I asked Ms. Brody what information Meathead was seeking from Investigator Lidholm. Ms. Brody stated they believed the investigative file showed "very little" and did not reflect what "specific employment practices" of Meathead were investigated by the EEOC and how that led to the instant litigation. Ms. Brody stated Meathead was seeking testimony regarding (1) which of Meathead's "specific employment practices were being investigated" by the EEOC; (2) which claimants were contacted or identified during the investigation; and (3) what factual information was found in the investigation. Ms. Brody disclaimed any intention of seeking information regarding the reason for the directed charge, investigative steps, or litigation, conclusions reached by the EEOC, or internal EEOC processes, but did not expressly agree to limit or otherwise stipulate to limitations on deposition topics. Ms. Brody also stated she was seeking information for Meathead's affirmative defenses, including laches, and that they may have questions regarding documents in the investigative file. No further information was provided on either. We discussed the purpose of the governmental deliberative process privilege and I explained that we would need to look into the matter further, but that it appeared Meathead was seeking the EEOC's interpretation of the evidence in the investigative file, which would infringe on the deliberative process privilege. Ms. Brody disagreed, stated their inquiry was factual, and that they intend to proceed with the deposition. The EEOC explained that it would notify Meathead of whether it could move forward and propose some stipulations, or we would be maintaining our objections and moving for a protective order.

10. Attached as Exhibit 7 is a true and correct copy of the EEOC's February 19, 2025 Letter following up on our meet and confer regarding Defendant's Notice of Deposition for EEOC Investigator Benjamin Lidholm. As the letter reflects, we were unable to resolve this discovery dispute without Court intervention.

11.     During the Parties' November 4, 2024 informal discovery conference, the Honorable Alicia Rosenberg stated that the Court would need a briefing to rule on discovery matters involving privilege assertions and that the Court would not be able to resolve such issues during an informal conference.   Therefore, EEOC has proceeded with the joint stipulation procedure under L.R. 37, rather than seeking an informal discovery conference, for judicial efficiency and to ensure the matter is brought to the Court before the deposition date.

12.     Attached as Exhibit 8 is a true and correct copy of the Order issued in *EEOC v. Justin Vineyards and Winery LLC et al.*, No. 2:22- cv-06039-MRA-RAO (C.D. Cal. Dec. 10, 2024), quashing subpoenas for testimony by an EEOC Investigator and by the EEOC's Rule 30(b)(6) representative. Defendants have filed a Motion for Reconsideration, which is being heard on March 10, 2025.

13.     In discovery, the EEOC has turned over the non-privileged portions of its investigative file, as well as a privilege log identifying documents withheld as privileged. Attached as Exhibit 9 is true and correct copy of pages 1-4 of the EEOC's Privilege Log, dated May 3, 2024.

14.     Benjamin Lidholm worked on the EEOC's investigation of Meathead, including conducting interviews of Meathead representatives and gathering documents from Meathead.

15.     The EEOC invited Meathead to begin conciliation discussions via its Letter of Determination.  During conciliation, the EEOC exchanged dozens of letters with Meathead's counsel and met with Meathead counsel more than once. However, conciliation ultimately failed as EEOC and Meathead were unable to reach an agreement acceptable to the EEOC and Meathead.  Mr. Lidholm's involvement in the matter ended after he transferred to another EEOC district in September 2019.

16.     Attached as Exhibit 10 is a true and correct copy of the Order issued in *EEOC v. Il Fornaio, (America) LLC*, No. 2:22-cv-05992-SPG-JPR, slip op. at 7

(C.D.Cal. Nov. 14, 2024).

17. EEOC produced thousands of pages of documents from its investigatory file. These documents show the investigative steps taken by EEOC as well as the facts obtained by EEOC during that investigation. It includes the charge of discrimination, requests for information sent to Meathead, Meathead's responses, correspondence between EEOC and Meathead during the investigation, notes of interviews conducted by EEOC personnel, applicant records produced by Meathead (and scanned by the EEOC), questionnaire responses from applicants, and letter of determination, and all documents and communications exchanged with applicants.

18. Attached as Exhibit 11 is a true and correct copy of the Order issued in *EEOC v. Swami's Café LLC et al.*, Case No. 3:23-CV-00902-TWR-SBC, ECF No. 36 (S.D. Cal. Aug. 14, 2024).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on March 13, 2025.

By: /s/ *Andrea E. Ringer*
Andrea Ringer
EEOC Attorney
Los Angeles District Office