Anna Y. Park, SBN 164242
anna.park@eeoc.gov
Nakkisa Akhavan, SBN 236260
nakkisa.akhavan@eeoc.gov
Andrea E. Ringer, SBN 307315
andrea.ringer@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 785-3080
Facsimile: (213) 894-1301

Sophie Tarazi, CA SBN 329721
Sophia.tarazi@eeoc.gov
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
550 W. C Street, Suite 750
San Diego, CA 92101
Telephone: (619) 900-1910

Attorneys for Plaintiff U.S. EEOC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MEATHEAD MOVERS, INC., and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-08177-DSF-AGRx<br><br>**PLAINTIFF EEOC'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF EEOC'S MOTION FOR PROTECTIVE ORDER**<br><br>**DISCOVERY MATTER**<br><br>Hearing: April 8, 2025, 10:00 a.m.<br>Judge: Hon. Alicia G. Rosenberg<br>Discovery Cut-Off: 12/2/2025<br>Pre-Trial Conference: 7/20/2026<br>Trial Date: 8/18/2026 |

I.  INTRODUCTION

This case is about Meathead and its intentional recruitment and hiring of young persons and exclusion of older workers because of age. Rather than litigate the merits of this case, Meathead seeks to conduct a full-blown investigation of EEOC's investigation and put EEOC on trial instead. This is why Meathead seeks Investigator Lidholm's deposition.

Meathead claims the investigator's testimony is relevant to its affirmative defense alleging EEOC did not meet its prerequisites to suit. But Meathead does not dispute any actual prerequisites. Meathead flags for the Court that EEOC's underlying investigation was initiated by a Directed Charge, but Meathead does not dispute EEOC has the authority to issue Directed Charges and bring litigation to enforce the Age Discrimination in Employment Act, as it has done here. Whether the charge was filed by an individual or EEOC Director is irrelevant. Meathead does not dispute EEOC notified Meathead it was investigating[1] its hiring practices; that the EEOC investigated; and that EEOC notified Meathead EEOC found companywide age discrimination in hiring and recruitment. And Meathead does not dispute EEOC attempted to conciliate. Based on these undisputed facts, as a matter of law, EEOC fulfilled its statutory prerequisites. *Mach Mining, LLC v. EEOC*, 575 U.S. 480, 483-84 (2015). Meathead also claims Investigator Lidholm's testimony is relevant to its laches defense but ignores that Mr. Lidholm's involvement in this matter ended in 2019. There is no legitimate need for the investigator's testimony.

Meathead claims it is seeking "the facts" about EEOC's investigation and to clarify "ambiguities" in the investigative file—but it never articulates actual facts sought or ambiguities purportedly requiring clarification. And its last-ditch argument that it needs the investigator's testimony as the "sole, non-lawyer witness to all of the alleged discrimination" is flatly untrue. *See* ECF No. 80 ("Joint Stip.") at 15:28-16:3. Mr. Lidholm is not a percipient witness to the alleged discrimination; he had no role in

---

[1] EEOC's investigation began in Nov. 2017, not 2015 as Meathead says. Joint Stip. 44.

establishing or enforcing Meathead's discriminatory policies or hiring decisions. Nor does he have personal knowledge of claimants' experiences at Meathead. He only knows what others told him, including Meathead and claimants. Investigator Lidholm's personal knowledge is limited to what he did in the investigation. That fact tells the true tale of why Defendant wants to depose him—to put EEOC and its investigation on trial and distract from Meathead's discriminatory practices. Trial in this case is *de novo*—meaning Meathead is not liable based on EEOC's finding of discrimination; EEOC must prove the discrimination alleged. The investigator's testimony about what he did, or did not do, during his investigation will not lead to "facts related to the EEOC's putative class" or "their accounts of the circumstances of their alleged discrimination." Joint Stip. at 14:9-14.  Meathead's stream-of-consciousness Opposition, riddled with idioms, makes clear that Meathead has no legitimate purpose for seeking Investigator Lidholm's deposition. Meathead is not "seeking the facts."  This is a fishing expedition into the EEOC's deliberative process, which is privileged.

## II. FOLLOW-UP DISCUSSION

EEOC stands on its moving papers, and cannot respond point-by-point given the page limit. It takes this opportunity to address a few specific claims by Meathead.

First, Meathead is not a "small business" fighting for survival. Joint Stip. at 13:11-12.  Outside of this case, Meathead contends it is the largest independent moving company in California, and just announced it is opening a Newport Beach location. Ringer Supp. Decl. at ¶ 8; Exhibit C. Meathead is a growing business in good financial health and must stop pleading poverty unless it is prepared to prove it[2].

Second, Meathead was fully aware of EEOC's intent to seek a protective order: EEOC notified Meathead in its February 7th Letter EEOC "intends to seek a protective order" if "the parties are unable to resolve this dispute without court intervention." Exh. 5 (ECF No. 80-006). After the Parties conferred, EEOC confirmed in its February 19th Letter that "EEOC will be preparing a motion for protective order." Exh. 7 (ECF No.

---

[2] EEOC sought financial information in discovery and Meathead refused to produce it.

80-008). Any time (and fees) Meathead's counsel purportedly wasted preparing for Mr. Lidholm's deposition is their own fault. Meathead was also present when this Court told the Parties it needed formal briefing to rule on EEOC's privilege arguments, which is why EEOC brought a motion. *See* ECF No. 51 at 41:5-22. Meathead disingenuously argues EEOC is seeking an "exemption" from normal discovery rules. EEOC is following the federal rules in seeking a protective order, not trying to evade them. EEOC is also not seeking a "blanket protective order," as Meathead argues. EEOC has demonstrated good cause.

Third, Meathead fails to even attempt to grapple with the weight of the authority in the Ninth Circuit wherein courts limit or wholesale bar depositions of EEOC personnel. Its out-of-circuit citations are not controlling or persuasive. Rather than address contrary authority head on, Meathead's counsel misconstrues the law. For instance, Meathead contends that the court in *EEOC v. Cal. Psychiatric Transitions*, 258 F.R.D. 391 (E.D. Cal. 2009) rejected arguments similar to EEOC's and "den[ied the] deliberative process privilege to [the] deposition of [the] EEOC investigator." Joint Stip. at 14:14-20, 15:13-14. Quite the contrary, the Eastern District *agreed* with EEOC's deliberative process privilege arguments but permitted the investigator deposition to proceed *only* with respect to ambiguities in the file, as there were notes missing. Here, Meathead still has not identified *one* ambiguity it seeks clarification upon, because that is not its intended purpose. *See* Joint Stip. at 14:24-25.

Meathead's lack of specification regarding purported ambiguities matters and was one of the reasons Magistrate Judge Rozella A. Oliver recently ruled against the defendant in *EEOC v. Justin Vineyards and Winery LLC et al*., No. 2:22-cv-0603, 2024 WL 5431489, at *2 (C.D. Cal. Dec. 10, 2024), a ruling pending on a motion for reconsideration. With respect to this pending motion, Meathead's factual assertion that EEOC "requested a continuance" of the *Justin* hearing so that that motion would not "be decided before" the filing of the instant motion is a flat lie. Joint Stip. at 37:5-9. EEOC's lead counsel in *Justin*, Mealea Thou, was ill and unable to argue the summary judgment portion of the hearing; EEOC notified defense counsel EEOC could proceed

with the reconsideration portion and they declined. Ringer Supp. Decl. ¶¶ 3-7; Exhs. A, B. For Meathead to tell this Court, *without any factual or evidentiary basis,* that EEOC counsel *lied* to gain an advantage in this litigation is downright unethical.[3]

Meathead suggests EEOC was mistaken in citing recent EEOC decisions out of the Ninth Circuit, then tries to take on other defendants' cases and rewrite the procedural history instead of focusing on its own defense. Joint Stip. at 25-28. In doing so, Meathead mischaracterizes the decisions in *Il Fornaio, Justin, Swamis,* and *National Raisin*. For instance, Meathead incorrectly interprets the *EEOC v. Sunshine Raisin Corp.*, 2023 WL 7926209 (E.D. Cal. Nov. 16, 2023) decision as adverse to EEOC's argument here. There, the District Judge partially granted EEOC's motion for reconsideration and agreed with EEOC that the defendant could not inquire generally into "all steps in [EEOC]'s investigation", which the defendant asserted was relevant to its defense that some claims exceeded the investigation's scope. *Id.* at *1. Where the court permitted questioning of EEOC personnel, the court explains this was largely due to the high standard of review. In permitting testimony regarding EEOC's factual bases for complaint allegations, the court explains that "[l]ike the magistrate judge, the Court has strong doubts whether there is any non-privileged information responsive", but that EEOC and the Magistrate Judge both relied on non-binding in-Circuit authorities, and "the question is not whether the Court would come to a different conclusion, but whether the Magistrate Judge's determination is contrary to law. The Court cannot make that finding." *Id.* at *2. Similarly, with respect to testimony regarding the investigation, the court found the Magistrate Judge was not contrary to law, but limited the scope of the defendant's inquiry to the areas of the complaint which defense counsel had a "good faith basis to believe did not grow out of the investigation of the original charge." *Id.* at *5. Read with this context, the *Sunshine* court agreed that the sufficiency

---

[3] Attorneys must ensure statements about facts are "reasonably based" on evidentiary support, or a belief that such evidence actually exists. Fed. R. Civ. P. 11(b)(3)-(b)(4); *see also* Cal. Rules of Professional Conduct, Rules 8.4 (Misconduct includes "reckless or intentional misrepresentation"); 3.3 (a lawyer "shall not" "knowingly make a false statement of fact or law to a tribunal").

of EEOC's investigation is not subject to judicial review. The *Il Fornaio, Swami's,* and *Justin* decisions are similarly consistent with EEOC's argument here, though each involved challenges to conditions precedent that are distinct from the instant case.

Meathead also misstates the law regarding the adequacy of EEOC's Charge. Meathead asserts incorrectly courts have held the language in "EEOC's charge against Meathead Movers is 'inadequate'" and cites to *EEOC v. PC Iron, Inc.*, 316 F. Supp. 3d 1221 (S.D. Cal. 2018) as support. Joint Stip. at 37:25-38:2. The *PC Iron* decision concerned EEOC's Letter of Determination (LOD)—not the Charge. 316 F. Supp. 3d at 1231-32. Further, the court found EEOC's LOD *was* sufficient and *struck* defendant's conciliation-related defense given the "relatively barebones review" required. *Id.* at 1232. Meathead cites the dicta—when the holding was EEOC's language was sufficient. Meathead is wrong again on the facts and the law.

Finally, importantly, Meathead falsely states the "Ninth Circuit explicitly permits inquiry into the adequacy of EEOC investigations," Joint Stip at 31:25-32:5, and cites to *Plummer v. Western Int'l Hotels, Co., Inc.*, 656 F.2d 502, 505 (9th Cir. 1981) and a district court decision. The Ninth Circuit in *Plummer* <u>did not</u> hold that inquiry into EEOC investigations was permissible. *Plummer* does even *discuss* EEOC investigations.

Meathead is not seeking facts about the investigation—it is seeking conclusions made by the EEOC investigator. Meathead is not asking for who, what, where, when. It wants to know what factual findings were made, and what employment practices the EEOC considered in reaching its reasonable cause finding, which is privileged. It has failed to identify any ambiguities that require clarification and it should not be permitted to retroactively do so. Investigator Lidholm is not a relevant witness for Meathead's invalid, failure to meet statutory prerequisites, defense. Meathead is also not seeking a witness to the "alleged discrimination." Mr. Lidholm has no personal knowledge of EEOC's allegations. Meathead is also not seeking a witness regarding laches given Mr. Lidholm has no knowledge of conciliation or subsequent work by EEOC. The only matter with which Investigator Lidholm *is* a percipient witness, is to the deliberative process of EEOC during its investigation of Meathead.

### III. CONCLUSION

For the reasons stated above and in EEOC's motion, good cause exists for a protective order barring the deposition of Investigator Lidholm in its entirety.

Dated: March 25, 2025         Respectfully submitted,

                                                          U.S. EQUAL EMPLOYMENT
                                                         OPPORTUNITY COMMISSION

                               By:   */s/ Andrea E. Ringer*
                                               Andrea E. Ringer
                                               EEOC Attorney