# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br>     Plaintiff, <br><br>           v. <br><br> MEATHEAD MOVERS, INC., <br>     Defendant. | 2:23-cv-08177-DSF-AGRx <br><br> Order GRANTING IN PART and DENYING IN PART Motion to Strike Affirmative Defenses (Dkt. 78) |

  Plaintiff United States Equal Employment Opportunity Commission (EEOC) moves to strike Defendant Meathead Movers, Inc.'s first, second, third, fourth, sixth, and seventh affirmative defenses.  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.

  "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  When deciding whether a defense is sufficient, "[f]actual allegations in [the answer], as opposed to legal conclusions, must be presumed to be true."  In re Mortgages Ltd., 771 F.3d 623, 632 (9th Cir. 2014) (bankruptcy court erred in relying on its "intuition that the statements are implausible or a sham and thus can be disregarded").

  The motion to strike mostly fails.  While it is questionable whether "failure to state a claim," "no damages," or "no willful conduct" should be considered affirmative defenses, there is no harm in having them in the answer.  The basis of Defendant's good faith defense is

clear from the other allegations in the answer, *e.g.*, that most of Defendant's jobs are physically demanding and that is why Defendant hires very few people over 40. The Court is also not convinced that Defendant's "reasonable factor other than age" defense is necessarily irrelevant to the EEOC's claims; this may depend on how the case proceeds. It also does not appear that this affirmative defense is likely to expand the scope of the litigation in any meaningful way.

However, the EEOC's motion is meritorious with respect to the second affirmative defense, "failure to fulfill statutory prerequisites to suit." Before filing a claim, "[t]he EEOC must: (1) receive a formal charge of discrimination against the employer; (2) provide notice of the charge to the employer; (3) investigate the charge; (4) make and give notice of its determination that there was reasonable cause to believe that a violation . . . occurred; and (5) make a good faith effort to conciliate the charges."[1] E.E.O.C. v. Sterling Jewelers Inc., 801 F.3d 96, 100 (2d Cir. 2015). Court review of the EEOC's compliance with these requirements is "relatively barebones." Mach Mining, LLC v. E.E.O.C., 575 U.S. 480, 494 (2015). In the context of the conciliation requirement, the Supreme Court noted:

> The statute demands, once again, that the EEOC communicate in some way (through "conference, conciliation, and persuasion") about an "alleged unlawful employment practice" in an "endeavor" to achieve an employer's voluntary compliance. That means the EEOC must inform the employer about the specific allegation, as the Commission typically does in a letter announcing its determination of "reasonable cause." Such notice properly describes both what the employer has done and which employees (or what class of employees) have suffered as a result. And the EEOC must try to engage the employer in

---

[1] These requirements come from Title VII of the Civil Rights Act of 1964, but the EEOC assumes that they also apply to the EEOC's claims in this case, which arise under the Age Discrimination in Employment Act.

> some form of discussion (whether written or oral), so as to give the employer an opportunity to remedy the allegedly discriminatory practice. Judicial review of those requirements (and nothing else) ensures that the Commission complies with the statute. At the same time, that relatively barebones review allows the EEOC to exercise all the expansive discretion Title VII gives it to decide how to conduct conciliation efforts and when to end them. And such review can occur consistent with the statute's non-disclosure provision, because a court looks only to whether the EEOC attempted to confer about a charge, and not to what happened (*i.e.,* statements made or positions taken) during those discussions.

Id.

This quote makes clear that court review is not a review of the quality or efficacy of the EEOC's prelitigation actions, but only a review of whether the EEOC undertook those actions at all.  As the Second Circuit has stated, "[C]ourts may not review the *sufficiency* of an investigation—only whether an investigation occurred."  Sterling Jewelers, 801 F.3d at 101 (emphasis in original).

In this case, Defendant's allegations, on their face, show that the EEOC complied with the statutory prerequisites.  Defendant admits that it received notice of a charge, that the EEOC conducted some sort of investigation, that Defendant received notice of the EEOC's determination, and that the Defendant and the EEOC engaged in a conciliation process.  See Second Am. Answer ¶¶ 15-43.  Throughout the relevant portion of its answer, Defendant makes clear that it does not consider the EEOC's investigation, determination, or settlement position to be "reasonable" or sufficiently thorough.  Defendant also takes issue with the EEOC's failure to be persuaded by Defendant's arguments and the EEOC's lack of details in its charges and determinations.  See, e.g., Second Am. Answer ¶¶ 25-32, 18-19, 37-39. None of this alters the acknowledged fact that the EEOC engaged in

3

the actions required by the statute, even if those actions were not completed in the way Defendant would have liked.

The only allegation that might come within the proper scope of judicial review is allegation that "[t]he EEOC's lawsuit now purports to bring claims on behalf of a class of applicants and deterred applicants from 2017–present, an entirely different group than its charge. The EEOC has thus neither investigated nor conciliated the employment practices or hiring decisions on which this case rests." Id. ¶ 43. However, this is not an accurate representation of the EEOC's charge or determination. The EEOC investigation began in November 2017 and concluded with a determination in August 2019. See Dkt. 78-4, 78-5. Therefore, two years of the proposed class period were directly included in the investigation, and there is no reason to believe that the rest of the case is based on anything other than a continuation of the same behavior that the EEOC observed in the pre-2019 period.

The motion to strike is GRANTED with respect to the second affirmative defense. It is DENIED in all other respects.

IT IS SO ORDERED.

Date: April 15, 2025

_____
The Honorable Dale S. Fischer
United States District Judge

4